UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Alexander Mashinsky,<br><br>*Defendant.* | **Protective Order**<br><br>**23 Cr. 347** |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

## Categories

1. **Disclosure Material.** The Government will make disclosure to the defendant and to defendant's counsel in this case of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be produced with more limited redactions than would otherwise be necessary; and (v) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sealed Material.** Certain of the Government's Disclosure Material, referred to

herein as "Sealed Material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, or information that may reveal trade secrets or other information that may cause financial loss or other harm to a business entity.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

## Disclosure and Treatment

1. With the exception of publicly available documents and documents contained in the defendant's own electronic devices and accounts, and without limiting the defendant's rights under the United States Constitution or the Federal Rules of Criminal Procedure other than as expressly set forth in this Order, Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site such as Facebook or Twitter, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

2. Sealed Material pertinent to any motion before the Court shall initially be filed under seal, absent consent of the Government or Order of the Court, and may be disclosed by defense counsel to the following individuals (hereinafter "Designated Persons"):

    a. The defendant;

    b. Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action, including investigative, secretarial, clerical, paralegal, and student personnel employed full-time or part-time by defense counsel;

   c. Expert witnesses (whether testifying or non-testifying), investigators, advisors, consultants, and vendors retained or consulted by defendant and/or his counsel in connection with this action;

   d. Prospective witnesses and their counsel for purposes of defending this action;

   e. Co-counsel and co-defendants in this case with whom a joint defense or common interest agreement exists, subject to Section 8 below; and

   f. Such other persons as hereafter may be authorized by agreement, in writing, of the parties or by the Court upon defendant's motion.

## Other Provisions

3. This Order does not prevent the disclosure of any Disclosure Material in any motion, hearing, or trial held in this action, or to any judge or magistrate judge, for purposes of this action but shall not be disclosed or used in any form in any other civil litigation, arbitration, or other private or alternative dispute resolution, except as set forth in Section 10 below. All filings shall comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions referencing sealing of certain Disclosure Material.

4. The Government's designation of material will be controlling absent contrary order of the Court. However, the Government may authorize, in writing, disclosure by the defense of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

5. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All

such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

6. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

7. This Order places no restriction on a defendant's use or disclosure of ESI or other Disclosure Material that originally belonged to the defendant.

8. Disclosure Material may not be shared with any named defendant who has not yet been apprehended in this action or any such defendant's counsel.

9. The defense shall not provide any Disclosure Material to any foreign persons or entities, except Designated Persons or if the Court authorizes such disclosure on a case-by-case basis.

10. Disclosure Material provided to the defense may also be used in 1:23-cv-6008; 1:23-cv-6009; 1:23-cv-6005l; NYSCEF 450050/2023, provided that such use is consistent

with the restrictions set forth above for Sealed Material.

11. This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.

### Retention of Jurisdiction

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____   Date: August 7, 2023
Allison Nichols
Adam Hobson
Noah Solowiejczyk
Assistant United States Attorneys


_____   Date: 8/7/23
Marc Mukasey
Robert Frenchman
Torrey Young
Counsel for Alexander Mashinsky


SO ORDERED:

Dated: New York, New York
       August ___, 2023


_____
THE HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE