NA3fMASc

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                         23 Cr. 347 (JGK)

ALEXANDER MASHINSKY,

                Defendant.
                                       Conference
------------------------------x

                                       New York, N.Y.
                                       October 3, 2023
                                       11:00 a.m.

Before:

                HON. JOHN G. KOELTL,

                                       District Judge

                      APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
BY:  ALLISON C. NICHOLS
     ADAM S. HOBSON
     Assistant United States Attorneys

BENJAMIN R. ALLIE
ROBERT S. FRENCHMAN
MARK L. MUKASEY
MICHAEL WESTFAL
     Attorneys for Defendant
```

1             (Case called; appearances noted)
2             THE COURT:  Good morning.  Where are we?
3             MR. HOBSON:  Your Honor, the government has made
4    document productions on August 8, 19, and September 14.  With
5    that most recent document production, discovery is now
6    complete.
7             The parties have also discussed the proposed trial
8    schedule, and we were going to jointly request that the Court
9    set a trial date for some time in September 2024, if that is
10   convenient for the Court.
11            The government estimates approximately three weeks for
12   its case in chief.
13            THE COURT:  Why so long?
14            MR. HOBSON:  Because of the number of witnesses, the
15   number.
16            THE COURT:  No.  Why so long for the trial date?
17            MR. HOBSON:  So long away?  So far into the future?
18            THE COURT:  Yeah.
19            MR. HOBSON:  We understand that defense counsel has a
20   trial in April that prevents it from being sooner.
21            THE COURT:  Okay.
22            Does the defense want to be heard?
23            MR. FRENCHMAN:  Yes, your Honor.  It's about two
24   terabytes of discovery, which is it quite a bit.  Some of it
25   has just very recently been processed.  We need a lot of time

1  to review it, obviously.
2           As Mr. Hobson said, we have a trial set in April in
3  the Eastern District of Pennsylvania.  We also have trials that
4  our firm is involved in in this district in October and a
5  sentencing in November, so we think after Labor Day makes sense
6  for a trial.
7           THE COURT:  Okay.
8           Do you have any thoughts about defense motions?
9           MR. FRENCHMAN:  Yes.
10          We're contemplating at least one motion that will go
11 to the sufficiency of the counts.  There may be others, and as
12 I said, we have just processed the last batch of discovery that
13 we're going through, so we conferred with the government before
14 this conference, and we think the end of January makes sense
15 for a deadline for the filing of motions.
16          THE COURT:  What do you mean by a motion with respect
17 to the sufficiency of the counts?
18          MR. FRENCHMAN:  As you may know, the law on what's a
19 security in this context is fluid, and so we're evaluating that
20 as one potential motion.  We're going to be looking at the
21 returns versus the warrants to see if everything was in scope.
22 That's another potential motion.
23          And we're still reviewing discovery, so I don't want
24 to --
25          THE COURT:  I'm not attempting to hold you.

1             MR. FRENCHMAN:  I don't want to.

2             THE COURT:  I'm not.  I'm not closing you off.

3             At this point, do you foresee any date for an

4    evidentiary hearing on the motions?

5             MR. FRENCHMAN:  I don't think we will need that.

6             THE COURT:  Okay.

7             Motions due January 12, 2024; responses, January 26;

8    replies, February 2; conference, March 14 at 10 a.m.; trial,

9    September 17, 2024, at 9 a.m.; notification of 404(b) evidence,

10   May 17, 2024; request to charge, voir dire requests, motions in

11   limine, June 7, 2024; responses and replies, June 21, 2024;

12   pretrial conference, July 12, 2024, at 10 a.m.; final pretrial

13   conference, September 11 at 10:30 a.m.

14            Is that schedule satisfactory with everyone?

15            MR. HOBSON:  Yes, your Honor.

16            MR. FRENCHMAN:  Yes, your Honor.

17            THE COURT:  Okay.

18            Note that the trial date is a firm trial date, so you

19   should all arrange your calendars and notify any other judges

20   that you've assured me that you're all available on

21   September 17, 2024, 9 a.m. for a trial of possibly three weeks.

22            I'll exclude, prospectively, the time from today until

23   September 17, 2024.

24            A continuance is designed to assure effective

25   assistance of counsel.  It's required because of the complexity

1   of the case.  It's required in order to accommodate trial
2   schedules and thus assure effective assistance of counsel.
3              The Court finds that the ends of justice served by
4   ordering the continuance outweigh the best interest of the
5   public and the defendant in a speedy trial.  This order of
6   exclusion is made pursuant to 18, U.S.C. Section
7   3161(h)(7)(A).
8              Anything further?
9              MR. HOBSON:  No, your Honor.
10             MR. FRENCHMAN:  Nothing further from the defense.
11             THE COURT:  Okay.
12             Good to see you all.
13             If there are any issues that come up, just send me a
14  letter.
15             Thank you all.
16             (Adjourned)