O2KQmasC

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x
     UNITED STATES OF AMERICA
3
              v.                              23 CR 347 (JGK)
4
     ALEXANDER MASHINSKY
5
              Defendant
6    ------------------------------x

7                                        New York, N.Y.
                                         February 20, 2024
8                                        12:00 p.m.

9
     Before:
10
                         HON. JOHN G. KOELTL
11                                       District Judge

12
                              APPEARANCES
13
     DAMIAN WILLIAMS
14        United States Attorney for the
          Southern District of New York
15   ALLISON NICHOLS
          Assistant United States Attorney
16
     MUKASEY YOUNG LLP
17        Attorneys for Defendant
     MARC L. MUKASEY
18   TORREY K. YOUNG
     MICHAEL F. WESTFAL
19
     ALSO PRESENT:  BRANDON RACZ, FBI
20                  RICHARD PALMA, CJA Attorney

21

22

23

24

25

O2KQmasC

1           (In open court; case called)

2           DEPUTY CLERK:  All parties please state who they are

3    for the record.

4           MS. NICHOLS:  Allison Nichols for the government.

5    With me is Special Agent Brandon Racz of the FBI.

6           Good afternoon, your Honor.

7           MR. MUKASEY:  Good afternoon, Judge.

8           Marc Mukasey for the defendant, Alex Mashinsky, who is

9    seated to my left.

10          And to his left is my partner, Torrey Young, and our

11   colleague, Michael Westfal.

12          THE COURT:  Good afternoon all.

13          The reason that we are here is to hold a Curcio

14   hearing with respect to Mr. Mashinsky's representation by

15   Mr. Mukasey and Ms. Young.

16          So, Mr. Fletcher, please administer the oath to the

17   defendant.

18    ALEXANDER MASHINSKY, sworn.

19          DEPUTY CLERK:  Please state your name for the record.

20          THE DEFENDANT:  Alex Mashinsky.

21          THE COURT:  Mr. Mashinsky, do you understand that you

22   are now under oath, and that if you answer any of my questions

23   falsely, your false or untrue answers may later be used against

24   you in another prosecution for perjury or making a false

25   statement?

O2KQmasC

1          THE DEFENDANT:  I do.

2          THE COURT:  Let me begin with an explanation.  I said

3    at the outset that this is a Curcio hearing.  A defendant in a

4    criminal case has the right to be represented by a lawyer who

5    has absolutely no conflicts of interest.  And if a defendant

6    cannot pay the cost of such a lawyer, the defendant is entitled

7    to have counsel appointed for the defendant free of cost.  Do

8    you understand that?

9          THE DEFENDANT:  Yes, I do.

10          THE COURT:   In this particular case, the government

11    has alleged that there are possible conflicts of interest

12    between Mr. Mukasey and Ms. Young in representing you, while at

13    the same time they're representing Sam Bankman-Fried in another

14    criminal case.

15          The gist of what the government says are possible

16    conflicts of interest is that you are a founder of a company

17    called Celsius.  Mr. Bankman-Fried is the founder and owner of

18    a company called Alameda Research.  The interest of your

19    company, Celsius, may conflict with those of Alameda Research.

20    It may be that your company claims that it is a victim of

21    Alameda Research, and that as a result of that, your company

22    and you would be entitled to restitution from

23    Mr. Bankman-Fried.

24          In that connection, there have been lots of documents

25    produced in connection with the criminal case against

O2KQmasC

1    Mr. Bankman-Fried that are subject to some protective orders.

2    Mr. Mukasey and Ms. Young may be subject to those protective

3    orders so that the discovery produced in that case to them as

4    lawyers for Bankman-Fried may not be available to you in this

5    case.  The documents that have been produced may be subject to

6    different protective orders.

7            So it may be in general that the arguments that they

8    make on behalf of Mr. Bankman-Fried may be in conflict with

9    arguments that they would like to make on your behalf in this

10   case and they may feel constraints against making those

11   arguments on your behalf because of their continuing loyalty to

12   Mr. Bankman-Fried.  Do you understand all of that?

13           THE DEFENDANT:  I do.

14           THE COURT:  Do you have any questions about any of

15   that?  Do you have any questions?

16           THE DEFENDANT:  I don't have questions.  Again, this

17   is a first time in the court, it's not -- I'm not an expert in

18   this space, so ...

19           THE COURT:  Okay.  I just want to make sure that if I

20   say anything that raises a question in your mind and that you

21   would like to ask me, you just tell me, and you're certainly

22   welcome to consult with Mr. Mukasey and Ms. Young about

23   anything that I say.  Do you understand that?

24           THE DEFENDANT:  I do.

25           THE COURT:  Okay.  So I say all of this as background

O2KQmasC

1    to explain to you that you have a right to a lawyer with

2    absolutely no conflicts of interest and to give you some

3    background about why the government contends that there may be

4    a conflict of interest in Mr. Mukasey and Ms. Young

5    representing you in this case.  Do you follow that?

6              THE DEFENDANT:  Yes.

7              THE COURT:  I am now going to ask you some more

8    specific questions.  I am going to begin by making sure that

9    you are competent to understand the possible conflicts and to

10    waive, if you wish, any potential conflicts.

11              So tell me your name.

12              THE DEFENDANT:  Alex Mashinsky.

13              THE COURT:  And how old are you?

14              THE DEFENDANT:  59 years old.

15              THE COURT:  How far did you go in school?

16              THE DEFENDANT:  I attended college.

17              THE COURT:  Are you able to speak and understand

18    English?

19              THE DEFENDANT:  I do.

20              THE COURT:  Are you now or have you recently been

21    under the care of a doctor or a psychiatrist?

22              THE DEFENDANT:  I have a doctor, yes.

23              THE COURT:  Okay.  Are you seeing the doctor for any

24    conditions that may affect your ability to understand these

25    proceedings and to consult with your lawyer?

O2KQmasC

1              THE DEFENDANT:  No, I don't.

2              THE COURT:  Have you ever been treated or hospitalized

3    for any mental illness or any type of addiction?

4              THE DEFENDANT:  No, I have not.

5              THE COURT:  In the past 24 hours, have you taken any

6    drugs, medicine or pills?

7              THE DEFENDANT:  No, I don't.

8              THE COURT:  Is your mind clear today?

9              THE DEFENDANT:  I hope so, yes.

10             THE COURT:  Are you feeling all right today?

11             THE DEFENDANT:  Yes.

12             THE COURT:  Now, I have explained to you the general

13   outlines of what the government says may create a conflict of

14   interest between Mr. Mukasey and Ms. Young representing you in

15   this case while they are continuing to represent and have

16   represented Mr. Bankman-Fried in another case.

17             Do you understand that?

18             THE DEFENDANT:  Yes.

19             THE COURT:  Have you consulted with Mr. Mukasey and

20   Ms. Young about this possible conflict of interest?

21             THE DEFENDANT:  I did.

22             THE COURT:  I have explained to you the ways in which

23   they are representing Mr. Bankman-Fried may present a conflict

24   of interest.  One of the problems in trying ton understand

25   conflicts of interest is that it's impossible to foresee all of

O2KQmasC

1    the possible ways in which a conflict of interest may affect

2    you.  Do you understand?

3              THE DEFENDANT:  Yes.

4              THE COURT:  Could you tell me in your own words what

5    you understand to be the possible conflict of interest between

6    Mr. Mukasey and Ms. Young representing you in this case while

7    at the same time they're representing Mr. Bankman-Fried?

8              THE DEFENDANT:  Yeah.  My concerns are that I'm making

9    a big investment of time and of money to obviously prove my

10   innocence in my case, and that in some way the conflict of

11   interest may cause the Mukasey team not to be able to represent

12   me going forward.  That's my main concern.

13             I understand the potential for conflict of interest.

14   I don't think there is one, but I do have a concern about them

15   right before trial, for example, saying, sorry, we are

16   conflicted, and you have to go and seek new counsel.  So that's

17   my main concern.

18             THE COURT:  Okay.  Could you just explain a little

19   more why you think a conflict could arise?

20             THE DEFENDANT:  Because we can't foresee the future.

21   That's ...

22             THE COURT:  Okay.  They may think that they couldn't

23   make an argument on your behalf because it would conflict with

24   their representation of Mr. Bankman-Fried.

25             THE DEFENDANT:  I assume that his sentencing will be

O2KQmasC

1    completed before my trial, but it may not be.  So it's things

2    like that that are unforeseen, but ...

3              THE COURT:  Okay.  Are you prepared to waive any or

4    give up your right to object to Mr. Mukasey and Ms. Young

5    representing you in this case?

6              THE DEFENDANT:  So I considered the fact and I agreed

7    to waive my right.  I signed a waiver agreement.

8              THE COURT:  Okay.  Did anyone make any threats or

9    promises to you or give you any inducements to get you to waive

10   any possible conflicts that Mr. Mukasey and Ms. Young may have

11   in representing you in this case?

12             THE DEFENDANT:  No, I don't have any threats or

13   inducement.

14             THE COURT:  Do you understand that if you give up or

15   waive any possible conflict that Mr. Mukasey and Ms. Young have

16   in this case, you are giving up or waiving that conflict for

17   purposes of this case now and forever?  You are giving up that

18   right to object on the basis of any possible conflict today and

19   at all future times, including any appeals in this case.  So

20   you're making the decision now, and it applies throughout the

21   future.  Do you understand?

22             THE DEFENDANT:  I do.  I understand.

23             THE COURT:  Is there anything else that you want me to

24   explain to you?

25             THE DEFENDANT:  I can't think of anything.

O2KQmasC

1          THE COURT:  Okay.  Now, you have the right to be

2    represented by another lawyer, an independent lawyer, who has

3    no conflict, no interest other than yours, and to consult with

4    that lawyer before you finally make the decision to waive any

5    conflicts that Mr. Mukasey and Ms. Young have.  Have you

6    consulted with an independent lawyer?

7          THE DEFENDANT:  I did.

8          THE COURT:  Who is that lawyer?

9          THE DEFENDANT:  Sheryl Giugliano with Muscou and -- I

10   don't remember the full name of the firm, but it has the name

11   Muscou in it.

12         THE COURT:  Is Ms. Giugliano here?

13         THE DEFENDANT:  No, she's not.

14         THE COURT:  No.

15         THE DEFENDANT:  It's really her partner David who is

16   the criminal lawyer.

17         THE COURT:  Okay.  I want to give you the opportunity

18   to continue to consult with Ms. Giugliano or her partner, or if

19   you weren't consulting with another lawyer, I'd appoint another

20   lawyer to consult with you.

21         I am going to adjourn the proceeding to a convenient

22   time, because I want to make sure that you have had the

23   opportunity to consult with separate counsel.  And I want to

24   hear from separate counsel that they agree that this is a

25   possible conflict that can be waived and that you have

O2KQmasC

1    knowingly and voluntarily waived that.  I want to hear from

2    Mr. Mukasey and his colleague that they agree that they can

3    represent without you being influenced by any possible

4    conflict.  And I want to hear from the government that this is,

5    in fact, a waivable conflict.

6              So I'm going to adjourn the hearing to a convenient

7    time for everyone soon.  But before I do that, Mr. Mukasey, do

8    you think I should ask any other questions of the defendant at

9    this point?

10             MR. MUKASEY:  I don't think so, Judge.  We recommended

11   that Mr. Mashinsky speak to independent counsel.  I also want

12   to just put on the record that Ms. Young and I conferred with

13   our own firm's professional responsibility counsel concerning

14   the applicable Rules of Professional Responsibility and did

15   secure a written waiver from Mr. Mashinsky.  But proceeding in

16   an abundance of caution, your Honor's plan seems perfectly good

17   to us.

18             THE COURT:  Okay.  The government, first of all, do

19   you want me to ask any other questions of the defendant at this

20   point?

21             MS. NICHOLS:  No.  Thank you, your Honor.

22             THE COURT:  Does the government know of any reason

23   that this is not a waivable conflict or any basis to believe

24   that so far the defendant has not knowingly and voluntarily

25   waived any potential conflict?

O2KQmasC

1          MS. NICHOLS:  We do believe that the conflict is both

2     potential and waivable, your Honor.  And from what we are

3     hearing today, as well as my conversations with Mr. Mukasey and

4     Ms. Young ahead of today, we do believe that Mr. Mashinsky

5     understands, and that his waiver is knowing and voluntary.

6          THE COURT:  I certainly would like to complete the

7     proceeding soon, so sometime either later this week or the

8     beginning of next week.  And I will take a very brief break so

9     that Mr. Fletcher can consult with you on a mutually convenient

10    date.

11          (Recess)

12          MR. MUKASEY:  Judge, would it be okay if I gave a bit

13    of a status update?

14          THE COURT:  Yes, certainly.

15          MR. MUKASEY:  So just to backtrack a little bit,

16    Mr. Mashinsky had discussed with our firm going back to January

17    the potential conflict here in our representation of

18    Mr. Bankman-Fried, and the way that could potentially

19    hypothetically be adverse to him, and his right to

20    conflict-free counsel.  We obtained a written waiver from him

21    that he signed, I believe, January 4.

22          Since then, we've also advised him that -- again, that

23    he can and should speak to independent counsel.  I'm informed

24    that he spoke to independent counsel -- yesterday?

25          THE DEFENDANT:  Yes.

O2KQmasC

1          MR. MUKASEY:  -- within the last couple of days, I

2    think at a law firm called Ruskin, Moscou, Faltischek.  We

3    tried to reach the lawyer at that firm during the break and we

4    were unable to.  So he is not here.  However, Mr. Palma is

5    here, the CJA lawyer on duty, and we encourage Mr. Mashinsky,

6    if he wishes to continue that discussion, either with the

7    lawyer at the Moscou firm or with Mr. Palma, who I understand

8    is willing to do this today to move things along, but I -- we

9    want the Court and the client to be as comfortable and take as

10   much time as necessary.

11         THE COURT:  That's fine.  Thank you for the update.

12         Commonly, Mr. Mashinsky, in the course of a Curcio

13   hearing, a judge appoints the Criminal Justice Act attorney for

14   the day as independent Curcio counsel to consult with the

15   defendant.

16         It's not at all common to have the situation where a

17   defendant has already consulted with independent counsel.  So

18   you've consulted with independent counsel, and I am certainly

19   prepared to have you consult with the Criminal Justice Act

20   counsel for today just so that you've had the opportunity to

21   consult with independent counsel.  And you have told me already

22   that you had consulted with the Ruskin firm and were prepared

23   to waive any conflict going forward with Mr. Mukasey and

24   Ms. Young.

25         As I told you at the sort of what's known as the

O2KQmasC

1    second phase of the Curcio hearing, I listen to all of the

2    lawyers, including your independent counsel, to make sure that

3    you have been adequately advised, and that you wish to waive

4    any conflicts you have with Mr. Mukasey and Ms. Young.

5            So if you wish, I am perfectly prepared to have you

6    consult with the Criminal Justice Act counsel for today,

7    Mr. Palma, and then to come back later today after you've had

8    the opportunity to consult with Mr. Palma, and to listen if you

9    are still of the mind to waive any conflicts that Mr. Mukasey

10   and Ms. Young have.  Or we could put it off until you could get

11   your other independent counsel here and proceed then.  So if

12   you are prepared to consult with independent counsel,

13   Mr. Palma, that would be fine.  It's up to you.

14           THE DEFENDANT:  Thank you, your Honor.  I spent an

15   hour yesterday with David and Sheryl from Ruskin Moscou

16   Faltischek, and I did spend a few minutes with Mr. Palma before

17   the hearing today, and I'm comfortable that, you know, I was

18   advised of all the potential conflicts.  And so if your Honor

19   wishes me to spend more time with Mr. Palma, I'm happy to do

20   so.

21           THE COURT:  Yes.

22           So, Mr. Palma.

23           MR. PALMA:  Good afternoon, your Honor.

24           THE COURT:  Good afternoon.  I will appoint you under

25   the Criminal Justice Act to represent Mr. Mashinsky to consult

O2KQmasC

1    with him about whether he wishes to waive any conflicts that

2    Mr. Mukasey and Ms. Young have and then to resume this hearing

3    at 1:45 if that's okay.

4                MR. PALMA:  Certainly, your Honor.

5                With the Court's permission, could we use the jury

6    room?

7                THE COURT:  Absolutely.  Okay.  So we will adjourn

8    until 1:45.  Thank you all.

9                (Recess)

10               DEPUTY CLERK:  Continuation of United States v.

11   Alexander Mashinsky.

12               THE COURT:  The attorneys for the government,

13   Mr. Mukasey and Ms. Long are here with the defendant, and

14   Mr. Palma, whom I appointed as Curcio counsel, is also here.

15               Mr. Mashinsky, have you had an opportunity to consider

16   everything that we discussed this morning in connection with

17   the possible conflict of interest or potential conflict of

18   interest that Mr. Mukasey and Ms. Long have in representing

19   you?

20               THE DEFENDANT:  Yes, your Honor.

21               THE COURT:  Do you have any questions for me?

22               THE DEFENDANT:  No, your Honor.

23               THE COURT:  And have you had an opportunity to consult

24   with Mr. Palma about waiving any conflicts that Mr. Mukasey and

25   Ms. Long have?

O2KQmasC

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Are there any questions that you have for

3   me or anything that you'd like me to explain further?

4          THE DEFENDANT:  No, your Honor.

5          THE COURT:  After considering everything that we

6   discussed this morning, do you wish to proceed with Mr. Mukasey

7   and Ms. Long as your counsel?

8          MR. MUKASEY:  Just for the record, Judge, it's

9   Ms. Young.  Y-O-U-N-G.

10          THE COURT:  Ms. Young.

11          THE DEFENDANT:  Yes, your Honor.

12          THE COURT:  Do you wish to waive any potential

13   conflicts that Mr. Mukasey and Ms. Young have in representing

14   you?

15          THE DEFENDANT:  I think I signed the waiver already,

16   so I'm standing by my waiver.

17          THE COURT:  Okay.  Do you understand that by waiving

18   any potential conflict you're waiving it for now and in the

19   future, including any appeals in this case?

20          THE DEFENDANT:  I do, your Honor.

21          THE COURT:  Okay.  Mr. Palma, have you had the

22   opportunity to consult with Mr. Mashinsky?

23          MR. PALMA:  Yes, I have, and I believe he fully

24   understands actual conflicts of interest and potential

25   conflicts of interest, and we discussed the potential conflicts

O2KQmasC

1    of interest in this case, and he fully understands that that is

2    a waivable conflict.  He's prepared to explain it to you.

3            THE COURT:  Based on your discussion, is it your

4    conclusion that he can knowingly and voluntarily waive any of

5    the potential conflicts?

6            MR. PALMA:  Yes, your Honor.

7            THE COURT:  Okay.

8            Mr. Mukasey, are you confident that you can proceed

9    with the representation of Mr. Mashinsky without any

10   interference from any potential conflicts with your

11   representation of Mr. Bankman-Fried?

12           MR. MUKASEY:  I believe we can fulfill our

13   constitutional obligation to Mr. Mashinsky while respecting our

14   obligations to both clients under the Professional Rules of

15   Responsibility.

16           THE COURT:  Okay.

17           Ms. Young, are you confident that you can represent

18   Mr. Mashinsky without any interference from any potential

19   conflicts with your representation with Mr. Bankman-Fried?

20           MS. YOUNG:  Yes, your Honor.

21           THE COURT:  Does the government think that the

22   defendant can waive any potential conflicts that Mr. Mukasey

23   and Ms. Young have in representing Mr. Mashinsky from their

24   representation of Mr. Bankman-Fried?

25           MS. NICHOLS:  We do.

O2KQmasC

```
1          THE COURT:  Okay.  Thank you.  I find that any
2    conflict that Mr. Mukasey and Ms. Young have from representing
3    Mr. Bankman-Fried is only a potential conflict; that it is
4    waivable, and that Mr. Mashinsky has knowingly and voluntarily
5    waived any such conflict.
6          Anything further?
7          MS. NICHOLS:  Yes, your Honor.  The government has an
8    application with respect to the trial schedule in this case,
9    which we have talked with defense counsel about ahead of today.
10         THE COURT:  I should say, Mr. Palma, you're excused.
11   Thank you for your representation.
12         MR. PALMA:  Thank you very much, your Honor.
13         MS. NICHOLS:  Thank you, your Honor.
14         So the government and defense counsel have talked in
15   advance of the conference today, and the government wishes to
16   put a proposal before the Court for your consideration.  The
17   issue, your Honor, is that I expect to be out on maternity
18   leave during the trial in this case.  So we discussed with
19   defense counsel the possibility of a brief adjournment and
20   looking to a trial date in early 2025.  I, of course, don't
21   know the Court's schedule, but the parties had contemplated
22   perhaps something in late January or early February.  As I
23   said, the defense consents under the Speedy Trial Act.  And I
24   think that under that Act, this adjournment is in the interest
25   of justice and outweighs the defendant's right in a speedy
```

O2KQmasC

1    trial for a few reasons that I'd be happy to proffer.

2          The first is, of course, as I mentioned, the

3    continuity of government counsel, which is one factor that the

4    Court can consider.  I think the other factors that are very

5    relevant here largely pertain to the complexity of this case.

6    I think the additional time would be in the interest of -- I

7    won't speak for defense counsel, but -- certainly both parties

8    in continuing to prepare for trial, to ensure an efficient

9    presentation of the evidence and an efficient proceeding of the

10   trial.

11         I think the discovery in this case, as we have

12   discussed with the Court already, is extremely voluminous in

13   this case and somewhat complicated.  Defense counsel and the

14   government have, in the months since we were last before your

15   Honor, had a number of discussions and back and forth about the

16   discovery that the government has produced.  You know, I would

17   like to add that these conversations have been, from my

18   perspective, certainly extremely collaborative and collegial,

19   and we are working together to try to resolve some of the -- I

20   don't know if they're issues, but I think there are things that

21   have come up with respect to the metadata in the discovery

22   that, you know, defense counsel is seeing one thing and want to

23   understand how the government is processing the discovery

24   material and what metadata the government has available to it,

25   and these kinds of back-and-forth require consultation with

O2KQmasC

1    each of our respective IT personnel and vendors.

2            So I think that is essentially what I have for the

3    Court, your Honor.

4            THE COURT:  Mr. Mukasey?

5            MR. MUKASEY:  Judge, we don't oppose the government's

6    application, and we echo the amicable collaborative nature,

7    and, frankly, the complexity of the discovery in this case.  We

8    have discussed with our client the government's request for an

9    adjournment of a couple of months.  We've hashed it out with

10   him, discussed with him pros and cons, and, as I say, we do not

11   oppose the government's application.

12           THE COURT:  The trial is scheduled for September,

13   right?

14           MS. NICHOLS:  Yes, your Honor.

15           THE COURT:  Well, it's a four-month adjournment.  It's

16   not a couple of months.

17           Mr. Mukasey, when you say that the defendant does not

18   oppose, does that mean that the defense supports an

19   adjournment; that the defense thinks that the adjournment is --

20   that the continuance is necessary in the interest of justice or

21   simply that the defense is prepared to live with it?

22           MR. MUKASEY:  I do so believe that it is in the

23   interest of justice, and I can be perhaps more precise and say

24   we join in the application.  We consent to their application

25   and think that the interests of justice outweigh for the

O2KQmasC

1  reasons Ms. Nichols stated the interest of the Court and the

2  public in a speedy trial.

3         THE COURT:  Mr. Fletcher?

4         What's the estimate with respect to the length of

5  trial?

6         MS. NICHOLS:  The government anticipates three weeks

7  for its case in chief, your Honor.

8         THE COURT:  All right.  I'll adjourn the case until

9  January 28, 2025 at 9:00 a.m.  I am doing it on the

10  representations of counsel.  First of all, continuity of

11  counsel is important, both for the government, as well as for

12  the defense.  I would grant it equally, but there is no

13  application that it's necessary for defense counsel, but there

14  is an application that it is necessary for government counsel.

15  The case is plainly complicated.  There is extensive discovery.

16  I accept the representations of counsel that the discovery is

17  voluminous, complicated, and that both sides agree that a

18  continuance is warranted based upon the complexity of the

19  evidence and the need to understand it.  So I will adjourn the

20  trial date until January 28, 2025.  The Court finds that the

21  continuance is necessary to assure effective assistance of

22  counsel, and because of the complexity of the case, the Court

23  finds that the ends of justice served by ordering the

24  continuance outweigh the best interest of the defendant and the

25  public in a speedy trial.  This order of exclusion is made

O2KQmasC

1    pursuant to 18 U.S.C. Section 3161(h)(7)(A).

2            I also know that there is a motion to dismiss that is

3    pending, and at that some point I will hear argument on that

4    motion to dismiss.

5            Okay.  Anything further?

6            MS. NICHOLS:  Nothing for the government, your Honor.

7            MR. MUKASEY:  Nothing for the defense.  Thank you,

8    Judge.

9            THE COURT:  Okay.  Good afternoon all.

10           (Adjourned)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25