UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALEXANDER MASHINSKY and RONI COHEN-PAVON,<br><br>Defendants. | Case No. 23 Cr. 347 (JGK) |

**DECLARATION OF MICHAEL F. WESTFAL IN SUPPORT OF ALEXANDER MASHINSKY'S MOTION TO PRESERVE THE TESTIMONY OF MATERIAL WITNESSES RESIDING OUTSIDE THE UNITED STATES**

Pursuant to 28 U.S.C. § 1746, I, Michael F. Westfal, declare as follows:

1. I am an attorney admitted to practice before this Court and counsel with the law firm Mukasey Young LLP.

2. I am a counsel of record for Defendant Alexander Mashinsky in the above-captioned action.

3. I submit this declaration in support of Mr. Mashinsky's motion to take Rule 15 depositions of five material witnesses who are unavailable to testify at trial, and to serve a trial subpoena on a sixth witness who is a dual United States-Israeli citizen and resides in Israel ("Motion").

4. Pursuant to Local Criminal Rule 16.1, undersigned counsel certifies that: (i) my colleagues and I have conferred with counsel for the government in a good faith effort to resolve the issues raised in Mr. Mashinsky's motion without intervention of the Court, and (ii) the parties have been unable to reach agreement.

**Efforts to Obtain Clarity from the Government on Manipulation Counts**

5. On or about January 8, 2024, my colleagues and I spoke with the attorneys of record for the government to seek clarity on the scope of the market manipulation charges in Counts Four through Seven of the indictment.

6. It is my colleagues and my understanding from that conversation that it is the government's view that all CEL token purchases executed by *Celsius* during the indictment period are included in the charges against *Mr. Mashinsky*.

**Efforts to Speak With Proposed Witnesses and Produce Them At Trial**

7. A search of my firm's electronic database hosting the Rule 16 discovery produced to date in this matter reflects that the government has produced more than 5 million pages of documents to the defense, including approximately 700,000 pages produced as recently as May 16, 2024. The Rule 16 discovery produced to the defense by the government also includes approximately 1,415 video files. A search of my firm's electronic database in this matter also reflects that the government has produced approximately 172,000 documents from the custodial files of the six witnesses discussed in the Motion.

8. Over the past several months, my colleagues and I have made good faith efforts to contact and speak with dozens of witnesses who we view as material to Mr. Mashinsky's defense. This includes repeated efforts to contact and produce at trial the six witnesses who are the subjects of this Motion.

    **9.** **Roni Cohen-Pavon**

    a. Based on documents I have reviewed in the Rule 16 discovery, I understand that Mr. Cohen-Pavon is an Israeli citizen and an attorney who currently resides in Israel. On or

about August 1, 2024, I contacted Mr. Cohen-Pavon's New York-based counsel by email to ask for an interview as part of our preparation for trial.

    b.    On August 12, 2024, I informed Mr. Cohen-Pavon's counsel by email that our firm was contemplating a Rule 15 motion on behalf of Mr. Mashinsky, and I asked if Mr. Cohen-Pavon was: (1) willing to accept service of a trial subpoena to testify in the defense case in the event he is called by the government; (2) willing to travel to the United States to testify at trial during the defense case in the event he is not called by the government; and (3) willing to sit for a deposition in Israel so that we can obtain his testimony prior to trial.

    c.    On or about August 28, 2024, my colleagues and I spoke with Mr. Cohen-Pavon's counsel by phone. I understand from that call that Mr. Cohen-Pavon is willing to remain in the United States and testify in the defense case if he is called by the government; however, if Mr. Cohen-Pavon is not called to testify in the government's case, he is not willing to come to the United States to testify in the defense case, and he is not willing to sit for a deposition in Israel.

    **10.**    **Daniel Leon**

    a.    Based on documents I have reviewed in the Rule 16 discovery, I understand that Mr. Leon is a dual United States-Israeli citizen who currently resides in Israel. I understand that Mr. Leon is the holder of a United States passport. On or about August 1, 2024, I contacted Mr. Leon's New York-based counsel by email to ask for an interview as part of our preparation for trial.

    b.    One week later, I informed Mr. Leon's counsel by email that our firm was contemplating a Rule 15 motion on behalf of Mr. Mashinsky, and I asked if Mr. Leon was willing to come to the United States to testify at trial during the defense case. I also asked if Mr. Leon was willing to sit for a deposition in Israel so that we can obtain his testimony prior to trial.

c.  On or about August 12, 2024, Mr. Leon's counsel responded that he is not making Mr. Leon available for an interview. Mr. Leon's counsel also confirmed that Mr. Leon "(1) is not willing to return to the United States to testify at Mr. Mashinsky's trial as part of the defense case; and (2) is not willing to sit for a deposition in Israel to provide pre-trial testimony."

11. **Johannes Treutler**

a.  Based on documents I have reviewed in the Rule 16 discovery, I understand that Mr. Treutler is a German citizen who currently resides in Germany. On or about June 10, 2024, one of my colleagues contacted Mr. Treutler's New York-based counsel by email to ask for an interview as part of our preparation for trial. Mr. Treutler's counsel declined.

b.  On or about August 5, 2024, my colleague informed Mr. Treutler's counsel that our firm was contemplating a Rule 15 motion on behalf of Mr. Mashinsky. My colleague asked if Mr. Treutler was willing to come to the United States to testify at trial during the defense case, and if Mr. Treutler was willing to sit for a deposition in Germany so that we can obtain his testimony prior to trial. On or about August 5, 2024, Mr. Treutler's counsel confirmed that, "Mr. Treutler does not consent to your proposals."

12. **Ron Sabo**

a.  I understand that Mr. Sabo is an Israeli citizen whose last known residence is in the Netherlands. I understand Mr. Sabo to have a phone number with the Netherlands country code. On or about June 20, 2024, my colleague was contacted by email by Mr. Sabo's Los Angeles-based counsel. On or about June 25, 2024, my colleague and I spoke with Mr. Sabo's counsel by phone and understand from that conversation that the government had informed Mr. Sabo's counsel that Mr. Sabo was at one point a subject of its investigation.

4

  b. On or about July 18, 2024, I spoke with another of Mr. Sabo's counsel by phone and explained that we were contemplating filing a Rule 15 motion to obtain Mr. Sabo's deposition testimony in advance of trial.

  c. On July 30, 2024, my colleague and I spoke again with Mr. Sabo's counsel by phone. I understand from that call that Mr. Sabo is not willing to participate in a trial prep interview with the defense, nor is he willing to come to the United States to testify as part of the defense case. We asked Mr. Sabo's counsel on that call if he could confirm Mr. Sabo's country of residence. I understand from Mr. Sabo's counsel's response that he would have to check if he could provide that information to us.

  d. On or about August 1, 2024, Mr. Sabo's counsel emailed me and my colleague to inform us that, "[a]t this time, we are unable to provide any further information about our client." I responded to that email to confirm that Mr. Sabo is not willing to come to the United States to testify at trial and that he was not willing to sit for a video deposition in his country of residence. Mr. Sabo's counsel confirmed that both of these points were correct.

  **13.** **Yaron Shalem**

  a. Based on documents I have reviewed in the Rule 16 discovery, I understand that Mr. Shalem is an Israeli citizen who currently resides in Israel. On or about February 28, 2024, I contacted Mr. Shalem by email to ask for an interview as part of our preparation for trial.

  b. On or about August 1, 2024, I informed Mr. Shalem by email that our firm was contemplating a motion seeking the court's permission to obtain the testimony of witnesses who are located outside the United States. I asked Mr. Shalem in that email if he was willing to come to the United States to testify at trial during the defense case. I also asked if he was willing to sit for a video deposition in Israel so that we can obtain his testimony prior to trial.

  c. On or about August 27, 2024, I sent Mr. Shalem another email informing him that our firm would be filing a motion seeking the court's permission to obtain the testimony of witnesses who are not willing to travel to the United States to testify at Mr. Mashinsky's trial. I asked Mr. Shalem to inform our firm by September 3, 2024 whether he was willing to come to the United States to testify as part of the defense case, and whether he was willing to sit for a deposition in Israel.

  d. I am not aware of Mr. Shalem having responded to any of my messages.

**14.** **Yarden Noy**

  a. Based on documents I have reviewed in the Rule 16 discovery, I understand that Mr. Noy is an Israeli citizen and an attorney who currently resides in the Israel. On or about April 17, 2024, I contacted Mr. Noy to ask for an interview as part of our preparation for trial. I am not aware of Mr. Noy having responded to that message.

  b. On or about August 1, 2024, I contacted Mr. Noy by email and asked again if he would be willing to speak with us as part of our trial preparation. Mr. Noy responded requesting more time.

  c. On or about August 12, 2024, I contacted Mr. Noy by email to ask for a status update. I followed up by email on or about August 19, 2024 and informed Mr. Noy that our firm was contemplating a motion seeking the court's permission to obtain the testimony of unavailable witnesses who are located outside the United States. I asked Mr. Noy in that email if he was willing to come to the United States to testify at trial during the defense case. I also asked if he was willing to sit for a video deposition in Israel so that we can obtain his testimony prior to trial.

  d. Mr. Noy responded on or about August 27, 2024 to inform us that he was still looking for legal representation and would respond to our requests as soon as possible. Later that day, I informed Mr. Noy that our firm was planning to file our motion with the court the following week, and I again asked Mr. Noy to confirm whether he was willing to come to the United States to testify or to sit for a deposition in Israel. I asked Mr. Noy to provide his response on these two points by Tuesday September 3, and I offered to discuss the requests with Mr. Noy or his attorney if they had any questions for us.

  e. I am not aware of having received a response from Mr. Noy.

**Efforts to Meet and Confer with the Government**

  15. On or about July 15, 2024, my colleagues and I held a telephonic meet-and-confer with attorneys of record for the government in a good faith effort to obtain the government's support for this Motion.

  16. The following day, on or about July 16, 2024, I emailed the same government attorneys and asked that they "[p]lease let us know the government's position on a defense motion to take the depositions" of the six witnesses who are subject of this Motion, along with one other potential witness.

  17. On or about July 24, 2024, the government attorneys responded to our email and stated in part that, "it's difficult to evaluate in the abstract without knowing your basis for believing that these witnesses are unavailable at trial, and without knowing why you view them as material." They also commented that, "I think you know that Roni Cohen-Pavon pled guilty pursuant to a cooperation agreement, and we expect him to be available to testify at trial." The attorneys for the government then asked if the defense had been in contact with the witnesses "to

confirm both their unavailability to testify in person, and their willingness to testify by deposition. Answers to those questions might moot the issue for some or all of these witnesses."

18. After confirming the unavailability of each of the witnesses, as described above, I emailed the attorneys for the government on or about August 20, 2024 to ask for a call to discuss the Rule 15 depositions. On or about Friday August 23, 2024, my colleagues and I held a telephonic meet-and-confer during which we described our efforts to produce the six witnesses at trial.

19. During that telephone call, I explained that the purpose of the meet-and-confer was to provide the defense's understanding of the documentary evidence that we had identified in the Rule 16 discovery to date, in an effort to obtain the government's support for Mr. Mashinsky's Motion. I explained to the attorneys for the government the basis for the defense's view that each of the six witnesses is unavailable to the defense. I did not understand the attorneys for the government to raise any objections as to the unavailability of five of the witnesses during the meet-and-confer. As to Mr. Cohen-Pavon, I understand that the government expects Mr. Cohen-Pavon to testify. I explained on the call that because we have no assurance that will be the case, the defense needs to preserve Mr. Mashinsky's ability to obtain testimony that is material to his defense. I do not recall the attorneys for the government responding to the defense's view that Mr. Cohen-Pavon is an unavailable witness.

20. Following this discussion of unavailability, I then spent approximately 40 minutes describing the basis for the defense's view that each of the six witnesses is material to Mr. Mashinsky's defense. This included descriptions of many of the same documents that are described in the Motion. I do not recall the attorneys for the government asking any questions

during those 40 minutes, nor did they provide any response to our views on the materiality of the witnesses.

21. During this meet-and-confer, I asked that the attorneys for the government provide the government's position on Mr. Mashinsky's Motion by Tuesday September 3, 2024. On or about Wednesday September 4, 2024, I sent a follow up email to the attorneys for the government asking for the government's position regarding our Rule 15 motion. That evening, the attorney for the government responded that, "we have conferred here and considered the arguments you made, but we just don't think these individuals meet the high standard necessary for having trial testimony by deposition. We will be opposing the motion. Thank you for giving us the time to consider."

*Pimentel* **Letter**

22. On or about July 26, 2024, the government provided defense counsel with a *Pimentel* letter setting out "the current position of the United States Attorney's Office for the Southern District of New York (the "Office") regarding the application of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") to defendant Alexander Mashinsky (the "defendant") in this case." That letter stated the government "currently believes" that, if Mr. Mashinsky were to be convicted at trial, "the applicable guideline term of imprisonment is 115 years' imprisonment."

**Exhibits Cited in Motion**

23. Attached as Exhibit 1 is a copy of a letter that the defense received from the government on February 8, 2024.

24. Attached as Exhibit 2 is an excerpt of a WhatsApp conversation dated November 22, 2019.

25. Attached as Exhibit 3 is a copy of a November 23, 2019 email stamped as SDNY_R01_03191812.

26. Attached as Exhibit 4 is a copy of a December 5, 2019 email stamped as SDNY_R01_02603121.

27. Attached as Exhibit 5 is a copy of a December 11, 2019 email stamped as SDNY_R01_03232898.

28. Attached as 6 is an excerpt of a February 13, 2020 document stamped as SDNY_R01_00374016.

29. Attached as Exhibit 7 is a copy of a February 11, 2020 email stamped as SDNY_R01_03315937.

30. Attached as Exhibit 8 an excerpt of an April 28, 2020 document stamped as SDNY_R01_00375002.

31. Attached as Exhibit 9 an excerpt of a document stamped as SDNY_R01_02608565.

32. Attached as Exhibit 10 is a copy of a November 3, 2020 email stamped as SDNY_R01_00088945.

33. Attached as Exhibit 11 is a copy of an October 31, 2020 email stamped as SDNY_R01_02494926.

34. Attached as Exhibit 12 is a copy of an April 9, 2021 email stamped as SDNY_R01_01864468.

35. Attached as Exhibit 13 is a copy of a January 10, 2021 email stamped as SDNY_R01_00330429.

36. Attached as Exhibit 14 is an excerpt of a June 29, 2021 document stamped as SDNY_R01_00376962.

37. Attached as Exhibit 15 is a copy of a May 4, 2021 email stamped as SDNY_R01_00148324.

38. Attached as Exhibit 16 is a copy of a December 2, 2021 email stamped as SDNY_R01_03307400.

39. Attached as Exhibit 17 is a copy of an April 25, 2022 email stamped as SDNY_R01_00149370.

40. Attached as Exhibit 18 is a copy of a March 24, 2022 email stamped as SDNY_R01_02502763.

41. Attached as Exhibit 19 is a copy of a March 21, 2021 email stamped as SDNY_R01_01937963.

42. Attached as Exhibit 20 is a copy of an April 29, 2021 calendar invitation stamped as SDNY_R01_03587289.

43. Attached as Exhibit 21 are excerpts of a WhatsApp conversation stamped as SDNY_R01_03411138.

44. Attached as Exhibit 22 is an October 30, 2021 WhatsApp conversation stamped as SDNY_R01_02600140.

45. Attached as Exhibit 23 is a copy of an April 7, 2020 document stamped as SDNY_R01_00025039.

46. Attached as Exhibit 24 are excerpts of a WhatsApp conversation.

47. Attached as Exhibit 25 are excerpts of a WhatsApp conversation stamped as SDNY_R01_03377239.

48. Attached as Exhibit 26 is a copy of a September 27, 2021 email stamped as SDNY_R01_01454872.

49. Attached as Exhibit 27 is a copy of an April 13, 2022 WhatsApp conversation stamped as SDNY_R01_00054834.

50. Attached as Exhibit 28 is a copy of an April 16, 2022 email stamped as SDNY_R01_03302212.

51. Attached as Exhibit 29 is an excerpt of an April 5, 2022 document stamped as SDNY_R01_03001698.

52. Attached as Exhibit 30 is a draft translation of a January 21, 2021 WhatsApp conversation stamped as SDNY_R01_03426050.

53. Attached as Exhibit 31 is a draft translation of a July 3, 2021 WhatsApp conversation stamped as SDNY_R01_03427040.

54. Attached as Exhibit 32 is a draft translation of an October 28, 2021 WhatsApp conversation stamped as SDNY_R01_03426142.

55. Attached as Exhibit 33 is a draft translation of a June 30, 2020 WhatsApp conversation stamped as SDNY_R01_03425008.

56. Attached as Exhibit 34 is a draft translation of an April 9, 2022 WhatsApp conversation stamped as SDNY_R01_03201550.

57. Attached as Exhibit 35 is a draft translation of a September 28, 2021 WhatsApp conversation stamped as SDNY_R01_03427499.

58. Attached as Exhibit 36 is a copy of a January 22, 2022 email stamped as SDNY_R01_01861778.

59. Attached as Exhibit 37 is an excerpt of a document stamped as SDNY_R01_03276651.

60. Attached as Exhibit 38 is a copy of a March 21, 2021 email stamped as SDNY_R01_01426839.

61. Attached as Exhibit 39 is a copy of a March 25, 2021 email stamped as SDNY_R01_01477374.

62. Attached as Exhibit 40 is a copy of an October 10, 2021 email stamped as SDNY_R01_01386150.

63. Attached as Exhibit 41 is a copy of a September 27, 2021 email stamped as SDNY_R01_01386724.

64. Attached as Exhibit 42 is a copy of a September 26, 2021 email stamped as SDNY_R01_01454894.

65. Attached as Exhibit 43 is an excerpt of a September 28, 2021 document stamped as SDNY_R01_00377964.

66. Attached as Exhibit 44 is an excerpt of a July 27, 2021 document stamped as SDNY_R01_00376666.

67. Attached as Exhibit 45 is an excerpt of a September 14, 2021 document stamped as SDNY_R01_00378028.

68. Attached as Exhibit 46 is a copy of a November 29, 2021 email stamped as SDNY_R01_02609123.

69. Attached as Exhibit 47 is a copy of a document stamped as SDNY_R02_00000286.

70. Attached as Exhibit 48 is a copy of a document stamped as SDNY_R02_00000173.

71. Attached as Exhibit 49 is a copy of a document stamped as SDNY_R02_00000117.

72. Attached as Exhibit 50 is a copy of a June 28, 2021 email stamped as SDNY_R01_00043517.

73. Attached as Exhibit 51 is a copy of an October 16, 2021 email stamped as SDNY_R01_00148371.

74. Attached as Exhibit 52 is a copy of a November 25, 2021 email stamped as SDNY_R01_00043577.

75. Attached as Exhibit 53 is a copy of a document stamped as SDNY_R02_00000123.

76. Attached as Exhibit 54 is a copy of a May 25, 2022 email stamped as SDNY_R01_02609121.

77. Attached as Exhibit 55 is a copy of a November 12, 2019 email stamped as SDNY_R01_03037804.

78. Attached as Exhibit 56 is an excerpt of a November 2, 2021 document stamped as SDNY_R01_00377469.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York  
       September 14, 2024

/s/ Michael F. Westfal  
Michael F. Westfal

MUKASEY YOUNG LLP  
570 Lexington Avenue, Suite 3500  
New York, New York 10022  
Tel: (212) 466-6400  
michael.westfal@mukaseylaw.com

*Counsel for Defendant Alexander Mashinsky*