UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                        :

UNITED STATES OF AMERICA         :

                                          :

          - v. -              :               23 Cr. 347 (JGK)

                                          :

ALEXANDER MASHINSKY,        :

                                          :

              Defendant.     :

                                          :

------------------------------------------------------x

**THE GOVERNMENT'S REQUESTS TO CHARGE**

 

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Adam S. Hobson
Allison Nichols
Peter J. Davis
Assistant United States Attorneys
      -Of Counsel-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                       :

UNITED STATES OF AMERICA      :

                                         :

              - v. -            :                     23 Cr. 347 (JGK)

                                         :

ALEXANDER MASHINSKY,       :

                                         :

                     Defendant.      :

                                         :

------------------------------------------------------x

<u>REQUESTS TO CHARGE</u>

       Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the jury.

## TABLE OF CONTENTS

REQUEST NO. 1: General Requests ........................................................................................1

REQUEST NO. 2: Summary of the Indictment ........................................................................2

REQUEST NO. 3: Multiple Counts .........................................................................................4

REQUEST NO. 4: Counts One, Five, and Six: The Securities Exchange Act – Statutory Purpose ......5

REQUEST NO. 5: Counts One and Five - Section 10(b) Counts – Elements of the Offense................7

REQUEST NO. 6: Counts One and Five - Section 10(b) Counts: First Element – Fraudulent Act – Overview ................................................................................................9

REQUEST NO. 7: Counts One and Five - Section 10(b) Counts: First Element – Fraudulent Act – Manipulation ............................................................................................11

REQUEST NO. 8: Counts One and Five  - Section 10(b) Counts: First Element – Fraudulent Act – False and Misleading Statements........................................................13

REQUEST NO. 9: Counts One and Five - Section 10(b) Counts: First Element – Fraudulent Act – In Connection With ...................................................................................15

REQUEST NO. 10:    Counts One and Five - Section 10(b) Counts: First Element – Definition of Security ..................................................................................................16

REQUEST NO. 11:    Counts One and Five - Section 10(b) Counts: Second Element – Knowledge, Intent, and Willfulness...............................................................................17

REQUEST NO. 12:    Counts One and Five - Section 10(b) Counts: Third Element – Instrumentality of Interstate Commerce.........................................................................20

REQUEST NO. 13:    Count Six - Section 9(a)(2) Counts – Price Manipulation: Elements of the Offense ......................................................................................................22

REQUEST NO. 14:    Count Six - Section 9(a)(2) Counts – Price Manipulation: First Element – Effected a Series of Transactions.........................................................................23

REQUEST NO. 15:    Count Two – Commodities Faud –Elements ..................................................29

REQUEST NO. 16:    Count Two – Commodities Faud – First Element............................................30

REQUEST NO. 17:    Count Two – Commodities Faud – Second Element .......................................32

REQUEST NO. 18:    Count Two – Commodities Faud – Third Element ..........................................34

REQUEST NO. 19:    Count Six - Section 9(a)(2) Counts – Price Manipulation: Second Element – Created Actual or Apparent Active Trading in the Security, or Raised or Depressed the Price of the Security ..................................................................................**Error! Bookmark not defined.**

REQUEST NO. 20:    Count Six - Section 9(a)(2) Counts – Price Manipulation: Third Element – Purpose of Inducing Purchase or Sale of Security by Others ..............**Error! Bookmark not defined.**

REQUEST NO. 21:    Count Six - Section 9(a)(2) Counts – Price Manipulation: Fourth Element – Knowledge and Willfulness...................................................................**Error! Bookmark not defined.**

REQUEST NO. 22:    Count Six - Section 9(a)(2) Counts – Price Manipulation: Fifth Element – Interstate Nexus    ...................................................................**Error! Bookmark not defined.**

REQUEST NO. 23:    Counts Three and Seven – Wire Fraud – Elements.........................................35

i

REQUEST NO. 24:  Counts Three and Seven – Wire Fraud – First Element – Existence of a Scheme ............................................................................................................36

REQUEST NO. 25:  Counts Three and Seven – Wire Fraud – Second Element – Intent ................39

REQUEST NO. 26:  Counts Three and Seven – Wire Fraud – Third Element – Interstate Wire .....43

REQUEST NO. 27:  Willful Causation ................................................................................................45

REQUEST NO. 28:  Aiding and Abetting ...........................................................................................47

REQUEST NO. 29:  Conspiracy and Substantive Crimes Explained................................................50

REQUEST NO. 30:  Count Four – Conspiracy - Elements ................................................................52

REQUEST NO. 31:  Count Four – Conspiracy – First Element – Existence of Agreement ............53

REQUEST NO. 32:  Count Four – Conspiracy – Second Element – Membership ...........................56

REQUEST NO. 33:  Count Four – Conspiracy – Third Element – Overt Act ..................................59

REQUEST NO. 34:  Coconspirator Statements ..................................................................................61

REQUEST NO. 35:  Presence of Counsel ..........................................................................................62

REQUEST NO. 36:  Conscious Avoidance ........................................................................................63

REQUEST NO. 37:  Venue..................................................................................................................66

REQUEST NO. 38:  False Exculpatory Statements ..........................................................................68

REQUEST NO. 39:  Other Acts Evidence .........................................................................................69

REQUEST NO. 40:  Variance in Dates ..............................................................................................70

REQUEST NO. 41:  Cooperating Witnesses ......................................................................................71

REQUEST NO. 42:  Non-Prosecution Agreement ............................................................................74

REQUEST NO. 43:  Expert Witnesses ...............................................................................................75

REQUEST NO. 44:  Law Enforcement Witnesses ............................................................................76

REQUEST NO. 45:  Preparation of Witnesses ..................................................................................77

REQUEST NO. 46:  Uncalled Witnesses – Equally Available To Both Sides .................................78

REQUEST NO. 47:  Other Individuals Not on Trial .........................................................................79

REQUEST NO. 48:  Defendant's Testimony .....................................................................................80

REQUEST NO. 49:  Defendant's Right Not To Testify.....................................................................81

REQUEST NO. 50:  Particular Investigative Techniques Not Required...........................................82

REQUEST NO. 51:  Use of Evidence Obtained Pursuant to Searches..............................................83

REQUEST NO. 52:  Use of Charts and Summaries ...........................................................................84

REQUEST NO. 53:  Stipulations .......................................................................................................85

REQUEST NO. 54:  Transcripts .........................................................................................................86

REQUEST NO. 55:  Redactions .........................................................................................................87

REQUEST NO. 56:  Concluding Remarks .........................................................................................88

REQUEST NO. 1:    General Requests

The Government respectfully requests that the Court give its usual instructions to the jury

on the following matters:

a.   Function of Court and Jury.

b.   Indictment Not Evidence.

c.   Statements of Court and Counsel Not Evidence.

d.   Rulings on Evidence and Objections.

e.   Burden of Proof and Presumption of Innocence.

f.   Reasonable Doubt.

g.   Government Treated Like Any Other Party.

h.   Definitions, Explanations, and Example of Direct and Circumstantial Evidence.

i.   Inferences.

j.   Credibility of Witnesses.

k.   Jury's Recollection Controls.

l.   Right To See Exhibits and Have Testimony Read During Deliberations.

m.  Sympathy: Oath of Jurors.

n.   Punishment Is Not To Be Considered by the Jury.

o.   Verdict of Guilt or Innocence Must Be Unanimous.

REQUEST NO. 2:   Summary of the Indictment

The defendant, Alexander Mashinsky, has been charged in what is called an Indictment. An Indictment is simply an accusation. It is not evidence. The Indictment contains seven counts, or charges. In a few moments, I will instruct you on each of these charges in more detail. At the outset, however, let me instruct you that in your deliberations and in reaching your verdict, you must consider each count separately. You must return a separate verdict as to each count.

The charges in the Indictment relate to allegations that Mashinsky committed various acts of securities fraud, commodities fraud, and wire fraud.

Counts One through Three arise out of allegations that Mashinsky made false and misleading statements to investors about Celsius's business operations.  Count One charges Mashinsky with securities fraud based on false and misleading statements made to Celsius's investors.  Count Two charges Mashinsky with commodities fraud based on false and misleading statements made to induce Celsius's investors to sell their Bitcoin to Celsius.  Count Three charges Mashinsky with wire fraud based on false and misleading statements about Celsius that were made using interstate wires.

Counts Four through Seven arise out of allegations that Mashinsky and others manipulated the price of CEL token.  Count Four charges Mashinsky with participating in a conspiracy to manipulate the market and price of CEL.  Count Five charges Mashinsky with defrauding investors in CEL by manipulating the market for CEL, making false and misleading statements about Celsius's market activity in CEL, and making false and misleading statements about Mashinsky's sales of CEL, in violation of Section 10(b) of the Securities Exchange Act.  Count Six charges Mashinsky with artificially raising the price of CEL to induce others to purchase CEL.  Count

Seven charges Mashinsky with committing wire fraud by manipulating the market for CEL, making false and misleading statements about Celsius's market activity in CEL, and making false and misleading statements about Mashinsky's sales of CEL.

REQUEST NO. 3:   Multiple Counts

Each count charges a different crime. You must consider each count of the Indictment separately, and you must return a separate verdict as to each Count. The case on each count stands or falls upon the proof or lack of proof with respect to that count. Your verdict on one count should not control your decision as to any other count. I am now going to discuss the counts of the Indictment.  I am going to begin with instructions on the substantive counts and I then will instruct you on the conspiracy count.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 3-8.

REQUEST NO. 4:   Counts One, Five, and Six: The Securities Exchange Act – Statutory Purpose

I will begin my instructions with some preliminary remarks about Counts One, Four, Five, and Seven, each of which charges securities fraud under the 1934 Securities Exchange Act.

The 1934 Securities Exchange Act was the second of two laws passed by Congress to provide a comprehensive plan to protect the investing public in the purchase and sale of securities that are publicly distributed.  Among Congress's objectives in passing the Act was to insure honest securities markets and thereby promote investor confidence after the stock market crash of 1929. Generally, Congress sought to substitute a philosophy of full disclosure for the philosophy of "buyer beware" and thus to achieve a high standard of business ethics in the securities industry. More specifically, the 1934 Act was intended to protect investors against manipulation of stock prices through regulation of transactions upon securities exchanges and in over-the-counter markets, and to impose regular reporting requirements on companies whose stock is listed on national securities exchanges.

The Indictment charges in Counts One, Four, and Five violations of Section 10(b) of the Securities Exchange Act. Section 10(b) of the Securities Exchange Act makes it "unlawful for any person . . . to use or employ, in connection with the purchase or sale of any security . . . , any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe." 15 U.S.C. § 78j. Rule 10b-5, which implements this provision, forbids the use, in connection with the purchase or sale of any security or security-based swap agreement, of "any device, scheme, or artifice to defraud," or "any untrue statement of a material fact," or any omission of a "material fact necessary in order to make the statements not misleading," or any other "act, practice, or course of business" that "operates . . . as a fraud or deceit." 17 C.F.R. § 240.10b-5.

The Indictment charges in Counts Four and Six violations of Section 9(a)(2) of the Securities Exchange Act.  As relevant here, Section 9(a)(2) makes it unlawful "[t]o effect, alone or with 1 or more other persons, a series of transactions in any security registered on a national

5

securities exchange, . . . or in connection with any security-based swap or security-based swap agreement with respect to such security creating actual or apparent active trading in such security, or raising or depressing the price of such security, for the purpose of inducing the purchase or sale of such security by others." 15 U.S.C. § 78i(a)(2).

3 Modern Federal Jury Instructions-Criminal P 57.03 (2023); *United States v. O'Hagan*, 521 U.S. 642, 658 (1997); *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 195 (1976); 15 U.S.C. § 78j(b); 15 U.S.C. § 78i; *See also* S. Rep. No. 792, 73d Cong., 2d Sess., 1-5 (1934).

REQUEST NO. 5:   Counts One and Five - Section 10(b) Counts – Elements of the Offense

Counts One and Five allege securities fraud in violation of Section 10(b) of the Securities Exchange Act.

Count One alleges that Mashinsky made false and misleading statements about Celsius's financial condition and operations to induce investors to purchase an interest in Celsius's Earn Program and to acquire CEL token.

Count Five alleges that Mashinsky engaged in a scheme to defraud investors in CEL token by artificially manipulating the market for CEL token and through making false and misleading statements about Celsius's purchases of CEL token and making false and misleading statements about Mashinsky's own sales of CEL token.

To establish a violation of Section 10(b), the Government must prove each of the following three elements beyond a reasonable doubt:

*First*, that in connection with the purchase or sale of stock of a security or securities-based swap agreement, the defendant you are considering did any one or more of the following:

(1) employed a device, scheme, or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, or

(3) engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller;

*Second*, that the defendant acted knowingly, willfully, and with the intent to defraud; and

*Third*, that, in furtherance of the fraudulent conduct, the defendant used or caused to be used, any means or instruments of transportation or communication in interstate commerce, or the mails, or any facility of any national securities exchange.

I will discuss each element in turn.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023), and the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (Oct. 14, 2022); Sand, et al., *Modern Federal Jury Instructions*, Instr. 57-20; *see also United States v. Litvak*, 808 F.3d 160, 178 (2d Cir. 2015) (noting that scienter for securities fraud is "intent to deceive, manipulate or defraud" and does not require an intent to harm); *United States v. Gleason*, 616 F.2d 2 (2d Cir. 1979).

REQUEST NO. 6:   Counts One and Five - Section 10(b) Counts: First Element – Fraudulent Act –
Overview

The first element that the Government must prove beyond a reasonable doubt is that, in connection with the purchase or sale of a security, the defendant did any one or more of the following:

(1) employed a device, scheme, or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, or

(3) engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

It is not necessary for the Government to prove that the scheme involved all three types of unlawful conduct. Any one will be sufficient to satisfy this element of the offense. You must, however, be unanimous as to which type of unlawful conduct occurred.

A "device, scheme, or artifice to defraud" is merely a plan to accomplish a fraudulent objective. A "scheme to defraud" is a pattern or course of conduct concerning a material matter designed to deceive a person.

As is pertinent here, in addition to being accused of making false and misleading statements and being accused of engaging in an act, practice, or course of business that operated as a fraud or deceit upon a purchaser or seller, the defendant is also accused of engaging in schemes involving "manipulation," which is one type of device, scheme, or artifice to defraud.

I will tell you about each type of misconduct.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023); the Honorable Edgardo Ramos in *United States v. Milton*,

9

No. 21 Cr. 478 (Oct. 14, 2022); and the Honorable Paul G. Gardephe in *United States v. Tuzman*, No. 15 Cr. 536 (Dec. 22, 2017).

REQUEST NO. 7:   Counts One and Five - Section 10(b) Counts: First Element – Fraudulent Act –
Manipulation

Manipulation refers to intentional or willful conduct designed to deceive or defraud investors by controlling or artificially affecting some type of price—here, the price of CEL token. Market participants ordinarily assume that prices, such as for stocks, are determined by the natural interplay of supply and demand. Consequently, any conduct that is designed to deceive or defraud others by controlling or artificially affecting those prices is prohibited.

An act can be manipulative even if it is conducted on the open market or through ordinary market activity, such as by placing an order to buy or sell, or by actually buying and selling. In some cases, a defendant's "scienter," that is, a defendant's intent to manipulate a price, is all that distinguishes legitimate trading from manipulative trading. Similarly, in some cases, the determination of whether activity is manipulative can be made only by placing the activity in context and considering whether it is part of a pattern of trading activity. If the trading is done solely for legitimate purposes, such as building a position, that is not manipulation. However, if, in addition to any legitimate purposes the defendant might have had for the trading, he intended to artificially affect the price of a security or market activity, that trading does constitute manipulation. What matters is whether the defendant intended to inject a false price signal into the market or to mislead others by artificially affecting market activity.

It is not necessary for the Government to prove that a manipulative scheme actually succeeded, that any person was actually deceived, or that any person lost money or property. Nor do you need to find that the defendant profited from the manipulation. You must focus on whether there was such a manipulative scheme, not the consequences of the scheme, although proof

concerning accomplishment of the goals of the scheme may be persuasive evidence of the existence of the scheme itself.

> Adapted from the charge of the Honorable Denise L. Cote in *SEC v. Vali Management Partners*, No. 17 Civ. 1789 (Nov. 7, 2019), Dkt. No. 556 at 2586-2588, and the Honorable Alvin K. Hellerstein in *United States v. Hwang*, No. 22 Cr. 240 (July 9, 2024), Dkt. 313 at 5386. *See also, e.g.*, *United States v. Phillips*, 22 Cr. 138 (LJL) (S.D.N.Y. Sept. 1, 2023), Dkt. 36 at 28 ("[O]pen-market trades that are with willing counterparties" can be "manipulative."); *Set Capital LLC v. Credit Suisse Group AG*, 996 F.3d 64, 77 (2d Cir. 2021) ("Open-market transactions that are not inherently manipulative may constitute manipulative activity when accompanied by manipulative intent."); *United States v. Technodyne LLC*, 753 F.3d 368, 385 (2d Cir. 2013) ("It is commonplace that the law recognizes that there may be multiple motives for human behavior; thus, a specific intent need not be the actor's sole, or even primary, purpose."); *ATSI Commc'ns Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir. 2007) ("The deception arises from the fact that investors are misled to believe that prices at which they purchase and sell securities are determined by the natural interplay of supply and demand, not rigged by manipulators."); *United States v. Royer*, 549 F.3d 886, 899 (2d Cir. 2008) (affirming jury instruction that "any conduct designed to deceive or defraud investors by controlling or artificially affecting the price of securities is prohibited").

REQUEST NO. 8:   Counts One and Five - Section 10(b) Counts: First Element – Fraudulent Act –
False and Misleading Statements

A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was made with the intent to deceive. A statement may also be false if it contains half-truths or if it conceals material facts in a manner that makes what is said or represented deliberately misleading. This includes statements that may be literally true but that nevertheless create a materially misleading impression. The failure to disclose information may also constitute a fraudulent representation if the defendant was under a legal, professional or contractual duty to make such a disclosure, the defendant actually knew such disclosure was required to be made, and the defendant failed to make such disclosure with the intent to defraud.

With regard to the alleged misrepresentations and omissions, you must determine whether the statements were true or false when made and, in the case of alleged omissions, whether the omissions were misleading.

If you find that the Government has established that the statement the defendant made was false or a statement was omitted, rendering the statements that were made misleading, you must next determine whether the device, scheme, statement, half-truth, or omission was material under the circumstances. Material information in this context is information that a reasonable investor would have considered important in making an investment decision in light of the total mix of information publicly available.

In considering whether a statement or omission was material, let me caution you that a clause in an investment contract or a disclaimer cannot render any misrepresentation, including any oral misrepresentation, immaterial as a matter of law.

13

In considering whether a statement or omission was material, let me also caution you that it is not a defense if the material misrepresentation or omission would not have deceived a person of ordinary intelligence. Once you find that the offense involved the making of material misrepresentations or omissions of material facts, it does not matter whether any of the victims involved were careless, gullible, or even negligent, or that they might have uncovered the scheme on their own had they probed more deeply, because the law protects the gullible and unsophisticated as well as the experienced investor.

Nor does it matter whether the unlawful conduct was or would have been successful, or whether the defendant profited or would have profited as a result of the alleged scheme. Success is not an element of the offense. If, however, you find that the defendant expected to or did profit from the scheme, you may consider that in relation to the element of intent, which I will discuss in a moment.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023); the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (Oct. 14, 2022); and the Honorable Paul G. Gardephe in *United States v. Tuzman*, No. 15 Cr. 536 (Dec. 22, 2017).

REQUEST NO. 9:   Counts One and Five - Section 10(b) Counts: First Element – Fraudulent Act – In
Connection With

To establish that the Government has proven the first element of Section 10(b) securities fraud beyond a reasonable doubt, you must find that the defendant you are considering agreed to participate in fraudulent conduct that was "in connection with" the purchase or sale of a security.

The requirement that the fraudulent conduct be "in connection with" a purchase or sale of securities is satisfied so long as there was some nexus or relation between the allegedly fraudulent conduct and the sale or purchase of securities. Fraudulent conduct may be "in connection with" the sale or purchase of securities if you find that the fraudulent conduct touched upon a securities transaction. The fraudulent or deceitful conduct alleged need not relate to the investment value of the securities involved.

You need not find that the defendant actually participated in any specific purchase or sale of a security if you find that the defendant participated in the fraudulent conduct that was "in connection with" a "purchase or sale" of securities. It is not necessary for you to find that the defendant was or would be the actual seller of the securities. It is sufficient if the misrepresentation or omission of material fact involved the purchase or sale of securities.

By the same token, the Government need not prove that the defendant personally made a misrepresentation or omit a material fact. It is sufficient if the Government establishes that the defendant intended to cause the statement to be made or the fact to be omitted.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023); the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (Oct. 14, 2022); and the Honorable Paul G. Gardephe in *United States v. Tuzman*, No. 15 Cr. 536 (Dec. 22, 2017).

15

REQUEST NO. 10:  Counts One and Five - Section 10(b) Counts: First Element – Definition of Security

I have used the term "security."  One recognized type of security is an investment contract.

An investment contract means a contract, transaction, or scheme whereby a person invests money in a common enterprise with the expectation of profits to be derived from the efforts of others.

Both the membership interests in the Earn Program and the CEL Token constitute investment contracts and, therefore, securities, if the following three requirements are met:

*One*, the transaction consisted of an investment in a common venture;

*Two*, the transaction was premised on a reasonable expectation of profits; and

*Three*, those profits were to be derived substantially from the efforts of others.

Adapted from the charges of the Honorable Arun Subramanian in *United States v. Eisenberg*, 23 Cr. 10 (AS) (April 17, 2024) and the Honorable Leonard D. Wexler of E.D.N.Y. in *United States v. Leonard*, 2 Cr. 881 (LDW) (Oct. 3, 2007), *affirmed in United States v. Leonard*, 529 F.3d 83 (2d Cir. 2008); *see also SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946)).

16

REQUEST NO. 11:  Counts One and Five - Section 10(b) Counts: Second Element – Knowledge, Intent, and Willfulness

The second element of the Section 10(b) counts that the Government must establish is that the defendant acted knowingly, willfully, and with intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

To act "willfully" means to act voluntarily and with a wrongful purpose.

"Intent to defraud" in the context of the securities laws means to act knowingly and with intent to manipulate or deceive.

The question of whether a person acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past, he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Using your common sense means that, when you come to decide whether a defendant possessed or lacked an intent to defraud,

17

you do not limit yourself to what the defendant said, but you also look at what he did and what others did in relation to the defendant and, in general, everything that occurred.

As I have previously explained, circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

In order for you to find the defendant guilty of securities fraud, the Government need prove that the defendant acted with an intent only to deceive, manipulate, or defraud. The Government need not show that the defendant acted with an intent to cause harm.

Because an essential element of the crime charged is intent to deceive or intent to manipulate, good faith on the part of the defendant you are considering is a complete defense to the charge of securities fraud. That is, the law is not violated if the defendant held an honest belief that his actions were proper and not in furtherance of any unlawful scheme. An honest belief in the truth of the representations made by a defendant is a complete defense, however inaccurate the statements may turn out to be. A defendant, however, has no burden to establish a defense of good faith; it remains the Government's burden to prove, beyond a reasonable doubt, that the defendant acted knowingly, willfully, and with intent to deceive or manipulate.

In considering whether or not a defendant acted in good faith, however, you are instructed that a belief by the defendant, if such belief existed, that ultimately everything would work out so that no investors would lose any money does *not* necessarily constitute good faith. No amount of honest belief on the part of a defendant that the scheme will ultimately make a profit for the investors will excuse fraudulent actions or false representations by him.

As a practical matter, then, to prove the charge against the defendants, the Government must establish beyond a reasonable doubt that the defendant knew that his conduct was calculated to deceive and that he nevertheless associated himself with the alleged fraudulent scheme.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023), the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (Oct. 14, 2022); and the Honorable Jed S. Rakoff in *United States v. Petit*, No. 19 Cr. 850; Sand, et al., *Modern Federal Jury Instructions*, Instr. 57-16; *see also United States v. Litvak*, 808 F.3d 160, 178 (2d Cir. 2015) (intent element for securities fraud is "intent to deceive, manipulate or defraud" not "intent to harm").

19

REQUEST NO. 12:  Counts One and Five - Section 10(b) Counts: Third Element – Instrumentality of Interstate Commerce

The third and final element of the Section 10(b) counts is that the Government must prove beyond a reasonable doubt is that the defendant knowingly used, or caused to be used, the mails or the instrumentalities of interstate commerce in furtherance of the scheme to defraud.

Let me first note that it is unnecessary for the Government to prove both the mails and an instrumentality of interstate commerce were used in furtherance of the fraudulent scheme. Either one of the above—either the mails *or* an instrumentality of interstate commerce—is enough. But you must be unanimous as to at least one.

In considering this element, it is not necessary for you to find that the defendant was or would have been directly or personally involved in any mailing or the use of an instrumentality of interstate commerce. If the conduct alleged would naturally and probably result in the use of the mails or an instrumentality of interstate commerce, this element would be satisfied.

Nor is it necessary that the items sent through the mails or communicated through an instrumentality of interstate commerce did or would contain the fraudulent material, or anything criminal or objectionable. The matter mailed or communicated may be entirely innocent so long as it is in furtherance of the scheme to defraud or fraudulent conduct.

The use of the mails or instrumentality of interstate commerce need not be central to the execution of the scheme or even be incidental to it. All that is required is that the use of the mails or instrumentality of interstate commerce bear some relation to the object of the scheme or fraudulent conduct.

In fact, the actual purchase or sale of a security need not be accompanied by the use of the mails or instrumentality of interstate commerce, so long as the mails or instrumentality of interstate

20

commerce are used in furtherance of the scheme and the defendant is still engaged in actions that are part of a fraudulent scheme when the mails or the instrumentalities of interstate commerce are used.

The use of the term "mails" is self-explanatory, and includes the U.S. Mail and Federal Express. Examples of instrumentalities of interstate commerce include telephone calls, emails, text messages, or the internet, or use of a facility of a national securities exchange.

> Adapted from the charge of the Honorable Edgardo Ramos in *United States v. Cole*, 19 Cr. 869, and the Honorable Ronnie Abrams in *United States v. Hild*, 19 Cr. 602, and Sand, et al., *Modern Federal Jury Instructions*, Instrs. 57-20, 57-25. *See also United States v. Giordano*, 442 F.3d 30, 40 & n.11 (2d Cir. 2006) (defining "instrumentality of interstate commerce").

REQUEST NO. 13:  Count Six - Section 9(a)(2) Count – Price Manipulation: Elements of the Offense

As I stated earlier, Count Six alleges that Mashinsky engaged in a series of transactions to manipulate the price of CEL token, in violation of Section 9(a)(2) of the Securities Exchange Act.

To establish a violation of Section 9(a)(2), the Government must prove each of the following four elements beyond a reasonable doubt:

*First*, that the defendant, acting alone or with others, effected a series of transactions in a security, here, the CEL token.  I have already instructed you on the definition of security;

*Second*, that the series of transactions either (a) created actual or apparent active trading in the security, or (b) raised or depressed the price of the security;

*Third*, that the defendant acted for the purpose of inducing the purchase or sale of the security by others;

*Fourth*, that the defendant acted knowingly and willfully; and

*Fifth*, that, in furtherance of the conduct, the defendant used or caused to be used, the mails, any means or instruments of transportation or communication in interstate commerce.

I will discuss each element in turn.

> Adapted from the charge of the Honorable Denise L. Cote in *SEC v. Lek Sec. Corp.*, No. 17 Civ. 1789, Dkt. 556 at 115-16, and from the SEC's proposed charge in that case, 2019 WL 5100554. *See also United States v. Mulheren*, 938 F.2d 364, 368 (2d Cir. 1991); *United States v. Stein*, 456 F.2d 844, 850-51 (2d Cir. 1972); *Crane Co. v. Westinghouse Air Brake Co.*, 419 F.2d 787, 794 (2d Cir. 1969); *SEC v. Lek Sec. Corp.*, 276 F. Supp. 3d 49, 62 (S.D.N.Y. 2017); *SEC v. Malenfant*, 784 F. Supp. 141, 144 (S.D.N.Y. 1992).

REQUEST NO. 14:  Count Six - Section 9(a)(2)– Price Manipulation: First Element –
Effected a Series of Transactions

The first element that the Government must prove beyond a reasonable doubt for the

Section 9(a)(2) counts is that the defendant, acting alone or with others, effected a series of

transactions in a security.

To "effect" means to bring about or to make happen.  To effect a transaction in a security

means to place a bid to buy or an offer to sell the security.  It does not require that a purchase or

sale actually be executed.  Placing the order on an exchange may be done directly or indirectly and

either alone or with others.  You must be unanimous as to whether you find that the defendant

effected a series of transactions in a security.  A "series of transactions" means three or more

transactions.

Adapted from the charge of the Honorable Denise L. Cote in *SEC v.
Lek Sec. Corp.*, No. 17 Civ. 1789, Dkt. 556 at 116-17.

REQUEST NO. 15:  Section 9(a)(2) Count – Price Manipulation: Second Element –
Created Actual or Apparent Active Trading in the Security,
or Raised or Depressed the Price of the Security

The second element that the Government must prove beyond a reasonable doubt for the Section 9(a)(2) count is that the series of transactions either (a) created actual or apparent active trading in the security, or (b) raised or depressed the price of the security.

To find that a defendant violated Section 9(a)(2), you must find that the series of transactions that the defendant directly or indirectly effected, whether alone or with others, either created actual or apparent active trading in the security, or raised or depressed the price of the security.  If you find that the defendant directly or indirectly effected a series of transactions—in other words, if you find that the first element of the Section 9(a)(2) count has been satisfied—then, with respect to the second element, you must be unanimous as to whether the series of transactions either (a) created actual or apparent active trading in the security, (b) raised or depressed the price of the security, or (c) did both of those things.

Creating actual trading in a security means creating actual purchases and sales in that security.  Creating apparent trading in a security means creating the appearance that the market for that security is active.  The phrase "raised or depressed the price of the security" means caused the price of the security to go up or down.

> Adapted from the charge of the Honorable Denise L. Cote in *SEC v. Lek Sec. Corp.*, No. 17 Civ. 1789, Dkt. 556 at 117, and from the SEC's proposed charge in that case, 2019 WL 5100554.

24

REQUEST NO. 16:  Section 9(a)(2) Count – Price Manipulation: Third Element –
Purpose of Inducing Purchase or Sale of Security by Others

The third element that the Government must prove beyond a reasonable doubt for the Count Six is that the defendant acted for the purpose of inducing the purchase or sale of the security by others.

In other words, the Government must prove that the defendant engaged in the relevant conduct for the purpose of inducing others to buy or sell the relevant security. Section 9(a)(2) is designed to create securities markets where prices are based on the free and honest balancing of supply and demand. Section 9(a)(2) does not prohibit *all* transactions that tend to raise or lower the price of a security, or that cause other investors to trade in a security. Rather, Section 9(a)(2) outlaws any series of transactions used to deceive the public into believing that activity in a security is the reflection of a genuine supply or demand when, instead, it is a mirage. Section 9 is not focused on fraud and deceit, but rather on trading that interferes with normal market forces and aims to prevent an individual from dominating the market in a security for the purpose of conducting a one-sided market at an artificial level for its own benefit and to the detriment of the investing public.

The essence of a violation of Section 9(a)(2) is the creation of a false impression of supply and demand. In other words, Section 9(a)(2) prohibits the manipulation of security prices. I have already instructed you on the concept of manipulation, and you should apply those instructions here.

A defendant's purpose in effecting a series of transactions may be inferred from the surrounding circumstances. You may infer the requisite purpose from, among other things, the nature of the securities orders placed.

25

Adapted from the charge of the Honorable Denise L. Cote in *SEC v. Lek Sec. Corp.*, No. 17 Civ. 1789, Dkt. 556 at 117-18, and from the SEC's proposed charge in that case, 2019 WL 5100554. *See also United States v. Mulheren*, 938 F.2d 364, 368 (2d Cir. 1991); *United States v. Gilbert*, 668 F.2d 94, 96 (2d Cir. 1981); *United States v. Stein*, 456 F.2d 844, 850-51 (2d Cir. 1972); *Crane Co. v. Westinghouse Air Brake Co.*, 419 F.2d 787, 794 (2d Cir. 1969); *SEC v. Fiore*, 416 F. Supp. 3d 306, 316 (S.D.N.Y. 2019); *SEC v. Lek Sec. Corp.*, 276 F. Supp. 3d 49, 62 (S.D.N.Y. 2017); *SEC v. Malenfant*, 784 F. Supp. 141, 144 (S.D.N.Y. 1992); *SEC v. Kwak*, No. 04 Civ. 1331 (JCH), 2008 WL 410427, at *1 (D. Conn. Feb. 12, 2008).

26

REQUEST NO. 17:  Section 9(a)(2) Count – Price Manipulation: Fourth Element –
Knowledge and Willfulness

The fourth element that the Government must prove beyond a reasonable doubt for the

Section 9(a) count is that the defendant acted knowingly and willfully.

I have already instructed you on the concept of knowledge and willfulness, and you should

apply those same instructions here.

> *See, e.g.*, *Crane Co. v. Westinghouse Air Brake Co.*, 419 F.2d 787,
> 794 (2d Cir. 1969); *SEC v. Lek Sec. Corp.*, 276 F. Supp. 3d 49, 62
> (S.D.N.Y. 2017).

REQUEST NO. 18:  Section 9(a)(2) Count – Price Manipulation: Fifth Element – Interstate Nexus

The fifth element that the Government must prove beyond a reasonable doubt for the Section 9(a) count is that, in furtherance of the conduct, the defendant used or caused to be used, the mails or any means or instruments of transportation or communication in interstate commerce.

I have already instructed you on those concepts, and you should apply those same instructions here.

Adapted from the charge of the Honorable Denise L. Cote in *SEC v. Lek Sec. Corp.*, No. 17 Civ. 1789, Dkt. 556 at 108-09, 116.

REQUEST NO. 19:  Count Two – Commodities Faud –Elements

Count Two charges the defendant with commodities fraud in connection with inducing investors to sell their Bitcoin to Celsius in exchange for an interest in the Earn Program. Commodities fraud has the following three elements:

*First*, the defendant did any one or more of the following: (a) employed a manipulative device, scheme, or artifice to defraud; or (b) made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading; or (c) engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit.

*Second*, the scheme, untrue statement, act, practice, or course of conduct was in connection a contract of sale of any commodity in interstate commerce.

*Third*, that the defendant acted knowingly, willfully, and with an intent to defraud.

Adapted from the charge of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023); the Honorable Edmond E. Chang in *United States v. Smith*, 19 Cr. 669 (N.D. Ill. July 28, 2022) pursuant to the cognate offense 18 U.S.C. § 1348(1) and from the Honorable Jack B. Weinstein's statement of the elements in *CFTC v. McDonnell*, 332 F. Supp. 3d 641, 717 (E.D.N.Y. 2018)

29

REQUEST NO. 20:  Count Two – Commodities Faud – First Element

The first element of commodities fraud is that the defendant did any one or more of the following: employed a manipulative device, scheme, or artifice to defraud; made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading; or engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit.

In proving a fraudulent act, it is not necessary for the Government to prove all three types of unlawful conduct. Any one will be sufficient to satisfy this element of the offense. You must, however, be unanimous as to which type of unlawful conduct was the alleged object of the conspiracy.

The terms used in this provision are the same used in the securities fraud counts, Counts One and Five. The definitions I provided you when instructing you on the first element of securities fraud apply here as well.

As I previously told you, a scheme to defraud, false statement, misleading omission, or deceptive act, practice, or course of conduct must be material under the circumstances. In this context, materiality means the scheme, statement, omission, act, practice, or course of conduct must have the natural tendency to influence or be capable of influencing the actions of a person who was a target of the scheme, statement, omission, act, practice, or course of conduct. In the context of a commodities fraud, it is not necessary that the victim was actually deceived or lost money or property as a result of the deceptive conduct so long as there is proof that the scheme was at least capable of affecting the victim's conduct or decision in the market in a manner that could lead either to some gain for the wrongdoer or some harm to the victim.

Adapted from the charge of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023); the Honorable Jeffrey Meyer in *United States v. Flotron*, 17 Cr. 220 (D. Conn. Apr. 24, 2018) pursuant to the cognate offense 18 U.S.C. § 1348(1). *See also Loginovskaya v. Batratchenko*, 764 F.3d 266, 272 (2d Cir. 2014) ("courts have looked to the securities laws when called upon to interpret similar provisions of the Commodity Exchange Act.").

REQUEST NO. 21:  Count Two – Commodities Faud – Second Element

The second element of commodities fraud is that the defendant and his co-conspirators committed their conduct in connection with a contract of sale of a "commodity" in interstate commerce.

Let me define those terms for you.

A "commodity" is a good, article, service, right, or interest in which contracts for future delivery are dealt.  A "contract for future delivery," which is also called a "futures contract," is an agreement to buy or sell a particular commodity at a specific price in the future.  A virtual currency or cryptocurrency may qualify as a "commodity."

The requirement that the fraudulent conduct be "in connection with" a contract of sale of a "commodity" is satisfied so long as there was some nexus or relation between the allegedly fraudulent conduct and the contract of sale of a commodity. Fraudulent conduct may satisfy the "in connection with" requirement if you find that the fraudulent conduct touched upon a contract of sale of a commodity.  Statements directed to the general public which affect the public's interest in these products are made in connection with them.  The fraudulent or deceitful conduct need not relate to the value of the swap or contract of sale of a commodity.  It is also not necessary for you to find that the defendant was or would be the actual seller of the swap or commodity.

> Adapted from the charge of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023).  The definitions of "commodities" and "swaps" as defined in 7 U.S.C. § 1a(9).  Courts have repeatedly held that virtual currencies qualify as "commodities." *See, e.g.*, *United States v. Reed*, No. 20 Cr. 500 (JGK), 2022 WL 597180, at *4 (S.D.N.Y. Feb. 28, 2022) ("under the plain language of the CEA, cryptocurrencies fall within the definition of commodities"); *CFTC v. Gelfman Blueprint, Inc.*, No. 17-7181 (PKC), 2018 WL 6320656, at *8 (S.D.N.Y. Oct. 16, 2018) ("Virtual currencies such as Bitcoin are encompassed in the definition of 'commodity' under Section 1a(9) of the Act").

32

Therefore, it is appropriate to instruct the jury that a virtual currency may be a "commodity."

REQUEST NO. 22:  Count Two – Commodities Faud – Third Element

The third element of commodities fraud is that the defendant participated in the scheme to defraud, false statement, misleading omission, or deceptive act, practice, or course of conduct knowingly, willfully, and with the intent to defraud.

I have already instructed you on the meaning of the terms "knowingly" and "willfully" and you should apply those definitions here.  With respect to the term "intent to defraud," I previously defined that term in connection with my instructions for Counts One and Five, and you should apply those instructions here.

> Adapted from the charge of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023); *see also Loginovskaya v. Batratchenko*, 764 F.3d 266, 272 (2d Cir. 2014) ("courts have looked to the securities laws when called upon to interpret similar provisions of the Commodity Exchange Act"); *CFTC v. Oystacher*, 203 F. Supp. 3d 934, 950 (N.D. Ill. 2016) (applying the *scienter* standard for securities fraud to Rule 180.1).

34

REQUEST NO. 23:  Counts Three and Seven – Wire Fraud – Elements

Let us turn now to Counts Three and Seven, wire fraud.  Count Three alleges that Mashinsky engaged in a fraudulent scheme to induce investors and borrowers to provide their assets to Celsius as part of Celsius's Earn and Borrow programs, to induce investors to receive their rewards from Celsius in CEL, and to induce investors to purchase CEL in the market, by making false and misleading statements about Celsius's financial condition and operations.  Count Seven alleges that Mashinsky engaged in a scheme to defraud investors in CEL token by artificially manipulating the market for CEL token and through making false and misleading statements about Celsius's purchases of CEL token and making false and misleading statements about Mashinsky's own sales of CEL token.

To sustain its burden of proof with respect to the offenses charged in Counts Three and Seven, the Government must prove beyond a doubt the following three elements:

*First*, that there was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations, or promises.

*Second*, that the defendant knowingly participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud.

*Third*, that in execution of that scheme, the defendant used or caused the use of interstate wires.

I will discuss each in turn.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023), and the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (Oct. 14, 2022); *see also* Sand, *Modern Federal Jury Instructions*, Instr. 44-3.

35

REQUEST NO. 24:  Counts Three and Seven – Wire Fraud – First Element – Existence of a Scheme

The first element the Government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud the victims of money or property by false or fraudulent pretenses, representations, or promises.

A scheme or artifice to defraud is a plan, device, or course of action to obtain money or property by means of false or fraudulent statements, representations, promises, or pretenses.

A statement or representation is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A statement may also be false if it contains half-truths, conceals material facts, or is ambiguous or incomplete in a manner that makes what is said, or represented, misleading or deceptive. The deception need not be based upon spoken or written words alone. The arrangement of the words, the circumstances in which they are used, or the defendant's conduct may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished does not matter.

Statements, representations, promises, or pretenses are fraudulent if they were made falsely and with intent to deceive.

A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case.

The false or fraudulent statement, representation, promise, or pretense must relate to a material fact or matter. A material fact is one that would be expected to influence, or that is capable of influencing, the decision of a reasonable person.

You have heard evidence that investors and borrowers provided Celsius with cryptocurrency assets. It is not necessary for the Government to prove that a false or fraudulent

36

representation or statement was made prior to a counterparty's decision to part with money or property. Rather, if after having obtained money or property, the defendant devises or participates in a fraudulent scheme to deprive the alleged victim of that money or property by keeping the money or property through making a subsequent false or fraudulent representation as to a material fact, that is sufficient to establish the existence of a scheme to defraud.

It is not necessary for the Government to prove that the scheme to defraud actually succeeded, that any particular person actually relied upon a statement or representation, or that any victim actually suffered damages as a consequence of any false or fraudulent representations, promises, or pretenses. Nor do you need to find that the defendant profited from the fraud or realized any gain. You must concentrate on whether there was such a scheme, not the consequences of the scheme, although proof concerning accomplishment of the goals of the scheme may be persuasive evidence of the existence of the scheme itself. In determining whether a scheme to defraud existed, it is irrelevant whether a victim might have discovered the fraud if he, she, or it had looked more closely or probed more extensively. A victim's negligence or gullibility in failing to discover a fraudulent scheme is not a defense to wire fraud.

If you find the Government has sustained its burden of proof that a scheme to defraud, as charged, existed, you should next consider the second element.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023), the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (Oct. 14, 2022), and the Honorable Jesse M. Furman in *United States v. Avenatti*, No. 19 Cr. 374 (Feb. 1, 2022); *see also Neder v. United States*, 527 U.S. 1, 16 (1999) ("In general, a false statement is material if it has a natural tendency to influence, or is capable of influencing, the decision of the decision-making body to which it was addressed." (internal quotation marks, brackets, and citations omitted)); *id.* 24-25 (the "common-law requirements of

'justifiable reliance' and 'damages' . . . plainly have no place in the federal fraud statutes").

REQUEST NO. 25:  Counts Three and Seven – Wire Fraud – Second Element – Intent

The second element that the Government must prove beyond a reasonable doubt is that the defendant participated in the scheme to defraud knowingly and with specific intent to defraud.

To act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

For purposes of wire fraud only—and thus not for the securities and commodities fraud counts—"intent to defraud" means to act knowingly with the specific intent to deceive, for the purpose of causing some financial or property loss to another. The Government need not prove that any intended victim was actually harmed, including actually financially harmed. Thus, even if the defendant you are considering believed that the victims would not ultimately lose money, or that they would ultimately not suffer financial loss, that is no defense if the defendant intended immediate or temporary financial or property loss to another. Where some financial loss is contemplated, even temporarily, by the defendant, the fact that the defendant believes the victim will ultimately suffer no loss is no excuse to the crime. Additionally, the Government need not prove that the intent to defraud was the only intent or even the primary intent of the defendant. A defendant may have the required intent to defraud even if the defendant was motivated by other lawful purposes as well.

To participate in a scheme means to engage in it by taking some affirmative step to help it succeed. Merely associating with people who are participating in a scheme is not participation. It is not necessary that the defendant originated the scheme to defraud. It is sufficient if you find that a scheme to defraud existed, even if someone else originated it, and that the defendant, while aware of the scheme's existence, knowingly participated in it with intent to defraud. Nor is it required

that the defendant participated in or had knowledge of all of the operations of the scheme. The responsibility of the defendant is not governed by the extent of his participation. It is not necessary that the defendant have participated in the alleged scheme from the beginning. A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and who knowingly acts in a way to further its goals, becomes a participant in the scheme and is legally responsible for all that may have been done in the past in furtherance of the criminal objective and all that is done subsequently. Even if the defendant participated in the scheme to a degree less than others, he nevertheless is equally guilty as long as the defendant knowingly participated in the scheme to defraud with knowledge of its general scope and purpose and with specific intent to defraud.

Because an essential element of wire fraud is the intent to defraud, it follows that good faith on the part of a defendant is a complete defense to the charge of wire fraud. An honest belief in the truth of the representations made or caused to be made by a defendant is a complete defense, however inaccurate the statements may turn out to be. Similarly, if the defendant in good faith believed that he was entitled to take the money or property from the victim, even though that belief was mistaken, then you must find him not guilty even if others were injured by the defendant's conduct. The defendant has no burden to establish good faith. The burden is on the Government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt. However, in considering whether or not the defendant acted in good faith, you are instructed that an honest belief on the part of the defendant, if such a belief existed, that ultimately everything would work out does not necessarily mean that the defendant acted in good faith. If the defendant knowingly participated in the scheme with the intent to deceive for the purpose of depriving a

victim of money or property, even if only for a period of time, then no amount of honest belief on the part of the defendant that customers or lenders ultimately would be benefited will excuse false representations that a defendant made.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past, he committed an act with fraudulent intent. Such direct proof is not required. Instead, the ultimate facts of knowledge and intent, though subjective, may be established by circumstantial evidence, based upon a person's words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them. You may also infer, but are not required to infer, that people intend the natural and probable consequences of their actions. Accordingly, when the necessary result of a scheme is to injure others, fraudulent intent may be inferred from the scheme itself. As I instructed you earlier, circumstantial evidence, if believed, is of no less value than direct evidence.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023), the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (Oct. 14, 2022), and the Honorable Jesse M. Furman in *United States v. Avenatti*, No. 19 Cr. 374 (Feb. 1, 2022); *see also United States v. Jabar*, 19 F.4th 66, 77 (2d Cir. 2021) ("Proof of actual injury to the victim is not required . . . ."); *United States v. Calderon*, 944 F.3d 72, 90 (2d Cir. 2019) ("A 'no ultimate harm' instruction advises the jury that where some immediate loss to the victim is contemplated by a defendant, the fact that the defendant believes (rightly or wrongly) that he will ultimately be able to work things out so that the victim suffers no loss is no excuse for the real and immediate loss contemplated to result from defendant's fraudulent conduct."); *United States v. Technodyne LLC*, 753 F.3d 368, 385 (2d Cir. 2013) ("It is commonplace that the law recognizes that there may be multiple motives for human behavior; thus, a specific intent need not be the actor's sole, or even primary, purpose.").

41

REQUEST NO. 26:  Counts Three and Seven – Wire Fraud – Third Element – Interstate Wire

The third and final element that the Government must establish beyond a reasonable doubt is that one or more interstate or foreign wires were used in furtherance of the scheme to defraud. An "interstate wire" means a wire that passes between two or more states. A "foreign" wire means a wire that travels internationally. Examples of wires include telephone calls and messages, communications over the internet, commercials on television, and financial wires between bank accounts.

A wire communication need not itself be fraudulent. Indeed, it may be completely innocent, as long as it was made in furtherance of the fraudulent scheme. To be in furtherance of the scheme, the wire communication must further or assist in some way in carrying out the scheme to defraud. A wire communication can also include a communication made after a victim's funds were obtained if the communication was designed to lull the victim into a false sense of security, to postpone his or her complaint to the authorities, or to keep the money obtained from the scheme.

It is not necessary for the defendant to have been directly or personally involved in a wire communication, as long as the wire was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating. In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others. The wire communication requirement can be satisfied even if the wire communication was done by the person being defrauded or some other innocent party. When one does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires reasonably can be foreseen, even though not actually

intended, then he causes the wires to be used. Thus, there is no requirement that the defendant specifically authorize others to make a communication by wire.

Finally, if you find that a wire communication was reasonably foreseeable and that the interstate or foreign wire communication charged in the indictment took place, then this element is satisfied even if it was not foreseeable that the wire communication would cross state lines.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023), the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (Oct. 14, 2022), the Honorable Jesse M. Furman in *United States v. Avenatti*, No. 19 Cr. 374 (Feb. 1, 2022), and the Honorable Judge John G. Koeltl in *United States v. Dunseath*, No. 98 Cr. 493 (Apr. 14, 1999); *see also* Sand, *Modern Federal Jury Instructions*, Instr. 44-5; *United States v. Jergensen*, 797 F. App'x 4, 6 (2d Cir. 2019).

REQUEST NO. 27:  Willful Causation

Before I turn to Count Four, I shall give you some additional instructions applicable to all of the substantive counts, that is, Counts One through Three and Five through Seven. The first theory on which a defendant can be guilty of the substantive offenses is by committing them directly. There are also two theories on which a defendant can be guilty of the substantive offense indirectly—by willfully causing another to commit the offense or by aiding and abetting the commission of the offense. I will explain those concepts in more detail now.

A defendant can be guilty of the substantive crimes charged in those counts as a principal when he possessed the requisite criminal intent and willfully caused someone else to engage in actions necessary to commit the crimes. So I am now going to take a minute to discuss what it means for a defendant to be guilty as a principal through willful causation in the context of this case.

It is the law of the United States "that whoever willfully causes an act to be done which, if directly performed by that person, would be an offense against the United States, is punishable as a principal." So what does the term "willfully caused" mean? It does not mean that the defendant must physically have committed the crime or supervised or participated in the actual criminal conduct charged in the Indictment. Rather, anyone who causes the doing of an act which if done by him directly would render him guilty of an offense against the United States is guilty as a principal. Accordingly, one who intentionally causes someone else to make false or fraudulent statements or representations is guilty as a principal if the Government proves that the person who causes the making of that false or fraudulent representation, or who causes the fraudulent misappropriation, acted knowingly, willfully, and with the specific intent to defraud and satisfies

45

the other elements of the substantive fraud counts that I have described to you. This is so even if the individual that was caused to make the false statement had no criminal intent.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023); and the Honorable Lewis A. Kaplan in *United States v. Gatto*, No. 17 Cr. 686 (Oct. 1, 2018).

REQUEST NO. 28:  Aiding and Abetting

The second way in which a defendant can be guilty of a substantive offense is by aiding and abetting the offense. It is unlawful for a person to aid, abet, counsel, command, induce, or procure someone else to commit an offense. A person who does that is just as guilty of the offense as someone who actually commits it. Accordingly, for any substantive count in the Indictment, you may find the defendant guilty on that count if you find that the Government has proved beyond a reasonable doubt that another person actually committed the crime and that the defendant aided, abetted, counseled, commanded, induced, or procured the commission of that crime.

In order to convict the defendant as an aider and abettor, the Government must prove beyond a reasonable doubt two elements. *First*, it must prove that a person other than the defendant, and other than a person the defendant willfully caused to take actions necessary for the commission of the crime, as I have described that concept to you previously, committed the crime charged. Obviously, no one can be convicted of aiding or abetting the criminal acts of someone else if no crime was committed by the other person in the first place. Accordingly, if the Government has not proved beyond a reasonable doubt that a person other than the defendant committed the substantive crime charged in the Indictment, then you need not consider the second element under this theory of aiding and abetting. But if you do find that a crime was committed by someone other than the defendant, or someone he willfully caused to take actions necessary for the commission of the crime, then you must consider whether the defendant aided or abetted the commission of that crime.

*Second*, in order to convict on an aiding and abetting theory, the Government must prove that the defendant willfully and knowingly associated himself in some way with the crime, and

that he willfully and knowingly engaged in some affirmative conduct or some overt act for the specific purpose of bringing about that crime. Participation in a crime is willful if done voluntarily and with a wrongful purpose. The mere presence of a defendant in a place where a crime is being committed, even coupled with knowledge that a crime is being committed, is not enough to make the defendant an aider and abettor. Similarly, a defendant's acquiescence in the criminal conduct of others, even with guilty knowledge, is not enough to establish aiding and abetting. An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture. To determine whether the defendant aided and abetted the commission of the crime, ask yourself these questions:

Did the defendant participate in the crime charged as something that the defendant wished to bring about?

Did he knowingly associate himself with the criminal venture?

Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor. If, on the other hand, your answer to any of these questions is no, then the defendant is not an aider and abettor.

There is a subtle difference between a defendant willfully causing someone else to take actions necessary for the commission of a crime and a defendant aiding and abetting someone else to commit a crime. If this question comes up in your deliberations, you should think of it in terms of the difference between causing someone to do something versus facilitating or helping someone to do it. If you are persuaded beyond a reasonable doubt that the defendant you are considering willfully caused someone else to take actions necessary for the commission of any of the substantive counts charged in the Indictment, you should convict him as a principal on that count.

48

If, on the other hand, you are persuaded beyond a reasonable doubt that the defendant you are considering, with the knowledge and intent that I described, sought by his actions to facilitate or assist that other person in committing the crime, then he is guilty as an aider and abettor. One important difference between willfully causing and aiding and abetting another person to commit a crime, as I instructed you earlier, is that with respect to willful causation, the Government need not prove that the defendant acted through a guilty person. With respect to aiding and abetting, however, the Government must prove beyond a reasonable doubt that someone else committed the crime charged with the requisite intent. If you find beyond a reasonable doubt that the Government has proved that another person actually committed one or more of the substantive crimes charged in Counts One through Three or Counts Five through Seven and that the defendant aided or abetted that person in the commission of that offense, you should find that defendant guilty of that substantive crime on an aiding and abetting theory. If, however, you do not so find, you may not convict the defendant of that crime on the basis of an aiding and abetting theory.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023); and the Honorable Lewis A. Kaplan in *United States v. Gatto*, No. 17 Cr. 686 (Oct. 1, 2018).

REQUEST NO. 29:  Conspiracy and Substantive Crimes Explained

The counts I've been discussing charge what we call substantive crimes. As I have told you, Count Four of the Indictment charges the defendant with the crime of conspiracy. The crime of conspiracy is different from substantive crimes. A conspiracy charge, generally speaking, alleges that two or more persons agreed together to accomplish some unlawful objective. The focus of a conspiracy count, therefore, is on whether there was an unlawful agreement. A substantive count, on the other hand, charges a defendant with the actual commission or attempted commission, or with causing someone else to engage in certain actions necessary for the actual commission, of an offense. A substantive offense therefore can be committed by a single person. It need not involve any agreement with anyone else.

A conspiracy to commit a crime is an entirely separate and different offense from a substantive crime, the commission of which may be an objective of a conspiracy. And since the essence of the crime of conspiracy is an agreement or an understanding to commit a crime, it does not matter if the crime that was the objective of the conspiracy was ever actually committed. In other words, if a conspiracy exists and certain other requirements are met, the conspiracy is punishable as a crime even if its purpose is not established or accomplished. Consequently, in a conspiracy charge, there is no need to prove that the crime or crimes that were the objective or objectives of the conspiracy actually were committed. By contrast, conviction on a substantive count requires proof that the crime charged actually was committed or attempted, but it does not require proof of an agreement.

Adapted from the charges of the Honorable John G. Koeltl in *United States v. Barbera*, 21 Cr. 154 (JGK); the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673

50

(Nov. 2, 2023); and the Honorable Lewis A. Kaplan in *United States v. Gatto*, No. 17 Cr. 686 (Oct. 1, 2018).

REQUEST NO. 30:  Count Four – Conspiracy - Elements

Count Four charges the defendant with conspiring to commit securities fraud and wire fraud.  Specifically, the Indictment charges that from in or about 2019 through at least in or about June 2022, the defendant conspired with others to commit securities fraud and wire fraud against investors in CEL token.

In order to sustain its burden of proof with respect to the conspiracy alleged in Count Four, the Government must prove beyond a reasonable doubt each of the following three elements:

*First*, that there was an agreement or understanding to accomplish the unlawful objectives alleged in Count Four of the Indictment;

*Second*, that the defendant knowingly and willfully became a member of and joined the conspiracy;

*Third*, that at least one person who was a member of the conspiracy committed some overt act in furtherance of the conspiracy.

> Adapted from the charges of the Honorable John G. Koeltl in *United States v. Barbera*, 21 Cr. 154 (JGK); the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023); and the Honorable Lewis A. Kaplan in *United States v. Gatto*, No. 17 Cr. 686 (Oct. 1, 2018).

REQUEST NO. 31:  Count Four – Conspiracy – First Element – Existence of Agreement

Starting with the first element, a conspiracy is a kind of criminal partnership, a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.  In this instance, the indictment alleges that there were three unlawful purposes that were the objects of the conspiracy:  securities fraud in violation of Section 10(b), securities fraud in violation of Section 9(a), and wire fraud.  I have already explained to you each of these objectives alleged in Counts Five, Six, and Seven.

To establish a conspiracy, the Government is not required to show that the alleged members of the conspiracy met together and entered into any express or formal agreement.  Similarly, you need not find that the alleged conspirators stated in words or writing what the scheme was, its object, or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished.  Your common sense will tell you that when people, in fact, undertake to enter into a criminal conspiracy, much usually is left to unexpressed understanding. Conspirators do not usually reduce their agreements to writing or acknowledge them publicly, nor do they broadcast their plans. From its very nature, a conspiracy almost invariably is secret in its origin and in its execution. It is sufficient if two or more persons in some way or manner come to a common understanding to violate the law. Express language or specific words are not required to indicate that someone has joined in a conspiracy.

You may of course find that the existence of an agreement to disobey or disregard the law has been established by direct proof. However, because conspiracy is by its very nature characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved. In a very real sense then, in the context of conspiracy cases, actions often speak louder than words. In this regard, you may, in determining whether an

53

agreement existed here, consider the actions and statements of all those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

As I instructed you earlier, the essence of the crime of conspiracy is an agreement or an understanding to commit a crime. So it does not matter if the crime, the commission of which was the objective of the conspiracy, ever was committed. A conspiracy to commit a crime is an entirely separate and distinct offense from the actual commission of the illegal act that is the object of the conspiracy. The success or failure of a conspiracy is not material to the question of guilt or innocence of an alleged conspirator.

The objects of a conspiracy are the illegal goals the members of the conspiracy agreed to achieve. The first alleged object of the conspiracy charged in Count Four is securities fraud, in violation of Section 10(b), in connection with the scheme to defraud investors in CEL token, as charged in Count Five. I have already instructed you on the elements of the substantive crime in connection with my instructions for Count Five.

The second alleged object of the conspiracy is securities fraud, in violation of Section 9(a), in connection with manipulation of the price of CEL token, as charged in Count Six. I have already instructed you on the elements of the substantive crime in connection with my instructions for Count Six.

The third alleged object of the conspiracy is wire fraud, in a scheme to defraud investors in CEL token, as charged in Count Seven. I have already instructed you on the elements of the substantive crime in connection with my instructions for Count Seven.

As I instructed you earlier, you may find the defendant guilty of conspiracy even if you find that the substantive crimes that were the objects of the conspiracy were not actually committed.

In order to prove that the defendant is guilty of the conspiracy offense charged in Count Four, the Government must establish beyond a reasonable doubt that the defendant agreed with at least one other person to commit one of these objects. You need not find that there was an agreement to accomplish all three objects of the conspiracy. An agreement to accomplish just one is sufficient to satisfy this requirement as to Count Four. You must, however, be unanimous in your determination as to the object of the alleged conspiracy.

The Indictment charges that the conspiracy charged in Count Four lasted from at least in or about 2019 through at least in or about June 2022. It is not necessary for the Government to prove that the conspiracy lasted throughout the entire period alleged, but only that it existed for some time within that time frame.

If you conclude that the government has proved beyond a reasonable doubt that a criminal conspiracy indeed existed, that is, that there existed a mutual agreement between two or more persons to cooperate with each other to accomplish one or both of the objectives of the charged conspiracy in Count One, then you must next consider the second element.

> Adapted from the charges of the Honorable John G. Koeltl in *United States v. Barbera*, 21 Cr. 154 (JGK); the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023); and the Honorable Lewis A. Kaplan in *United States v. Gatto*, 17 Cr. 686 (Oct. 1, 2018).

REQUEST NO. 32:  Count Four – Conspiracy – Second Element – Membership

The second element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendant knowingly, willfully, and voluntarily became a member of the conspiracy. If you are satisfied that the conspiracy charged in the indictment existed, you must next ask yourselves who the members of that conspiracy were. In deciding whether the defendant was in fact a member of the conspiracy, you should consider whether the defendant knowingly and willfully joined the conspiracy. Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective as an associate or worker?

In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome. You are instructed that while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant had such an interest, that is a factor that you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the indictment.

As I mentioned a moment ago, before the defendant can be found to have been a conspirator, you must first find that he knowingly joined in the unlawful agreement or plan. The key question, therefore, is whether the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

The defendant's knowledge is a matter of inference from the facts proved. In that connection, I instruct you that to become a member of the conspiracy, the defendant need not have known the identities of each and every other member, nor need he have been apprised of all of their activities.

Moreover, the defendant need not have been fully informed as to all of the details of the scope of the conspiracy in order to justify an inference of knowledge on his part. Furthermore, the defendant need not have joined in all of the conspiracy's unlawful objectives. The extent of the defendant's participation has no bearing on the issue of the defendant's guilt. A conspirator's liability is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

I want to caution you, however, that the defendant's mere presence at the scene of the alleged crime does not by itself make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make the defendant a member. In other words, knowledge without participation is not enough. What is necessary is that the defendant participated in the conspiracy with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

Once a conspiracy is formed it is presumed to continue until either its objectives are accomplished or there is some affirmative act of termination by the members. So too, once a person is found to be a member of a conspiracy, he is presumed to continue as a member in the conspiracy until the conspiracy is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated himself from it.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal

57

undertaking. He thereby becomes a knowing and willing participant in the unlawful agreement --

that is to say, a conspirator.

> Adapted from the charges of the Honorable John G. Koeltl in *United States v. Barbera*, 21 Cr. 154 (JGK); the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023); and the Honorable Lewis A. Kaplan in *United States v. Gatto*, 17 Cr. 686 (Oct. 1, 2018).

REQUEST NO. 33:  Count Four – Conspiracy – Third Element – Overt Act

The third and last element with respect to Count Four is that the Government must prove beyond a reasonable doubt that at least one of the coconspirators, not necessarily the defendant, committed at least one overt act in furtherance of the conspiracy. In other words, there must have been something more than an agreement, some overt step or action must have been taken by at least one of the conspirators in furtherance of the conspiracy. The overt act element, to put it another way, is a requirement that any agreement in relation to Count Four went beyond the mere talking stage, the mere agreement stage.

It is not required or necessary for the Government to prove any particular overt act. It is enough if the Government proves at least one overt act was committed in furtherance of the conspiracy regardless of whether it's alleged in the Indictment. Although you must find unanimously that some overt act in furtherance of the conspiracy has been proved, you do not have to be unanimous as to which act. Similarly, you need not find that the defendant committed the overt act. It is sufficient for the Government to show that one of the alleged conspirators knowingly committed an overt act in furtherance of the conspiracy, since such an act becomes, in the eyes of the law, the act of all the members of the conspiracy.

You should bear in mind that the overt act standing alone may be an innocent lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting a conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act which in and of itself is criminal or constitutes an objective of the conspiracy.

> Adapted from the charges of the Honorable John G. Koeltl in *United States v. Barbera*, 21 Cr. 154 (JGK); the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673

(Nov. 2, 2023); and the Honorable Lewis A. Kaplan in *United States v. Gatto*, 17 Cr. 686 (Oct. 1, 2018).

REQUEST NO. 34:  Coconspirator Statements

Certain evidence was admitted during trial concerning acts and statements of others because such acts were committed and such statements were made by a person who, the Government claims, was also a coconspirator of the defendants. The reason for allowing this evidence to be received against the defendants has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent of the other conspirators in carrying out the conspiracy. In determining the factual issues before you, you may consider against the defendants any acts or statements made by any of the people that you find, under the standards I have already described, to have been coconspirators, even though such acts or statements were not made in their presence, or were made without their knowledge.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023), and the Honorable Lewis L. Liman in *United States v. Ray*, No. 20 Cr. 110 (Apr. 5, 2022).

REQUEST NO. 35:  Presence of Counsel

(If Applicable)

You have heard evidence that Celsius had lawyers. A lawyer's involvement with an individual or entity does not itself constitute a defense to any charge in this case. The defense has not claimed, and cannot claim, that the defendant's conduct was lawful because he acted in good faith on the advice of a lawyer.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023); the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (Oct. 14, 2022); and the Honorable Analisa Torres in *United States v. Shea*, No. 20 Cr. 412 (May 23, 2022).

62

REQUEST NO. 36:  Conscious Avoidance
(If Applicable)

As I explained with respect to each count charged in the indictment, the Government is required to prove that the defendants acted knowingly. In determining whether the defendant you are considering has knowledge of a fact, you may consider whether that defendant deliberately closed his eyes to what otherwise would have been obvious. As you all know, if a person is actually aware of a fact, then he knows that fact. But the law also allows you to find that a defendant had knowledge of a fact when the evidence shows that he was aware of a high probability of that fact, but intentionally avoided confirming that fact. We refer to this concept, this notion of blinding yourself to what is staring you in the face, as "conscious avoidance" or "willful blindness."

With respect to the substantive securities fraud, market manipulation, and wire fraud crimes charged in Counts One through Three and Five through Seven of the Indictment, in determining whether the Government has proven beyond a reasonable doubt that the defendant had knowledge or acted "knowing" that a certain thing was intended or would occur, you may consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him. One may not willfully and intentionally remain ignorant of a fact important to his conduct in order to escape the consequences of criminal law. And a person cannot look at all sorts of things that make it obvious to any reasonable person what is going on and then claim in court that because he deliberately avoided learning explicitly what was obvious anyway, he did not actually know the incriminating fact.

Accordingly, if you find that the defendant was aware of a high probability of a fact, and that defendant acted with deliberate disregard of the fact, you may find that the defendant knew that fact. However, if you find that the defendant actually believed that the fact was not true, then

63

you may not find that he knew that fact. You must also remember that guilty knowledge may not be established by demonstrating that a defendant was merely negligent, reckless, foolish, or mistaken.

With respect to the conspiracy charge in Count Four, "conscious avoidance," as I have described it, cannot be used as a basis for finding that the defendant you are considering knowingly joined the conspiracy. It is logically impossible for a defendant to agree to join the conspiracy unless he affirmatively knows that the conspiracy exists. However, if you find that the defendant entered into such an agreement, in considering whether he knew the illegal object of the conspiracy, you may consider whether the defendant was aware of a high probability that facts were so, but took deliberate and conscious action to avoid confirming those facts. In other words, if you find beyond a reasonable doubt that the defendant deliberately avoided learning or confirming the illegal object of the conspiracy, such as by purposely closing his eyes to it or intentionally failing to investigate it, then you may treat this deliberate avoidance of learning a fact as the equivalent of knowledge. If, however, the defendant actually believed that he was not a party to an illegal agreement, or if the defendant was merely negligent or careless with regard to what knowledge he had, he lacked the knowledge necessary to become a coconspirator.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023), the Honorable Paul A. Crotty in *United States v. Campo Flores*, No. 15 Cr. 765 (Nov. 18, 2016) (conscious avoidance instruction affirmed by *United States v. Campo Flores*, 945 F.3d 687, 715 (2d Cir. 2019)), and from Sand, *Modern Federal Jury Instructions*, Instr. 3A, and *United States v. Goffer*, 721 F.3d 113 (2d Cir. 2013). *See also United States v. Ferguson*, 676 F.3d 260, 278 (2d Cir. 2011) (Government "need not choose between an 'actual knowledge' and a 'conscious avoidance' theory"); *United States v. Hopkins*, 53 F.3d 533, 542 (2d Cir. 1995) ("A conscious-avoidance charge is appropriate when (a) the element of knowledge

is in dispute, and (b) the evidence would permit a rational juror to conclude beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact."); *United States v. Reyes*, 302 F.3d 48, 55 (2d Cir. 2002) (discussing conscious avoidance in conspiracy cases and noting that "the jury may use the conscious avoidance doctrine to establish the defendant's knowledge of the aims of the conspiracy but, as just noted, may not use it to establish the defendant's intent to participate in the conspiracy"); *United States v. Feroz*, 848 F.2d 359, 360 (2d Cir. 1988) (per curiam) (conscious avoidance instruction should include the "high probability" and actual belief language).

REQUEST NO. 37:  Venue

In addition to all of the elements that I have described for you, you must separately decide whether an act in furtherance of each alleged crime occurred within the Southern District of New York. The Southern District of New York includes Manhattan, the Bronx, and Westchester. This requirement is called "venue." Venue refers to the fact that the Government must prove that a charge was properly brought in this court as opposed to a different federal court. You'll determine the satisfaction of the venue requirement separately for each count.

For the charges in Counts One, Two, Five, and Six, it is sufficient to satisfy the venue requirement if any act in furtherance of the crime charged occurred in this District. The act itself need not be a criminal act. It could include, for example, be processing or executing a securities trade within this District. And the act need not have been taken by the defendant you are considering, so long as the act was part of the crime that you find the defendant committed.

For the wire fraud charges in Count Three and Seven, it is sufficient to establish venue if the defendant caused any interstate wire such as an email, phone call, television or internet broadcast, or financial transaction to be transmitted into or out of the District. The wire need not itself be criminal as long as it was transmitted or caused to be transmitted as part of the scheme. The act need not have been taken by the defendant, so long as the act was part of the crime that you find he committed.

For the conspiracy charged in Count Four, it is sufficient to establish venue if the agreement was formed in or that an overt act in furtherance of the conspiracy was committed by one of the conspirators in the District.

As to the venue requirement alone, the Government's burden is to show that venue is proper by a preponderance of the evidence. That is, the Government must show simply that it is more likely than not that venue is proper here.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023), and the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (Oct. 14, 2022). *See also United States v. Lange*, 834 F.3d 58, 72 (2d Cir. 2016) (venue proper where fraudulent communications were received).

67

REQUEST NO. 38:  False Exculpatory Statements

(If Applicable)

You have heard recordings or seen statements by a defendant, which are in evidence, in which he claimed that his conduct was consistent with innocence and not guilt. The Government claims that those statements in which he exonerated or exculpated himself were false. If you find that the defendant gave a false statement in order to divert suspicion from himself, you may infer that the defendant believed that he was guilty. You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crimes for which he is charged. Whether or not the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you the jury to decide.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023), and the Honorable Richard J. Sullivan in *United States v. Brennerman*, No. 17 Cr. 337 (RJS) (S.D.N.Y. Dec. 6, 2017).

REQUEST NO. 39:  Other Acts Evidence

(If Applicable)

Now, you also heard evidence that the defendant engaged in misconduct that is not charged in this Indictment including _____. The defendant is not on trial for committing those acts. Accordingly, you may not consider the evidence of other uncharged bad acts as a substitute for proof that the defendant committed the crimes with which he is charged here. Nor may you consider that evidence as proof that the defendant has a criminal personality or bad character. The evidence was admitted for limited purposes, and you may consider it for those purposes alone.

More specifically, you may consider the evidence you have heard regarding _____ as relevant to _____.

> Adapted from the charge of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023).

69

REQUEST NO. 40:  Variance in Dates

As I have described the Indictment, you may have noticed that it refers to various dates or times. It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date, and it is not essential that the Government prove that the charged offenses started and ended on any specific dates. The law requires only a substantial similarity between the dates alleged in the indictment and the dates established by the evidence.

> Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 3-12, and the charge of the Honorable Lewis A. Kaplan in *United States v. Jones*, No. 17 Cr. 791 (Dec. 16, 2019).

REQUEST NO. 41:  Cooperating Witnesses

You have heard testimony from Government witnesses who testified that they, in fact, were involved in planning and carrying out some of the crimes charged in the Indictment.

You should be aware that it is not unusual for the government to rely on the testimony of witnesses who admit to participating in criminal activity. Indeed, experience will tell you that the Government frequently must rely on the testimony of witnesses who participated in the criminal activity about which they testify at trials. The government must take its witnesses as it finds them, and frequently the government must use such testimony in criminal prosecutions because otherwise it would be difficult or impossible to detect and prosecute wrongdoers. For those very reasons, the law allows the use of this testimony. In fact, in federal court, the law is that the testimony of a cooperating witness, another phrase being "accomplice witness," in itself may be enough for a conviction if the jury believes it proves guilt beyond a reasonable doubt. So, the testimony of the accomplice or cooperating witnesses is properly before you.

However, the testimony of cooperating or accomplice witnesses should be scrutinized with special care and caution because such witnesses may believe that it's in their interest to give testimony favorable to the Government. The fact that a witness is an accomplice can be considered by you in bearing on his or her credibility. It does not follow, however, that simply because a person has admitted to participating in one or more crimes, that he or she is incapable of giving you a truthful version of what happened. Like the testimony of any other witness, accomplice testimony should be given the weight that it deserves in light of the facts and circumstances before you, considering the witness's demeanor, candor, the strength and accuracy of a witness's recollection, their background, and the extent to which the testimony they gave is corroborated or

not corroborated by other evidence in the case. You may consider whether an accomplice witness has an interest in the outcome, and, if so, whether that's affected his or her testimony.

You heard testimony about various agreements between the Government and the accomplice witnesses. I must caution you that it is no concern of yours why the Government made an agreement with a particular witness. Your sole concern is whether the witness has given truthful and accurate testimony here in this courtroom.

In evaluating the testimony of these witnesses, you should ask yourselves whether these witnesses would benefit more by lying or more by telling you the truth. Was their testimony made up in some way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interests would be best served telling you the truth? If you believe that a witness was motivated by hopes of personal gain, was the motivation one that would cause them to lie or one that would cause them to tell you the truth? Did the motivation color the witnesses' testimony? If you find that testimony by such a witness is false, you should reject it. If, however, after giving cautious and careful consideration to that testimony, and to the witness's demeanor, and the other things that I mentioned, you're satisfied that the witness told you the truth, you should accept it as credible.

As with any witness, let me emphasize that the issue of credibility does not have to be decided on an all-or-nothing basis. Even if you find that a witness testified falsely in part, you still may accept any part of the testimony you find to have been credible.

Let me say a word about guilty pleas: You have heard testimony from one witness who has pled guilty to charges that arise out of some of the facts that are at issue in this case. You are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial here from

the fact that this witness pled guilty to similar or the same charges, including conspiracy charges involving the defendant. The decision of that witness to plead guilty was a personal decision that he made about his own guilt. It cannot be used by you in any way as evidence against or unfavorable to the defendant.

> Adapted from the charge of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023).

REQUEST NO. 42:  Non-Prosecution Agreement

(If Applicable)

You have heard testimony from at least one witness who entered into a non-prosecution agreement with the Government arising out of facts that are at issue in this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant from the fact that a witness entered into such an agreement, even involving similar conduct. The decision of that witness to enter into that agreement and of the Government to enter into that agreement were personal decisions on the part of the witness and the Government and an exercise of the Government's lawful discretion in the case of the Government. It may not be used by you in any way for or against the defendant.

> Adapted from the charge of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023).

74

REQUEST NO. 43:  Expert Witnesses

You heard the testimony of certain witnesses who I certified as experts. An expert is a witness who, by education or experience, has acquired knowledge in a specialized area. Such witnesses are allowed to give their opinions as to relevant matters in which they profess to be an expert, and to give the reasons for their opinions. Expert testimony is presented to you on the theory that someone who is experienced and knowledgeable in a field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing expert testimony, you may consider the expert's qualifications, the opinion given, the witness's reasons for testifying, as well as all the other considerations that ordinarily apply when you are deciding whether or not to believe a witness. You may give expert testimony whatever weight, if any, you find it deserves in light of all the evidence before you. You should not, however, accept a witness's testimony merely because he or she is an expert in a field. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you, the jury.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023); the Honorable Richard J. Sullivan in *United States v. Brennerman*, No. 17 Cr. 337 (Dec. 6, 2017); and the Honorable J. Paul Oetken in *United States v. Middendorf*, No. 18 Cr. 36 (Feb. 1, 2022).

REQUEST NO. 44:  Law Enforcement Witnesses

You have heard the testimony of law enforcement witnesses and other Government employees. The fact that a witness may be employed by the Federal Government as a law enforcement agent or employee does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness. As with all other witnesses, it is up to you to decide, after reviewing all the evidence, what weight to give the testimony of law enforcement witnesses.

> Adapted from the charges of the Honorable Jesse M. Furman in *United States v. Avenatti*, No. 19 Cr. 374 (Feb. 1, 2022), and from the charge of the Honorable J. Paul Oetken in *United States v. Matthews*, No. 18 Cr. 124 (Sept. 24, 2018).

76

REQUEST NO. 45:  Preparation of Witnesses

(If Applicable)

You have heard evidence during the trial that some witnesses have discussed the facts of the case and their testimony with lawyers before the witnesses appeared in court. Although you may consider that fact when you evaluate a witness's credibility, I should tell you that there is nothing unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation. Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the charge of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023).

REQUEST NO. 46:  Uncalled Witnesses – Equally Available To Both Sides

There are people whose names you have heard during the course of trial, but who did not appear here to testify. I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. The burden of proof remains at all times with the Government.

> Adapted from the charge of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023).

REQUEST NO. 47:  Other Individuals Not on Trial

You may not draw any inference, favorable or unfavorable, toward the Government or the defendant you are considering from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reasons why other people are not on trial before you now. Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

> Adapted from the charge of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023).

REQUEST NO. 48:   Defendant's Testimony

(If Applicable)

In a criminal case, the defendant never has a duty to testify or come forward with any evidence. The reason is that, as I have told you, the defendant is presumed innocent and the government at all times has the burden of proof beyond a reasonable doubt. But, if he chooses, the defendant has the right to testify and to take the witness stand on his own behalf.

As you saw, the defendant took the witness stand and testified. I have already instructed you on how you should evaluate the credibility of the witnesses you have heard in this case. You should evaluate the defendant's testimony the same way that you judge the testimony of the other witnesses in this case.

> Adapted from the charge of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023); *see also United States v. Gaines*, 457 F.3d 238, 240 (2d Cir. 2006) ("[I]f the defendant has testified, the trial court should tell the jury to evaluate the defendant's testimony in the same way it judges the testimony of other witnesses."). *But see United States v. Solano*, 966 F.3d 184, 197 (2d Cir. 2020) (holding that it was error for the district court to instruct that "any" witness with an interest in the outcome of the case, which included the defendant, necessarily has a "motive to testify falsely").

REQUEST NO. 49:   Defendant's Right Not To Testify

(If Requested by the Defense)

The defendant did not testify. Under our Constitution, a defendant never is required to testify or to present any evidence because it is always the Government's burden to prove a defendant guilty beyond a reason doubt. A defendant never is required to prove that he is innocent. You may not attach any significance to the fact that the defendant did not testify. You may not draw any adverse inference against the defendants because the defendant did not take the witness stand. You may not consider this in any way in your deliberations.

Adapted from the charge of the Honorable Lewis A. Kaplan in *United States v. Gatto*, No. 17 Cr. 686 (Oct. 1, 2018).

REQUEST NO. 50:  Particular Investigative Techniques Not Required

(If Applicable)

You have heard reference to certain investigative techniques that were used or not used by the Government in this case. There is no legal requirement that the Government prove its case through any particular means. While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why the Government used the techniques it did or why it did not use other techniques.

Adapted from the charge of the Honorable Lewis A. Kaplan in *United States v. Gatto*, No. 17 Cr. 686 (Oct. 1, 2018).

REQUEST NO. 51:  Use of Evidence Obtained Pursuant to Searches

(If Applicable)

You have heard testimony about evidence seized, pursuant to search warrants signed by a judge, from social media account and iCloud accounts. Evidence obtained from these searches was properly admitted in this case and may properly be considered by you.  Indeed, searches of online accounts are entirely appropriate law enforcement actions. Whether you approve or disapprove of how this evidence was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

> Adapted from the charge of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023).

REQUEST NO. 52:  Use of Charts and Summaries

There is evidence before you in the form of charts and summaries. Those exhibits purport to summarize the underlying evidence that was used to prepare them. I admitted these charts and summaries into evidence in place of or in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. They are no better than the documents upon which they are based. Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based. It is for you to decide whether they correctly present the information contained in the testimony and in the exhibits on which they were based.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023), and the Honorable Jesse M. Furman in *United States v. Avenatti*, No. 19 Cr. 374 (Feb. 1, 2022).

REQUEST NO. 53:  Stipulations

(If Applicable)

You have heard some stipulations in this case. Generally speaking, there are two kinds.

A stipulation of fact is an agreement between the parties that a certain fact is true. You must regard such agreed-upon facts as true, but it is still for you to determine the weight to be given to that fact.

A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony. You must accept as true the fact that the witness would have given that testimony. However, it is for you to determine the weight to be given to that testimony.

Adapted from the charge of the Honorable Richard J. Sullivan in *United States v. Brennerman*, No. 17 Cr. 337 (Dec. 6, 2017).

REQUEST NO. 54:  Transcripts

Recordings have been admitted into evidence and transcripts of those recordings were provided to use as aids. I instructed you then, and I remind you now, that the transcripts are not evidence. The transcripts were provided only as an aid to you in listening to the recordings. It is for you to decide whether the transcripts correctly present the conversations recorded on the recordings that you heard.

> Adapted from the charge of the Honorable Richard J. Sullivan in
> *United States v. Brennerman*, No. 17 Cr. 337 (Dec. 6, 2017).

REQUEST NO. 55:  Redactions

(If Applicable)

There are, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document or recording was taken out. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been deleted.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023), and the Honorable Jesse M. Furman in *United States v. Avenatti*, No. 19 Cr. 374 (Feb. 1, 2022).

REQUEST NO. 56:  Concluding Remarks

The Government respectfully requests that the Court close by instructing the jurors regarding the selection of a foreperson, communications with the Court during deliberations, provision of copies of the Indictment and jury charge, and the procedures regarding requests for particular exhibits or testimony.


Dated: New York, New York
       October 11, 2024

                                        Respectfully submitted,

                                        DAMIAN WILLIAMS
                                        United States Attorney
                                        Southern District of New York


                              By:  _____
                                        Adam S. Hobson
                                        Allison Nichols
                                        Peter J. Davis
                                        Assistant United States Attorneys
                                        Southern District of New York