UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

ALEXANDER MASHINSKY,

Defendant.

Case No. 23-cr-347 (JGK)

---

# DEFENDANT ALEXANDER MASHINSKY'S
# PROPOSED VOIR DIRE QUESTIONS

MUKASEY YOUNG LLP
570 Lexington Avenue, Suite 3500
New York, New York 10022
(212) 466-6400

*Counsel for Alexander Mashinsky*

Defendant Alexander Mashinsky respectfully submits this proposed *voir dire* pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure and requests that the Court include the following questions in its examination of prospective jurors in addition to the Court's standard questions. In the event a prospective juror's answers reveal that further questioning is appropriate, Mr. Mashinsky respectfully requests that the Court pursue more detailed questioning to determine if the prospective juror is able to be fair and impartial in this case. In addition, if a prospective juror has heard of, or otherwise is familiar with, any aspect of this case, Mr. Mashinsky respectfully asks that the Court question the prospective juror outside the presence of the broader jury pool.

## **INTRODUCTION**

You are a prospective juror in a criminal case brought by the United States of America against Alexander Mashinsky. Mr. Mashinsky has pleaded not guilty and he is presumed innocent of all the charges.

The charges against Mr. Mashinsky are identified in an indictment. The indictment merely contains allegations and is not itself evidence. You may not consider it as evidence. The indictment simply contains the charges that the government is required to prove to the satisfaction of the jury beyond a reasonable doubt. The indictment here charges different counts of fraud and conspiracy. The number of different counts is not indicative of anything. You must not think of the indictment as evidence nor draw any conclusions about the guilt or innocence of the defendant just because he has been indicted.

It is the government's burden to prove each element of each charge beyond a reasonable doubt. Mr. Mashinsky is not required to prove his innocence. Unless the government proves that Mr. Mashinsky is guilty of a charge beyond a reasonable doubt, the jury must return a verdict of

1

not guilty on that charge.

This case is very important to both sides and they depend on you to respond as fully and honestly as you can to every question. If there is any question that you prefer to answer in private, please let us know and we will arrange for that to happen. If you do not understand any of the terms I use, please bring that to my attention as well.

## **KNOWLEDGE OF TRIAL PARTICIPANTS**

1. The government is represented here, as it is in all cases, by the United States Attorney for the Southern District of New York, Damian Williams. This trial will be prosecuted by Assistant United States Attorneys [*list to be provided*].

    a. Have you seen or heard any news stories or internet postings about U.S. Attorney Damian Williams or his office?

    b. To the best of your knowledge, have you or any relative or close friend had any dealings, either professional or social, directly or indirectly, with Mr. Williams, [*the particular AUSAs*], or with the United States Attorney's Office?

2. The defendant in this case is Alexander Mashinsky. Mr. Mashinsky was the co-founder and former chief executive of a cryptocurrency company called Celsius.

    a. Do any of you know Mr. Mashinsky?

    b. To the best of your knowledge, have you, or any relative or friend, had any dealings, either directly or indirectly, with Mr. Mashinsky?

    c. Have any of you seen or heard any news stories or internet postings about Mr. Mashinsky, or otherwise know of him?

3. Before today, had any of you heard of Celsius? If so, what did you hear and what was the source of that information?

4. Have you, or any relative or friend of yours, been a client or customer of Celsius or part of the Celsius online "community"?

5. Mr. Mashinsky is represented by Marc Mukasey, Torrey Young, Mike Westfal and Stephanie Guaba. They will be assisted by Sal Chan.

   a. Do any of you know Mr. Mukasey, Ms. Young, Mr. Westfal, Ms. Guaba or Mr. Chan?

   b. To the best of your knowledge, have you, or any relative or friend, had any dealings, either directly or indirectly, with any of the individuals I just mentioned?

6. Have you read or heard anything about this case other than what I have told you so far? If yes:

   a. Based on what you heard or read, have you formed any opinions or views one way or the other? [Please answer only "yes" or "no"]

7. Have you verbally stated or posted your opinion online or on social media or any other way about Alexander Mashinsky, Celsius, or this case?

   a. If so, what did you post and where?

8. Some of the evidence in this case might be translated from Hebrew into English and you might hear about business events in this case that took place in Israel. Would hearing about business events that took place in Israel make it hard for any of you to be fair and impartial?

9. Do you know of, or have you had any dealings with, any of the following people who may be mentioned or who may testify in this case *[list to be provided]*?

10. Do you know any other member of the prospective jury panel?

## CRYPTOCURRENCY / FINANCIAL INDUSTRY

11. Please indicate if you have ever bought, sold, or transacted in any way in cryptocurrencies or crypto assets?

12. Please indicate if you would *never* buy, sell, or transact in any way in cryptocurrencies or crypto assets?

    a.  If so, please explain.

13. Have you, or a family member, or someone close to you ever lost money trading cryptocurrencies or crypto assets?

    a.  If so, what do you believe caused that loss?

14  Do you have a negative opinion about cryptocurrency, the cryptocurrency markets, cryptocurrency businesses, or people who work in cryptocurrency?

    a.  If so, what is your opinion and what is your reason or basis?

15. You may hear testimony in this case about a former cryptocurrency trading platform called FTX. If you are familiar with FTX, please describe how so.

16. Have you, or any relative or close friend ever worked in the cryptocurrency industry?

    a.  If so, please describe the nature of the work.

17. Have you ever worked in, or studied in, the fields of finance or securities?

    a.  If yes, please describe.

18. How closely do you follow the stock market or other financial markets?

19. Have you ever traded, or do you currently trade in the stock market, whether through individual stocks, bonds, mutual funds, hedge funds or otherwise?

    a.  If so, do you make trading decisions on your own or with an investment professional?

4

20. Please raise your hand if you have *never* invested in any of the following: stocks, securities or bonds, IRA/401(k), CD, mutual funds, or a money market fund.

21. If you do invest in and trade stocks:

    a. What sources of information do you use when determining whether to invest or trade in a particular company?

    b. What platform(s) do you use to invest or trade in the stock market? Examples: E*Trade, TD Ameritrade, Charles Schwab, Robinhood, etc.

22. Have you, or any relative or close friend, ever made or lost what you consider to be a significant amount of money in the stock market?

    a. If you sustained a significant loss, to what did you attribute the loss?

23. If a company involved in the cryptocurrency industry or the financial industry fails, do you feel that only the owners of the company must be to blame?

    a. If so, why and what is your basis?

24. Is there anything about your own experience or views on the cryptocurrency market, stock market or financial industry, that we should know in considering whether you could be fair and impartial in this case?

## **NATURE OF THE CHARGES / CRIME VICTIM**

25. Have you, or a family member, or someone close to you ever been the victim of fraud crime whether it was reported or not?

    a. If so, is there any way that might make it hard for you to be a fair and impartial juror in this case?

26. Have you ever felt that you were cheated or taken advantage of in a business dealing?

27. Have you or anyone close to you had any experience with a company that went out of business because of a bad economic environment, or a slow time in the market, or just plain bad luck?

28. Have you or anyone close to you had any experience in running a business that might make it hard for you to be a completely fair and impartial juror to both sides in this case equally?

   a. If so, please explain.

29. Have you or anyone close to you ever worked at a start-up company?

30. Do any of you believe that if a business fails, the founder or CEO must be responsible for it?

31. You may hear testimony in this case about persons who accumulated substantial wealth through various technology and financial businesses. Would that make it hard for you to be a completely fair and impartial juror to both sides in this case equally?

   a. If so, please explain.

32. Do you feel that the government should be doing more to investigate and prosecute business crimes?

## RELATIONSHIP WITH THE GOVERNMENT

33. Have you, or a family member, or someone close to you ever worked in law, law enforcement, the justice system, or the courts?

34. If so, would that experience make you tend to lean in favor of the government in any way?

35. Do you know or have any association—professional, business, or social, directly or indirectly—with the FBI, the Securities and Exchange Commission, (the "SEC"),

the Commodities Futures Trading Commission ("CFTC"), or any other investigative or regulatory entity?

    a.    If so, please explain.

           i.    If so, might this affect your ability to serve as a fair and impartial juror in this case? If so, please explain.

36. Have you, a family member, or anyone close to you ever worked for any branch or department of the government?

    a.    If so, please explain who and where, in what capacity, to the best of your knowledge.

    b.    If so, please explain.

## **DUTY AS JURORS**

37. A juror is required by law to make his or her decision based solely on the evidence or lack of evidence presented in Court, and not on the basis of conjecture, suspicion, bias, sympathy, or prejudice. Is there any reason why you might not be able to put those things completely out of mind when deciding this case if you were selected to serve on this jury?

    a.    If so, please explain.

38. As I mentioned earlier, the fact that a defendant has been indicted is entitled to no weight in deciding whether the defendant is innocent or guilty. Do you have any concerns with this principle, and would you be able to keep an open mind during the presentation of the evidence in this case?

39. Mr. Mashinsky is presumed to be innocent. The presumption of innocence requires that you find Mr. Mashinsky not guilty, unless you become satisfied that the

government has proved guilt beyond a reasonable doubt. The burden of proof rests upon the prosecution at all times and never shifts to the defendant. The presumption of innocence means that Mr. Mashinsky has no obligation or duty to prove his innocence or to offer any proof or evidence at all. Would you have any difficulty presuming Mr. Mashinsky to be innocent of all charges and finding him not guilty unless the government proves to you – beyond a reasonable doubt – that he committed the offenses charged?

40. Do you think that because Mr. Mashinsky has been charged by the government and is here on trial, he must have done something wrong?

41. If, at the end of this case, you have a "gut" feeling that the defendant may have committed the crimes with which he is charged, but the government did not meet its burden of proving the defendant's guilt beyond a reasonable doubt, would you hesitate to find the defendant not guilty?

42. Mr. Mashinsky is under no obligation to testify in his own defense or to present any witnesses or evidence. If the defendant does not testify, the jury cannot draw any unfavorable inferences against the defendant based on that decision. Would you have any difficulty following this requirement?

43. If defense counsel does decide to present evidence on the defendant's behalf, that fact does not shift the burden of proof to the defendant, nor does it diminish the government's obligation to prove the defendant's guilt beyond a reasonable doubt. Would you have any difficulty following this principle?

44. The judge will explain the law for this case and what the government needs to prove. Is there any reason that you would judge this case based on your own moral principles or

feelings, rather than setting them aside and holding the government to proving its case beyond a reasonable doubt according to the law?

    a.    If not, please explain.

45. From now and until your jury service is complete, you are instructed to avoid all media coverage and not to go on the Internet with regard to this case for any purpose. That is, you are forbidden from reading, watching, or listening to any news media or social media regarding this case, or any discussion of this case (or of anyone participating in the case) outside of the courtroom whatsoever. You also must not discuss this case with anyone. This includes your family, friends, acquaintances, neighbors, current or former spouse(s), domestic partner, colleagues, and co-workers. These instructions apply from now and until you are either dismissed from jury selection or chosen as a juror and the trial is complete. Do you have any reservations or concerns about your ability or willingness to completely follow this instruction?

    a.    If so, please explain.

46. Is there any reason you would especially like to serve as a juror on this case?

    a.    If so, please explain.

47. Is there any reason you believe that the outcome of this case could affect you personally?

    a.    If so, please explain.

## **JUROR BACKGROUND**

48. What are your main sources of obtaining news and information?

49. What magazines, newspapers or websites do you read or follow on a regular basis? How often do you view those sources?

50. What television shows do you watch? What shows or series do you stream?

51. Do you watch or stream any television shows, movies, or documentaries about the justice system, and/or people accused of crimes? Which such programs have you watched recently? Would those programs in any way impact your ability to be fair in this case?

52. What podcasts, if any, do you listen to? Have you listened to any podcasts recently that dealt with criminal cases or criminal justice issues? If so, what podcasts?

53. What social media platforms, if any, do you use (*e.g.,* YouTube, Facebook, Instagram, Twitter or "X", TikTok, Snapchat, Truth Social, LinkedIn)?

    a. How frequently do you visit those social media platforms?

    b. Do you use social media platforms more as a news source, or as a form of entertainment or in another way?

54. What are your hobbies? What do you do in your free time?

55. Name someone, unrelated to you, living or passed, whom you admire.

### **EXPERIENCE WITH THE LEGAL SYSTEM**

56. Do you have any opinions about the legal system, whether positive or negative?

57. Have you ever served on a jury before? If yes:

    a. Was it a criminal or civil case?

    b. If it was a criminal case, did the jury return a verdict?

    c. Did you serve as the foreperson on the jury?

    d. Did you find the experience rewarding?

58. Have you ever served on a grand jury?

59. Have you ever been a party in any kind of legal dispute or lawsuit? If so, what kind? Do you feel that the legal system treated you fairly?

60. Have you ever been a witness in a lawsuit? If yes, what was the case about?

61. Have you or any relative or close friend ever been accused, charged with, or convicted of a crime?

62. Do you believe that the testimony of a law enforcement officer or federal agent should be given either greater or lesser weight than other types of witnesses, based solely on their status in law enforcement?

63. Do you believe that if a lawyer for the government or a law enforcement officer says that something is true, that it is likely to be true?

64. Have you, or any relative or close friend, ever been employed by any prosecutor's office or law enforcement agency whether federal, state, or local?

65. Does the fact that the federal government is a party to this case affect in any way how you think about the case? If so, why?

66. Do you feel that if someone has accumulated substantial wealth in business, they are likely to have done something unlawful or illegal?

67. Have you ever reported misconduct in the hopes of receiving a monetary award for your report? Have you ever been a "whistleblower"?

68. Do you have any religious, philosophical, moral or other belief that might make you unable to render a verdict for reasons unrelated to the law and the evidence presented in the case?

69. Is there any factor that I have not covered in my questions that you think would make it impossible for you to serve as a fair and impartial juror?

                Respectfully submitted,

By:   /s/ Marc L. Mukasey
       Marc L. Mukasey
       Torrey K. Young
       Michael F. Westfal
       MUKASEY YOUNG LLP
       570 Lexington Avenue, Suite 3500
       New York, New York 10022
       (212) 466-6400
       marc.mukasey@mukaseylaw.com

*Counsel for Alex Mashinsky*