UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

ALEXANDER MASHINSKY,

Defendant.

No. 23-cr-347 (JGK)

**DEFENDANT'S REQUESTS TO CHARGE**

MUKASEY YOUNG LLP
570 Lexington Avenue, Suite 3500
New York, NY 10022
Tel: (212) 466-6400

*Attorneys for Alexander Mashinsky*

## TABLE OF CONTENTS

PROPOSED JURY INSTRUCTION NO. 1 STANDARD INSTRUCTIONS ................................2

PROPOSED JURY INSTRUCTION NO. 2 THE INDICTMENT ..................................................3

PROPOSED JURY INSTRUCTION NO. 3 OVERVIEW OF THE CHARGES ..........................4

PROPOSED JURY INSTRUCTION NO. 4 CRIMES DEFINED BY STATUTE ONLY ...........6

PROPOSED JURY INSTRUCTION NO. 5 GOOD FAITH DOCTRINE ...................................7

PROPOSED JURY INSTRUCTION NO. 6 COUNT ONE: OVERVIEW OF THE SECURITIES
FRAUD CHARGE ..........................................................................................................................10

PROPOSED JURY INSTRUCTION NO. 7 SECURITIES FRAUD: ELEMENTS OF THE
OFFENSE ......................................................................................................................................11

PROPOSED JURY INSTRUCTION NO. 8 SECURITIES FRAUD: FIRST ELEMENT –
MISREPRESENTATION; IN GENERAL ....................................................................................12

PROPOSED JURY INSTRUCTION NO. 9 SECURITIES FRAUD: FIRST ELEMENT –
MISREPRESENTATION; STATEMENTS THAT DO NOT EXPRESS MATTERS OF
OBJECTIVE FACT .......................................................................................................................13

PROPOSED JURY INSTRUCTION NO. 10 SECURITIES FRAUD: FIRST ELEMENT –
MISREPRESENTATION; PUFFERY ...........................................................................................14

PROPOSED JURY INSTRUCTION NO. 11 SECURITIES FRAUD: SECOND ELEMENT –
MATERIALITY; DEFINITION OF MATERIALITY ..................................................................15

PROPOSED JURY INSTRUCTION NO. 12 SECURITIES FRAUD: SECOND ELEMENT –
MATERIALITY; TOTAL AVAILABLE INFORMATION .........................................................17

PROPOSED JURY INSTRUCTION NO. 13 SECURITIES FRAUD: SECOND ELEMENT –
MATERIALITY; FACTS ALREADY DISCLOSED; "TRUTH ON THE MARKET" ..............18

PROPOSED JURY INSTRUCTION NO. 14 SECURITIES FRAUD: THIRD ELEMENT – IN
CONNECTION WITH ...................................................................................................................19

PROPOSED JURY INSTRUCTION NO. 15 SECURITIES FRAUD: THIRD ELEMENT –
DEFINITION OF SECURITY ......................................................................................................20

PROPOSED JURY INSTRUCTION NO. 16 SECURITIES FRAUD: FOURTH ELEMENT –
KNOWLEDGE, WILLFULNESS, AND INTENT TO DEFRAUD .............................................23

PROPOSED JURY INSTRUCTION NO. 17 SECURITIES FRAUD: FOURTH ELEMENT –
KNOWLEDGE, WILLFULNESS, AND INTENT TO DEFRAUD; INTENT ............................25

i

PROPOSED JURY INSTRUCTION NO. 18 SECURITIES FRAUD: FIFTH ELEMENT – INTERSTATE COMMERCE ....................................................................................................26

PROPOSED JURY INSTRUCTION NO. 19 COUNT TWO: COMMODITIES FRAUD – OVERVIEW ..............................................................................................................................27

PROPOSED JURY INSTRUCTION NO. 20 COMMODITIES FRAUD: ELEMENTS OF THE OFFENSE ...................................................................................................................................28

PROPOSED JURY INSTRUCTION NO. 21 COMMODITIES FRAUD: FIRST ELEMENT – MISREPRESENTATION..........................................................................................................29

PROPOSED JURY INSTRUCTION NO. 22 COMMODITIES FRAUD: SECOND ELEMENT – IN CONNECTION WITH....................................................................................................30

PROPOSED JURY INSTRUCTION NO. 23 COMMODITIES FRAUD: THIRD ELEMENT – MATERIALITY ........................................................................................................................32

PROPOSED JURY INSTRUCTION NO. 24 COMMODITIES FRAUD: FOURTH ELEMENT – INTENT ............................................................................................................................... 33

PROPOSED JURY INSTRUCTION NO. 25 COUNT THREE: OVERVIEW OF THE WIRE FRAUD CHARGE......................................................................................................................34

PROPOSED JURY INSTRUCTION NO. 26 WIRE FRAUD: ELEMENTS OF THE OFFENSE ...................................................................................................................................................35

PROPOSED JURY INSTRUCTION NO. 27 WIRE FRAUD: FIRST ELEMENT – SCHEME TO DEFRAUD OF MONEY OR PROPERTY...............................................................................36

PROPOSED JURY INSTRUCTION NO. 28 WIRE FRAUD: SECOND ELEMENT – BY MEANS OF FALSE PRETENSES, REPRESENTATIONS OR PROMISES............................37

PROPOSED JURY INSTRUCTION NO. 29 WIRE FRAUD: SECOND ELEMENT – "BY MEANS OF"...............................................................................................................................38

PROPOSED JURY INSTRUCTION NO. 30 WIRE FRAUD: THIRD ELEMENT – MATERIALITY ........................................................................................................................39

PROPOSED JURY INSTRUCTION NO. 31 WIRE FRAUD: FOURTH ELEMENT – KNOWINGLY, WILLFULLY, AND WITH SPECIFIC INTENT TO DEFRAUD...................40

PROPOSED JURY INSTRUCTION NO. 32 WIRE FRAUD: FIFTH ELEMENT – USE OF INTERSTATE WIRES...................................................................................................................42

PROPOSED JURY INSTRUCTION NO. 33 COUNT FIVE: OVERVIEW OF THE SECURITIES FRAUD CHARGE...................................................................................................43

PROPOSED JURY INSTRUCTION NO. 34 SECURITIES FRAUD: ELEMENTS OF THE OFFENSE (FALSE AND MISLEADING STATEMENTS OF FACT) ....................................44

PROPOSED JURY INSTRUCTION NO. 35 SECURITIES FRAUD: ELEMENTS OF THE OFFENSE (MARKET MANIPULATION)...................................................................................45

PROPOSED JURY INSTRUCTION NO. 36 SECURITIES FRAUD: FIRST ELEMENT – SCHEME TO DEFRAUD (MARKET MANIPULATION)..........................................................46

PROPOSED JURY INSTRUCTION NO. 37 SECURITIES FRAUD: FIRST ELEMENT – MARKET MANIPULATION .....................................................................................................47

PROPOSED JURY INSTRUCTION NO. 38 SECURITIES FRAUD: SECOND ELEMENT – IN CONECTION WITH PURCHASE OR SALE OF A SECURITY (MARKET MANIPULATION)..........................................................................................................................49

PROPOSED JURY INSTRUCTION NO. 39 SECURITIES FRAUD: THIRD ELEMENT – KNOWLEDGE, WILLFULNESS, AND INTENT TO DEFRAUD (MARKET MANIPULATION)..........................................................................................................................50

PROPOSED JURY INSTRUCTION NO. 40 SECURITIES FRAUD: FOURTH ELEMENT – INTERSTATE COMMERCE (MARKET MANIPULATION) ....................................................52

PROPOSED JURY INSTRUCTION NO. 41 COUNT SIX: OVERVIEW OF MARKET MANIPULATION CHARGE ......................................................................................................53

PROPOSED JURY INSTRUCTION NO. 42 MARKET MANIPULATION: ELEMENTS OF THE OFFENSE .............................................................................................................................54

PROPOSED JURY INSTRUCTION NO. 43 MARKET MANIPULATION: FIRST ELEMENT – EFFECTING A SERIES OF TRANSACTIONS IN A SECURITY.........................................55

PROPOSED JURY INSTRUCTION NO. 44 MARKET MANIPULATION: SECOND ELEMENT – MANIPULATIVE CONDUCT ..............................................................................56

PROPOSED JURY INSTRUCTION NO. 45 MARKET MANIPULATION: THIRD ELEMENT – KNOWLEDGE, WILLFULNESS, AND MANIPULATIVE INTENT ....................................57

PROPOSED JURY INSTRUCTION NO. 46 MARKET MANIPULATION: FOURTH ELEMENT – INTERSTATE COMMERCE...............................................................................58

PROPOSED JURY INSTRUCTION NO. 47 COUNT SEVEN: OVERVIEW OF THE WIRE FRAUD CHARGE...........................................................................................................................59

PROPOSED JURY INSTRUCTION NO. 48 WIRE FRAUD: ELEMENTS OF THE OFFENSE ..................................................................................................................................................60

PROPOSED JURY INSTRUCTION NO. 49 COUNT FOUR: CONSPIRACY TO
MANIPULATE THE PRICE OF CEL ............................................................................ 61

PROPOSED JURY INSTRUCTION NO. 50 CONSPIRACY TO MANIPULATE THE PRICE
OF CEL: ELEMENTS OF THE OFFENSE ................................................................... 62

PROPOSED JURY INSTRUCTION NO. 51 CONSPIRACY TO MANIPULATE THE PRICE
OF CEL: FIRST ELEMENT – EXISTENCE OF THE CONSPIRACY ...................................... 63

PROPOSED JURY INSTRUCTION NO. 52 CONSPIRACY TO MANIPULATE THE PRICE
OF CEL: SECOND ELEMENT – MEMBERSHIP IN THE CONSPIRACY ............................. 65

PROPOSED JURY INSTRUCTION NO. 53 CONSPIRACY TO MANIPULATE THE PRICE
OF CEL: THIRD ELEMENT – OVERT ACT ................................................................ 67

PROPOSED JURY INSTRUCTION NO. 54 WITNESS WITH GOVERNMENT
AGREEMENT .................................................................................................... 69

PROPOSED JURY INSTRUCTION NO. 55 SUMMARY WITNESS TESTIMONY ............... 71

PROPOSED JURY INSTRUCTION NO. 56 DEFENDANT'S TESTIMONY .......................... 72

PROPOSED JURY INSTRUCTION NO. 57 LAW ENFORCEMENT WITNESSES ............... 73

PROPOSED JURY INSTRUCTION NO. 58 DUTY TO DELIBERATE / UNANIMOUS
VERDICT ......................................................................................................... 74

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, Alexander Mashinsky respectfully requests that the Court include the following charges in its instructions to the jury.

Mr. Mashinsky respectfully reserves his right to modify these proposed instructions or to submit additional requested instructions as appropriate or necessary to address evidence produced at the pretrial stage or introduced at trial, or arguments advanced by the government.

## PROPOSED JURY INSTRUCTION NO. 1
## STANDARD INSTRUCTIONS

Mr. Mashinsky respectfully requests that the Court charge the jury in its usual manner with respect to subjects not specifically addressed herein.

**PROPOSED JURY INSTRUCTION NO. 2**
**THE INDICTMENT**

We will now turn to the specific charges in the Indictment.  I remind you that the

Indictment itself is not evidence.  It merely describes the charges made against Mr. Mashinsky.

It is an accusation.  It may not be considered by you as any evidence of the guilt of Mr.

Mashinsky.  Each charge is called a count.

Before you begin your deliberations, you will be provided with a copy of the statutory

allegations in the Indictment.  I will summarize the offenses charged in the Indictment and then

explain in detail the elements of each offense.


Authority: Adapted from *United States v. Barbera*, No. 21-cr-154 (JGK), Jury Charge, at 1039:1-
5 (S.D.N.Y. Feb. 15, 2022), ECF No. 113; *see also* Sand, Instr. 3-1.

## PROPOSED JURY INSTRUCTION NO. 3
## OVERVIEW OF THE CHARGES

The Indictment contains seven separate counts. Each charges Mr. Mashinsky with a different crime. You must consider each count separately and return a verdict of guilty or not guilty on each count.

Count One charges Mr. Mashinsky with securities fraud.

Count Two charges Mr. Mashinsky with commodities fraud.

Count Three charges Mr. Mashinsky with wire fraud.

Count Four charges Mr. Mashinsky with conspiracy to commit securities fraud, to artificially manipulate the price of CEL token, and to commit wire fraud. I will explain in more detail later that a conspiracy is an agreement by two or more people to violate the law.

Count Five charges Mr. Mashinsky with the actual commission of securities fraud. This is called a substantive count. Later on I will explain to you the differences between a conspiracy count and a substantive count. For now just keep in mind that a conspiracy count is different from a substantive count.

Count Six charges Mr. Mashinsky with the substantive count of market manipulation of CEL token.

Finally, Count Seven charges Mr. Mashinsky with a substantive count of wire fraud.

Please remember that the Indictment is merely an accusation, a series of allegations made against Mr. Mashinsky. It is proof of nothing.

I will now instruct you on the elements of each of the charges against Mr. Mashinsky. Each of these charges contains different elements. It is the burden of the government to prove beyond a reasonable doubt each element. Remember as you consider each count, you must find

Mr. Mashinsky not guilty, unless the government has proven each element of each crime charged in each count beyond a reasonable doubt.

Authority: Adapted *United States v. Barbera*, No. 21-cr-154 (JGK), Jury Charge, at 1039-40 (S.D.N.Y. Feb. 15, 2022), ECF No. 113; *see also* Sand, Instr. 3-2.

## PROPOSED JURY INSTRUCTION NO. 4
## CRIMES DEFINED BY STATUTE ONLY

The fact that you may think certain conduct is unethical or morally wrong is truly of no consequence in this case. Statutes enacted by Congress define our crimes, and I will talk to you about the individual statutes and how they break down into essential elements so that you can consider the elements that the government must prove beyond a reasonable doubt. Conduct is a crime only if that conduct is defined as a crime by a statute. If you only feel that something wrong has been done, that is insufficient to convict Mr. Mashinsky of any charge. Remember, not every instance of unfairness or sharp business practice constitutes a crime. Instead, you are required to break each count into its elements and determine if the government has or has not met its burden of proving the guilt of Mr. Mashinsky beyond a reasonable doubt as to each one of those elements.

Authority: Modified from charge given in *United States v. Zemlyansky*, 12-cr-171 (JPO) (S.D.N.Y. Oct. 23, 2013), ECF No. 931, at 128-29 ("In our system we only have crimes that are defined by statute. The fact that something may be repugnant to you or may be something that you think is morally wrong is of no interest . . . . Some feeling that something wrong has been done is insufficient to convict anyone of any charge whatsoever."); see also charge given in *United States v. Seitz*, 12-cr-921 (SHS) (S.D.N.Y. Mar. 11, 2014), ECF No. 95, at 103 (similar); charge given in *United States v. Shapiro*, 15-cr-155 (RNC) (D. Conn. June 1, 2017), ECF No. 462 at 39 ("A feeling that something wrong has been done is insufficient to support a criminal conviction, and not every instance of unfairness or sharp business practice constitutes a federal crime.").

## PROPOSED JURY INSTRUCTION NO. 5
## GOOD FAITH DOCTRINE

The good faith of Mr. Mashinsky is a complete defense because good faith on the part of a defendant is, simply, inconsistent with a finding of fraudulent or manipulative intent as I will define for you later.

A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under the statutes relevant to this case merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an error in management does not rise to the level of criminal conduct.

While the term good faith has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to comply with the law. If Mr. Mashinsky believed in good faith that he was acting lawfully, even if he was mistaken in that belief, and even if others were harmed by his conduct, there is no crime.

Under the relevant statutes, even false representations or statements of material facts do not amount to fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. Moreover, a statement made with good faith belief in its accuracy does not amount to a fraudulent statement and is not a crime. This is so even if the statement is, in fact, erroneous.

In determining whether Mr. Mashinsky acted in good faith, as appropriate to the count you are considering, you must consider all of the evidence in the case bearing on Mr. Mashinsky's state of mind. You may, for example, consider the words and actions of others, which may have had an effect on Mr. Mashinsky's state of mind, his thinking, and his belief.

The fact that attorneys may have drafted and reviewed documents or otherwise been involved in matters related to the charged conduct, or the fact that attorneys did not inform Mr. Mashinsky of any potential illegality may also be evidence of his good faith.

Similarly, the officers and directors of a corporation owe certain fiduciary duties to their corporation and to the shareholders of their corporation. These include a duty of care, which, in turn, includes a duty to monitor or oversee corporate operations, by exercising appropriate attention to potentially illegal corporate activities and by taking steps in an effort to prevent or remedy the situation.

The burden of proving good faith does not rest with Mr. Mashinsky because he does not have an obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that Mr. Mashinsky acted with the requisite criminal intent. If the evidence in the case leaves you with a reasonable doubt as to whether Mr. Mashinsky acted in good faith, the government has not met its burden of proving guilt beyond a reasonable doubt, and you must find Mr. Mashinsky not guilty.

Authority: Modified from O'Malley § 47.16, Sand, Instr. 8-1. *See also United States v. Percoco*, 13 F.4th 158, 176 (2d Cir. 2021); *United States v. Gatto*, 986 F.3d 104, 118 (2d Cir. 2021); *United States v. Tagliaferri*, No. 13-cr-115 (RA), Jury Charge, at 2758:12-21 (S.D.N.Y. July 17, 2014), ECF No. 89.

As to considering words and actions of others, *see United States v. Litvak*, 808 F.3d 160, 188-90 (2d Cir. 2015); *United States v. Atias*, 2017 WL 563978, at *4-5 (E.D.N.Y. Feb. 10, 2017); *SEC v. Tourre*, 950 F. Supp. 2d 666, 684 (S.D.N.Y. 2013).

As to involvement of attorneys, s*ee United States v. Tagliaferri*, No. 13-cr-115 (RA), Trial Tr., at 83:21-84:21 (S.D.N.Y. June 26, 2014), ECF No. 63 ("[T]he defendant may argue that attorneys who drafted or reviewed documents related to the charged transactions did not inform him of the illegality of his receiving fees or that formal disclosure of them was required, and that the defendant took comfort in the attorney silence."); *Howard v. SEC*, 376 F.3d 1136, 1147 (D.C. Cir. 2004) ("[R]eliance on the advice of counsel need not be a formal defense; it is simply

evidence of good faith, a relevant consideration in evaluating a defendant's scienter." (citation omitted)).

As to fiduciary duties, *see In re Abbott Laboratories Derivative Shareholders Litigation*, 325 F.3d 795, 808-09 (7th Cir. 2003) (applying law of Delaware, and citing *In re Caremark International Inc. Derivative Litigation*, 698 A.2d 959, 967 (Del. Ch., New Castle Cty. 1996)).

**PROPOSED JURY INSTRUCTION NO. 6**
**COUNT ONE: OVERVIEW OF THE SECURITIES FRAUD CHARGE**

Count One charges as follows:

From at least in or about 2018 through at least in or about June 2022, in the Southern District of New York and elsewhere, Alexander Mashinsky willfully and knowingly, directly and indirectly, by use of a means and instrumentality of interstate commerce and of the mails, [and a facility of national securities exchange], used and employed, in connection with the purchase and sale of a security, a manipulative and deceptive device and contrivance, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing a device, scheme, and artifice to defraud; (b) making an untrue statement of a material fact and omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading: and (c) engaging in an act, practice, and course of business which operated and would operate as a fraud and deceit upon a person, to wit:  to induce investors to purchase an interest in Celsius's Earn Program and to acquire CEL token, Mr. Mashinsky made false and misleading statements about Celsius's financial condition and operations.

I will now instruct you on the elements of securities fraud as charged in Count One.


<u>Authority</u>: Indict. ¶ 73.

10

**PROPOSED JURY INSTRUCTION NO. 7**
**SECURITIES FRAUD: ELEMENTS OF THE OFFENSE**

To carry its burden of proof with respect to the charge of securities fraud in Count One, the government must prove beyond a reasonable doubt each of the following five essential elements:

*First*, that Mr. Mashinsky made a false statement of fact.

*Second*, that the fact misrepresented would have been material to a reasonable investor.

*Third,* that the misrepresentation was made in connection with the purchase or sale of a security.

*Fourth*, that Mr. Mashinsky acted knowingly, willfully, and with the intent to defraud investors.

*Fifth*, that Mr. Mashinsky knowingly used, or caused to be used, a means or an instrumentality of interstate commerce in furtherance of the alleged fraud.

I will now explain each element in more detail.

Authority: Modified from Sand, Instr. 57-20, which combines falsity and materiality into a single element, explained together in a single two-step charge. *See* Sand, Instr. 57-21. Because the element of materiality is a key issue in this case, Mr. Mashinsky asks the Court to separate these concepts for the jury. Another prominent treatise proposes separate charges for falsity and materiality. *See* 2B O'Malley §§ 62:14 (separately discussing materiality); *see also* charge given in *United States v. Shapiro*, 15-cr-155 (RNC) (D. Conn. June 1, 2017), ECF No. 462, at 42 (instructing materiality as a separate element).

**PROPOSED JURY INSTRUCTION NO. 8**
**SECURITIES FRAUD: FIRST ELEMENT – MISREPRESENTATION; IN GENERAL**

The first element that the government must prove, beyond a reasonable doubt, is that the defendant "ma[d]e an untrue statement of . . . fact" (to which I will refer, for shorthand, as a misrepresentation).

To prove a misrepresentation, the government must prove that Mr. Mashinsky made a statement of fact that was knowingly false when made. In other words, the government must prove (i) that Mr. Mashinsky made an assertion of fact, which was capable of confirmation or contradiction, (ii) that the assertion of fact was false when made and (iii) that Mr. Mashinsky knew that the assertion of fact was false when he made it.

On this issue, you must consider Mr. Mashinsky's statements in context. The question is not whether a statement is misleading in and of itself, or whether a statement is misleading when viewed in isolation, but whether Mr. Mashinsky's statements, taken together and in context, were misleading. The government may not cherry-pick certain statements and divorce them from the universe of disclosed information. For example, the government may not unfairly abstract a statement from a longer or larger statement or separate a statement from other statements made close in time.

Authority: *United States v. Connolly*, 24 F.4th 821, 833–34 (2d Cir. 2022) (explaining that schemes to defraud are characterized by either false statements or misleading omissions); *In re Synchrony Fin. Sec. Lit.*, 988 F.3d 157, 171 (2d Cir. 2021) (explaining that truth of statements cannot be determined by cherry-picking and divorcing them from the universe of disclosed information); *Plumbers & Steamfitters Local 773 Pension Fund v. Danske Bank A/S*, 11 F.4th 90, 102 (2d Cir. 2021) (holding that a statement, "unfairly abstracted from" a longer report, was not false when "[r]ead in context").

**PROPOSED JURY INSTRUCTION NO. 9**
**SECURITIES FRAUD: FIRST ELEMENT – MISREPRESENTATION; STATEMENTS**
**THAT DO NOT EXPRESS MATTERS OF OBJECTIVE FACT**

Some statements do not express matters of objective fact capable of analysis for truth or

falsity under an objective standard.  Such statements include, but are not limited to, (i) statements

of opinion, (ii) forward-looking statements, such as projections or predictions, and

(iii) statements describing matters that are abstract, incapable of precise definition, or otherwise

subject to interpretation because those matters have a wide spectrum of meaning.

To prove that such a statement is false or misleading, the government must prove either

(i) that the speaker did not actually hold the opinion he stated, or (ii) that the speaker lacked a

reasonable factual basis or foundation for the statement.  The government cannot prove a

violation of the securities laws merely by showing that the speaker was mistaken or that other

facts cut against the speaker's opinion or that a statement later proved incorrect.  In other words,

there is no such thing as "fraud by hindsight."


Authority: *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175,
189 (2015) ("An opinion statement, however, is not necessarily misleading when an issuer
knows, but fails to disclose, some fact cutting the other way."); *id*. at 186 (investor may not
"Monday morning quarterback an issuer's opinions" or state a claim by showing that an opinion
proved incorrect or mistaken); *Rothman v. Gregor*, 220 F.3d 81, 90 (2d Cir. 2000) ("The fact that
management's optimism about a prosperous future turned out to be unwarranted is not
circumstantial evidence of conscious fraudulent behavior or recklessness[.]"); *San Leandro
Emer. Med. Group Profit Sharing Plan v. Philip Morris Companies, Inc*., 75 F.3d 801, 813 (2d
Cir. 1996) (company did not lack a reasonable basis for statement); *City of Pontiac Pol. and
Fire. Retirement System*, 752 F.3d 173, 185 (2d Cir. 2014) (representations that defendant
"prioritized 'adequate diversification of risk' and 'avoidance of undue concentrations[]' are too
open-ended and subjective to constitute a guarantee"); *Gross v. GFI Group, Inc*., 784 F. App'x
27, 30 (2d Cir. 2019) (an "open-ended and subjective" statement was not "an assertion of
falsifiable facts").

As to fraud by hindsight, see case law cited in ECF No. 44, at 16.

13

**PROPOSED JURY INSTRUCTION NO. 10**
**SECURITIES FRAUD: FIRST ELEMENT – MISREPRESENTATION; PUFFERY**

The word "puffery" means a generalized statement of praise or optimism for the purposes of marketing.  Puffery includes statements of optimism or enthusiasm, or corporate cheerleading, or the banter of the salesman.  Statements that a company's product is "great," "best in-class," "unsurpassed," or "superior" are all considered puffery.  Similarly, statements about a company's "integrity" or "sound risk management," or that its "business strategies [would] lead to continued prosperity," or that "we feel really good about where we are today" are also considered puffery.

Statements that are puffery are not actionable under the securities laws.  The law does not require corporate officers to take a gloomy, fearful or defeatist view of their company, its performance or its products.  As a matter of law, puffery cannot mislead investors and a defendant cannot be found guilty for making statements that are puffery.

Authority: *In re Adient PLC Sec. Litig.*, No. 18-CV-9116 (RA), 2020 U.S. Dist. LEXIS 58730, at *71 (S.D.N.Y. Apr. 2, 2020) (quoting *Rombach v. Chang*, 355 F.3d 164, 174 (2d Cir. 2004); *San Leandro Emergency Med. Grp. Profit Sharing Plan v. Philip Morris Cos.*, 75 F.3d 801, 811 (2d Cir. 1996); *Singh v. Cigna Corp.*, 918 F.3d 57, 63 (2d Cir. 2019); *Southland Sec. Corp. v. INSpire Ins. Solutions*, 365 F.3d 353, 372 (5th Cir. 2004); *In re Synchrony Fin. Sec. Lit.*, 988 F.3d 157, 170 (2d Cir. 2021); *ECA & Local 134 IBEW Joint Pension Trust of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 205-06 (2d Cir. 2009) (finding general statements about investment bank's integrity and risk management inactionable puffery); *Lasker v. New York State Elec. & Gas Corp.*, 85 F.3d 55, 59 (2d Cir. 1996) (finding statement that "business strategies [would] lead to continued prosperity" inactionable puffery); *Carpenters' Pension Fund of Ill. v. Target Corp. (In re Target Corp. Sec. Litig.)*, 955 F.3d 738, 743 n.2 (8th Cir. 2020) (finding "we really feel good about where we are today" and similar statements inactionable)..

**PROPOSED JURY INSTRUCTION NO. 11**
**SECURITIES FRAUD: SECOND ELEMENT – MATERIALITY; DEFINITION OF**
**MATERIALITY**

If you find that the government has proven, beyond a reasonable doubt, that Mr.

Mashinsky made a misrepresentation of fact, then you must next turn to the second element of

the crime charged, and determine whether the government has proven, beyond a reasonable

doubt, that the fact misrepresented was material.

To prove that a fact was material, the government must prove a substantial likelihood that

the hypothetical reasonable investor would have found the fact important or significant when

making an investment decision.  A fact is important or significant if there was a substantial

likelihood that the fact would have been viewed by the hypothetical reasonable investor as one

that significantly altered the total mix of information available to an investor.  If the content of an

item of information is important or significant but does not alter the total mix of available

information, then that item of information is not material.

The standard of a "reasonable investor" is an objective one that may vary with the nature

of the participants in a particular market.  No matter the market, however, a "reasonable

investor" "is neither an ostrich, hiding her head in the sand from relevant information, nor a

child, unable to understand the facts and risks of investing."

Authority: *United States v. Litvak*, 808 F.3d 160, 175 (2d Cir. 2015) (defining materiality as a
substantial likelihood that a reasonable investor would find the . . . misrepresentation important
in making an investment decision"); *Basic Inc. v. Levinson*, 485 U.S. 224, 231–32 (1988)
("[T]here must be a substantial likelihood that the disclosure of the omitted fact would have been
viewed by the reasonable investor as having significantly altered the 'total mix' of information
made available."); *United States v. Vilar*, 729 F.3d 62, 88 (2d Cir. 2013) (defining materiality to
mean that "there is a substantial likelihood that a reasonable investor would find [the omission or
misrepresentation] important in making an investment decision"); *United States v. Contorinis*,
692 F.3d 136, 143 (2d Cir. 2012) ("To be material, information must 'alter[ ] the 'total mix' of
information available.'"); 3 Modern Federal Jury Instructions-Criminal ("Sand") ¶ 570.03 (2021)

("a material fact is one that would have been significant to a reasonable investor's investment decision[]").

As to definition of "reasonable investor," *see United States v. Litvak*, 889 F.3d 56, 64-65 (2d Cir. 2018); *Greenhouse v. MCG Capital Corp.*, 392 F.3d 650, 656-57 (4th Cir. 2004).

**PROPOSED JURY INSTRUCTION NO. 12**
**SECURITIES FRAUD: SECOND ELEMENT – MATERIALITY;**
**TOTAL AVAILABLE INFORMATION**

When determining the materiality of a fact, you must first examine the total mix of

information publicly available to the reasonable investor in the applicable market.

The total mix of information available to the reasonable investor also includes other

information generally available to the public, such as information set forth in press releases and

in statements made in the media and on social media.


Authority: *United States v. Contorinis*, 692 F.3d 136, 143 (2d Cir. 2012) ("Information is also
deemed public if it is known only by a few securities analysts or professional investors.  This is
so because their trading will set a share price incorporating such information."); *In re KeySpan
Corp. Sec Lit.*, 383 F. Supp. 358, 373–74, n.6 (E.D.N.Y 2003) (courts have "charged investors
with knowledge of documents posted" on SEC website) (citing cases); *La Pietra v. RREEF Am.,
L.L.C.*, 738 F. Supp. 2d 432, 441 (S.D.N.Y. 2010) (holding "disclosures in the common share
prospectus [filed with SEC] were in the 'total mix' of information reasonably available to the
plaintiffs"); *White v. H&R Block, Inc.*, Case No. 02 Cv. 8965 (MBM), 2004 WL 1698628 at
*12–13 (S.D.N.Y July 28, 2004) ("If the market absorbed all public information, then it must
have absorbed all the information available from the articles published in newspapers from coast
to coast and the press releases and SEC filings of Block.").

**PROPOSED JURY INSTRUCTION NO. 13**
**SECURITIES FRAUD: SECOND ELEMENT – MATERIALITY; FACTS ALREADY**
**DISCLOSED; "TRUTH ON THE MARKET"**

A misrepresentation is immaterial if the information in question is already known to the

market. In that circumstance, the misrepresentation cannot then defraud the market. Therefore,

if you find that Mr. Mashinsky made a misrepresentation, you must then determine whether the

misrepresentation was immaterial considering other publicly available information.

Authority: *SEC v. Honig*, Case No. 18 Cv. 8175 (ER) 2020 WL 906383 *6–7 (S.D.N.Y. Feb. 25, 2020) (Ramos, J.) ("[A] misrepresentation is immaterial if the information is already known to the market because the misrepresentation cannot then defraud the market" (quoting *Ganino v. Citizen's Utilities Co*., 228 F.3d 154, 167–68 (2d Cir. 2000))); *In re KeySpan Corp. Sec. Lit*., 383 F. Supp. 2d 358, 377–78 (E.D.N.Y 2003) (citing cases); *White v. H&R Block, Inc*., Case No. 02. Cv. 8965 (MBM), 2004 WL 1698628 at *12 (S.D.N.Y July 28, 2004) ("[A] misrepresentation is immaterial if the information is already known to the market because the misrepresentation cannot then defraud the market").

**PROPOSED JURY INSTRUCTION NO. 14**
**SECURITIES FRAUD: THIRD ELEMENT – IN CONNECTION WITH**

The third element that the government must prove, beyond a reasonable doubt, is that Mr. Mashinsky made misrepresentations of material fact "in connection with" the purchase or sale of a security. This element of the offense requires the government to prove a specific link between Mr. Mashinsky's alleged misrepresentations and purchases or sales of a security. This requirement is not met simply because an alleged fraud happens to involve securities.

To establish that specific link, the government must prove both that the misrepresentations coincided with the purchases or sales, and that the misrepresentations were material to the decision of one or more individuals to purchase or sell a security. If the alleged misrepresentation and the purchases or sales of a security were independent events, or if the alleged misrepresentation did not make a significant difference to someone's decision to purchase or sell a security, then the "in connection with" requirement is not satisfied.

Authority: *SEC v. Zandford*, 535 U.S. 813, 819–22 (2002) ("It is enough that the scheme to defraud and the sale of securities coincide."); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 85 (2006) (holding that the in-connection-with requirement is satisfied by proof that the alleged fraud "coincide[d] with a securities transaction[]"); *Chadbourne & Parke LLP v. Troice*, 571 U.S. 377, 387 (2014) (reaffirming Dabit and adding a requirement that the misrepresentation must be "material to a decision by one or more individuals . . . to buy or to sell[,]" or must "make[] a significant difference to someone's decision to purchase or to sell").

## PROPOSED JURY INSTRUCTION NO. 15
## SECURITIES FRAUD: THIRD ELEMENT – DEFINITION OF SECURITY

The third element of Count One also requires the government to prove that the relevant purchases or sales were transactions in a security. In this case, the government is required to prove beyond a reasonable doubt that the transactions were an "investment contract," which is a term that I will define for you now.

To establish that a transaction is an "investment contract," the government must prove the following three elements beyond a reasonable doubt:

1.    an investment of money;

2.    in a common enterprise;

3.    with the expectation of profits to be derived solely from the entrepreneurial or managerial efforts of others.

The first prong of the investment contract test requires the government to prove that an investment of money was part of the relevant transaction.

The second prong of the investment contract test requires the government to prove that the money was invested in a "common enterprise," which may be demonstrated when investors' assets are pooled and the fortunes of each investor are tied to the fortunes of other investors as well as to the success of the overall enterprise.

The third prong requires the government to prove beyond a reasonable doubt that investors had a reasonable expectation of profits to be derived solely from the entrepreneurial or managerial efforts of others. You should not interpret the word "solely" in the most literal sense. The important inquiry for this third prong is the amount of control that the investor retains in creating profits. If there was a reasonable expectation of significant investor control in creating profits, then profits would not be considered derived from the efforts of others. But if the

reasonable expectation was that the buyer would be passive, meaning no control, then profits would be considered derived from the efforts of others.

I further instruct you that when evaluating investors' expectations and whether a transaction is an investment contract in the context of cryptocurrencies, the crypto tokens do not by themselves constitute investment contracts. Rather, you must evaluate the investors' expectations based on the totality of the circumstances and the full set of contracts, expectations, and understandings centered on the sales and distribution of the particular crypto tokens involved in a transaction. The inquiry under the third prong is an objective one, meaning it is not a search for the precise motivation of each individual investor. Instead, the inquiry focuses on the promises and offers made to investors.

The government does not have to prove that the defendant knew that the relevant transactions qualified as investment contracts. But the government does have to prove beyond a reasonable doubt that the transactions were in fact investment contracts and thus securities. You will indicate your unanimous decision as to that fact on the verdict form.

If you find the government did not prove beyond a reasonable doubt that the relevant transactions were investment contracts and thus securities, you must find the defendant not guilty as to Count One.

If you find the government proved beyond a reasonable doubt that the relevant transactions were investment contracts, you must decide whether the government has proven all of the other elements of Count One as I have instructed you.


Authority: *SEC v. Howey*, 328 U.S. 293, 298 (1946)*; adapted from instruction given in *United States v. Hampton*, 23-CR-20172-KMW (S.D. Fla. Feb. 8, 2024), ECF 122 at 12-13.

As to investment of money prong, *see S.E.C. v. Telegram Grp. Inc.*, 448 F.Supp.3d 352, 368-69 (S.D.N.Y. 2020).

As to common enterprise prong, *see S.E.C. v. Coinbase, Inc.*, 23 Civ. 4738 (KPF), --- F.Supp.3d ----, 2024 WL 1304037, at *20-21 (S.D.N.Y. Mar. 27, 2024) (*quoting Telegram*, 448 F.Supp.3d at 369)); *S.E.C. v. Ripple Labs*, 682 F.Supp.3d 308, 325 (S.D.N.Y. 2023).

As to amount of control for expectation of profits prong, *see Hampton*, 23-CR-20172-KMW (S.D. Fla. Feb. 8, 2024), ECF 122 at 12-13.

As to instruction that crypto token itself is a not an investment contract and third prong is based on totality of circumstances, *see S.E.C. v. Binance Holdings Ltd.*, 23 Civ. 1599 (ABJ), --- F.Supp.3d ----, 2024 WL 3225974, at *10-11 (D.D.C. June 28, 2024) ("The Court notes that several of the district courts presented with SEC enforcement actions involving crypto currencies have taken pains to differentiate the alleged investment contracts from the tokens themselves."); *Id.* at *11 ("In the Court's view, then, the SEC's suggestion that the token is 'the embodiment of the investment contract,' . . . as opposed to the *subject* of the investment contract, muddied the issues before the Court [and] ignored the Supreme Court's directive that the analysis is supposed to be based on the entire set of understandings and expectations surrounding the offering . . . ."); *S.E.C. v. Terraform Labs Pte. Ltd.*, 684 F.Supp.3d 170, 193 (S.D.N.Y. 2023) ("Nor must the Court restrict its *Howey* analysis to whether the tokens themselves – apart from any of the related various investment 'protocols' – constitute investment contracts.  As the Supreme Court has long made clear, courts deciding whether a given transaction or scheme amounts to a 'investment contract' under *Howey* must analyze the 'substance' – and not merely the 'form' – of the parties' economic arrangement and decide if, under the 'totality of the circumstances,' that transaction or scheme meets the three requirements of *Howey*."); *Id.* at 194 ("To be sure, the original UST and LUNA coins, as originally created and when considered in isolation, might not then have been, by themselves, investment contracts."); *Ripple Labs*, 682 F.Supp.3d at 323 ("In each of these cases, the subject of the investment contract was a standalone commodity, which was not itself inherently an investment contract.  For instance, if the original citrus groves in *Howey* were later resold, those resales may or may not constitute investment contracts, depending on the totality of the circumstances surrounding the later transaction."); *Id.* at 324 ("XRP, as a digital token, is not in and of itself a 'contract, transaction[,] or scheme,' that embodies the *Howey* requirements . . . Rather, the Court examines the totality of the circumstances surrounding Defendants' different transactions and schemes involving the sale and distribution of XRP."); *Telegram*, 448 F.Supp.3d at 379 ("While helpful as a shorthand reference, the security in this case is not simply the Gram, which is little more than alphanumeric cryptographic sequence . . . This case presents a 'scheme' to be evaluated under *Howey* that consists of the full set of contracts, expectations, and understandings centered on the sales and distribution of the Gram.").

As to objective test for expectation of profits prong, *see Coinbase*, 2024 WL 1304037, at *22; *Ripple Labs*, 682 F.Supp.3d at 326 (quoting *Telegram*, 448 F.Supp.3d at 371).

**PROPOSED JURY INSTRUCTION NO. 16**
**SECURITIES FRAUD: FOURTH ELEMENT –**
**KNOWLEDGE, WILLFULNESS, AND INTENT TO DEFRAUD**

The fourth element that the government must prove beyond a reasonable doubt is that Mr.

Mashinsky acted (i) knowingly, (ii) willfully and (iii) with intent to defraud.

To act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or

inadvertently.

To act "willfully" means to act knowingly and purposefully, with a bad purpose, and with

knowledge that one's conduct is unlawful.  The government must prove that Mr. Mashinsky

acted with the intent to do something the law forbids, meaning that he was aware of the general

unlawfulness of his acts.

"Intent to defraud" in the context of the securities laws means to act with the intent to

deceive, manipulate or defraud investors.

The question of whether a person acted knowingly, willfully and with intent to defraud is

a question of fact for you to determine, like any other fact question.  This question involves Mr.

Mashinsky's state of mind.

Because intent to defraud is an essential element of securities fraud, it follows that good

faith on the part of the defendant is a complete defense to Count One.

Authority: Adapted from Sand, Instr. 57-24.  *See also Bryan v. United States*, 524 U.S. 184, 191
(1998) (holding that trial court correctly instructed that "[a] person acts willfully if he acts
intentionally and purposely and with the intent to do something the law forbids, that is, with the
bad purpose to disobey or to disregard the law"); *United States v. Kukushkin*, 61 F.4th 327, 332
(2d Cir. 2023) ("[W]hen used in the criminal context, a willful act is one undertaken with a bad
purpose.  In other words, in order to establish a willful violation of a statute, the Government
must prove that the defendant acted with knowledge that his conduct was unlawful." (internal
quotes and citation omitted)); *United States v. Henry*, 888 F.3d 589, 599 (2d Cir. 2018)
(explaining that defining willfulness to require "'knowledge that one's conduct is unlawful' . . .
correctly and clearly state[s]" the law); *United States v. Cassese*, 428 F.3d 92, 98 (2d Cir. 2005)
(affirming a judgment of acquittal because "we conclude that [the government] did not adduce
enough evidence to prove beyond a reasonable doubt that Cassese believed that he was acting

unlawfully") (emphasis added)); *United States v. Kosinski*, 976 F.3d 135 (2d Cir. 2020); *United States v. Newman*, 773 F.3d 438 (2d Cir. 2014); *United States v. McGinn*, 787 F.3d 116, 120 (2d Cir. 2015).

As to good faith, *see United States v. Barbera*, No. 21-cr-154 (JGK), Jury Charge, at 1048:25-1049:3 (S.D.N.Y. Feb. 15, 2022), ECF No. 113.

**PROPOSED JURY INSTRUCTION NO. 17**
**SECURITIES FRAUD: FOURTH ELEMENT – KNOWLEDGE, WILLFULNESS, AND**
**INTENT TO DEFRAUD; INTENT**

Count One of the Indictment charges a particular type of fraud—securities fraud.  To

prove that charge, the government must prove that the defendant made misrepresentations with

an intent to defraud investors, as distinct from, for example, competitors or potential customers,

or crypto-currency enthusiasts.  In other words, the laws applicable to the crime charged in

Count One do not apply beyond the securities markets.

Authority: *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 (1976) (proof of scienter requires proof of a defendant's specific "intent to deceive, manipulate or defraud"); *United States v. Litvak*, 808 F.3d 160, 178 (2d Cir. 2015) (same); *Wechsler v. Steinberg*, 733 F.2d 1054, 1058 (2d Cir. 1984) (defining scienter as "intent to deceive, manipulate or defraud investors[]") (emphasis added); *United States v. Stewart*, 305 F. Supp. 2d 368, 378 (S.D.N.Y. 2004) (holding that the alleged misrepresentations must have a "direct connection to the supposed purpose of the alleged deception[]") (granting Rule 29 motion; jury would merely be speculating where defendant had "many other intents – to protest her innocence or repair her reputation, to reassure her business partners, advertisers and the consumers of her products").  See *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta*, 552 U.S. 148, 152 (section 10(b) does not apply "beyond the securities markets . . . to purchase and supply contracts [or the marketplace for goods and services] – the realm of ordinary business operations[]"); *United States v. Rosenthal*, Case No. 91 Cr. 412, 1992 U.S. Dist. LEXIS 4939, at *5 (S.D.N.Y. Apr. 14, 1992) (dismissing section 10(b) count that charged fraud on the Treasury); see also *Hemming v. Alfia Fragrances, Inc.*, 690 F. Supp. 239, 244 (S.D.N.Y. 1988) ("This was not an advertisement that set forth a corporate earnings report geared to investors. The statements contained in the advertisement have absolutely no connection with a securities transaction and do not serve as a basis upon which relief may be granted."); *SEC v. Gruder*, Case No. 08 Cv. 294 (WBH), 2010 WL 11500092 at *5 (N.D. Ga. Feb. 11, 2010) (where defendant represented that his product was "ATF Certified[,] . . . . the exact meaning of 'certified' is sufficiently ambiguous such that its use by defendant in this context not so misleading as to constitute a § 10(b) violation[]").

**PROPOSED JURY INSTRUCTION NO. 18**
**SECURITIES FRAUD: FIFTH ELEMENT – INTERSTATE COMMERCE**

The fifth and final element that the government must prove beyond a reasonable doubt is that Mr. Mashinsky knowingly used, or caused to be used, any means or instrumentalities of transportation or communication in interstate commerce in furtherance of the alleged fraudulent conduct.  "Instruments of communication in interstate commerce" include interstate wires and electronic communications over the internet, such as emails, chats, and messaging.  It is not necessary that Mr. Mashinsky be directly or personally involved in any wire or internet communication.  If Mr. Mashinsky was a knowing and willful participant in the scheme and took steps or engaged in conduct which he knew or could reasonably foresee would naturally and probably result in a wire or internet communication, then you may find that he caused wires, or other instrumentalities of communication in interstate commerce to be used, and this element would be proven.

The use of interstate wires or the internet need not be central to the execution of the scheme and may even be incidental to it.  All that is required is that the use of interstate means of communication bear some relation to the object of the alleged scheme or fraudulent conduct.

Authority: Modified from Sand, Instr. 57-25.

**PROPOSED JURY INSTRUCTION NO. 19**
**COUNT TWO: COMMODITIES FRAUD - OVERVIEW[1]**

Count Two charges as follows:

From at least in or about 2018 through at least in or about June 2022, in the Southern District of New York and elsewhere, Mr. Mashinsky willfully and knowingly, directly and indirectly, used and employed, and attempted to use and employ, in connection with a swap, contract of sale of a commodity in interstate commerce, and for future delivery on and subject to the rules of a registered entity, a manipulative and deceptive device and contrivance, in contravention of Title 17, Code of Federal Regulations, Section 180.1, by: (1) using and employing, and attempting to use and employ, a manipulative device, scheme, and artifice to defraud; (2) making, and attempting to make, an untrue and misleading statement of a material fact and omitting to state a material fact necessary in order to make the statements not untrue or misleading; and (3) engaging, and attempting to engage in an act, practice, and course of business which operated and would operate as a fraud and deceit upon a person, to wit, Mr. Mashinsky engaged in a fraudulent scheme to induce investors to sell their Bitcoin to Celsius in exchange for an interest in Celsius's Earn Program, by making false and misleading statements about Celsius's financial condition and operations.

Authority: Indictment ¶ 75.

---

[1] Mr. Mashinsky filed a motion to dismiss Count Two of the indictment as repugnant. *See* ECF Nos. 41, 42, 44. For the reasons set forth in that motion, Mr. Mashinsky objects to the Court allowing the government to proceed with its prosecution under Count Two and to the Court providing any instructions to the jury on that count. In the event the Court denies Mr. Mashinsky's motion, without waiving his challenge he respectfully requests that the Court adopt the proposed instructions set forth herein.

**PROPOSED JURY INSTRUCTION NO. 20**
**COMMODITIES FRAUD: ELEMENTS OF THE OFFENSE**

To meet its burden of proof with respect to Count Two, the government must prove each of the following four elements beyond a reasonable doubt.

*First,* the defendant did make an untrue state of a fact.

*Second*, that the misrepresentation was made "in connection with" a contract of sale of a commodity in interstate commerce.

*Third*, that the prohibited conduct was material to a counterparty to contract of sale of a commodity.

*Fourth*, that the defendant acted knowingly, willfully, and with an intent to defraud.

I will now describe each of these elements in more detail.


Authority: Adapted from *United States v. Phillips*, 22-cr-138 (LJL), Jury Charge, at 1349:8-21 (S.D.N.Y. Oct. 24, 2023), ECF 86; *see also* 7 U.S.C. § 9(1); 17 C.F.R. §§ 180.1(a).

## PROPOSED JURY INSTRUCTION NO. 21
## COMMODITIES FRAUD: FIRST ELEMENT – MISREPRESENTATION

As previously stated, for the first element, the government must prove beyond a reasonable doubt, that Mr. Mashinsky made an untrue statement of fact.

An "untrue statement of fact" is another term for a misrepresentation. You should apply the same instructions related to the misrepresentation element as I instructed you for Count One.

Authority: *See* Proposed Jury Instructions 8-10.

**PROPOSED JURY INSTRUCTION NO. 22**
**COMMODITIES FRAUD: SECOND ELEMENT – IN CONNECTION WITH**

For the second element, the government must prove beyond a reasonable doubt that Mr. Mashinsky's conduct was in connection with a contract of sale of a commodity in interstate commerce.

The term "commodity" includes a series of specific agricultural products as well as "all other goods and articles . . . and all services rights and interests . . . in which contracts for future delivery are presently or in the future dealt in."

The term "contract of sale" includes sales, agreements of sale, and agreements to sell.

Conduct is "in connection with" a contract for sale of a commodity it has some meaningful relationship to, or coincides with, a contract for sale of a commodity, or if the scheme's accomplishment necessarily involves a contract for sale of a commodity. However, the "in connection with" requirement is not so broad as to convert every instance of fraud that is incidentally related to a contract for sale of a commodity into a violation of the commodities laws.

Here, the government has charged Mr. Mashinsky with commodities fraud based on the alleged making of false and misleading statements about Celsius's financial condition and operations to induce investors to sell their Bitcoin to Celsius in exchange for an interest in Celsius's Earn Program. The government, therefore, has to prove that this transaction is a contract for sale of a commodity, as defined by the statute, and that the alleged false and misleading statements have a relationship or nexus to investors' sales of Bitcoin in exchange for an interest in Celsius's Earn Program.

If you find that Mr. Mashinsky's alleged false and misleading statements had no relationship to investors' sales of Bitcoin in exchange for an interest in Celsius's Earn Program, you must find him not guilty on Count Two.

<u>Authority:</u> Adapted from *United States v. Phillips*, 22-cr-138 (LJL), Jury Charge, at 1352:4-1353:13 (S.D.N.Y. Oct. 24, 2023), ECF 86; 7 U.S.C. § 1a((9) & (13).

**PROPOSED JURY INSTRUCTION NO. 23**
**COMMODITIES FRAUD: THIRD ELEMENT – MATERIALITY**

The third element the government must prove beyond a reasonable doubt is that Mr. Mashinsky's misrepresentations were "material."

I instructed you on materiality during the instructions on Count One. You should apply the same instructions for the materiality element of Count Two.

Authority:  *See* Proposed Jury Instructions 11-13.

**PROPOSED JURY INSTRUCTION NO. 24**
**COMMODITIES FRAUD: FOURTH ELEMENT – INTENT**

The fourth element of commodities fraud is that the defendant participated in the scheme knowingly, willfully, and with the intent to defraud.

I defined the terms "knowingly," "willfully," and "intent to defraud" during the instructions for Count One. You should apply the same definitions to these terms for Count Two.

Because intent to defraud is an essential element of commodities fraud, it follows that good faith on the part of the defendant is a complete defense to Count Two.

Authority: *See* Proposed Jury Instructions 5, 16-17.

As to good faith, *cf. United States v. Barbera*, No. 21-cr-154 (JGK), Jury Charge, at 1048:25-1049:3 (S.D.N.Y. Feb. 15, 2022), ECF No. 113.

**PROPOSED JURY INSTRUCTION NO. 25**
**COUNT THREE: OVERVIEW OF THE WIRE FRAUD CHARGE**

Count Three charges Mr. Mashinsky with wire fraud.  The indictment charges that from at least in or about 2018 through at least in or about June 2022, in the Southern District of New York and elsewhere, Mr. Mashinsky, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, Mr. Mashinsky engaged in a fraudulent scheme to induce investors and borrowers to provide their assets to Celsius as part of Celsius's Earn and Borrow programs, to induce investors to receive their rewards payments from Celsius in CEL, and to induce investors to purchase CEL in the market, by making false and misleading statements about Celsius's financial condition and operations, including using interstate, wires, some of which transited through the Southern District of New York.

Authority: Indict. ¶ 77.

**PROPOSED JURY INSTRUCTION NO. 26**
**WIRE FRAUD: ELEMENTS OF THE OFFENSE**

To prove the wire fraud charged in Count Three, the government must prove, beyond a reasonable doubt, each of the following five elements:

*First,* that Mr. Mashinsky devised or intended to devise a scheme or artifice to defraud the alleged victims of money or property.

*Second*, that he did so by means of false or fraudulent pretenses, representations, or promises.

*Third,* that those pretenses, misrepresentations or promises were material.

*Fourth*, that Mr. Mashinsky devised or intended to devise the scheme knowingly and willfully, with knowledge of its fraudulent nature and with specific intent to defraud.

*Fifth*, that Mr. Mashinsky, in the execution of the scheme, used or caused the use of interstate wires.

I will now describe each of these elements in more detail.


Authority: Modified from Sand, Instr. 44-3; *United States v. Gatto*, 986 F.3d 104 (2d Cir. 2021); *United States v. Calderon*, 944 F.3d 72, 85 (2d Cir. 2019); *United States v. Weaver*, 860 F.3d 90, 94 (2d Cir. 2017).  The Second Circuit cases use a three-element formulation, but Mr. Mashinsky suggests the foregoing formulation, which treats falsity, materiality, and scienter as separate elements, will be more helpful to a jury.

**PROPOSED JURY INSTRUCTION NO. 27**
**WIRE FRAUD: FIRST ELEMENT – SCHEME TO DEFRAUD OF MONEY**
**OR PROPERTY**

The first element that the government must prove, beyond a reasonable doubt, is that Mr. Mashinsky devised or intended to devise a scheme or artifice to defraud the alleged victims of money or property.

A "scheme or artifice" is a plan for the accomplishment of an object.

A "scheme or artifice to defraud" is a pattern or course of conduct concerning a material matter designed to deceive and to deprive a person of money or property.

To prove this element, the government must prove that depriving a person of money or property was the object of Mr. Mashinsky's alleged scheme or artifice.  It is not sufficient if the deprivation of money or property was an incidental byproduct of the alleged scheme.


Authority: *Skilling v. United States*, 561 U.S. 358, 400–02 (2010) (for the purposes of the Title 18 fraud statutes, interpreting "scheme or artifice to defraud" to include "deprivations . . . of money or property rights," ); *Kelly v. United States*, 140 S. Ct. 1565, 1571 (2020) (explaining that property must be an "object of the fraud" and that "[a] property fraud conviction cannot stand when the loss to the victim is only an incidental byproduct of the scheme."); *Loughrin v. United States*, 573 U.S. 351, 355-56 (2014) (discussing definition of "scheme or artifice to defraud"); *United States v. Mahaffy*, 693 F.3d 113, 125-26 (2d Cir. 2012) (same).  As to materiality: Adapted from Sand, Instr. 44-10 (addressing bank fraud and stating that a scheme is a "pattern or course of conduct concerning a material matter designed to deceive" a bank); see *United States v. Coscia*, 866 F.3d 782, 798-99 (7th Cir. 2017) (reviewing materiality of scheme in prosecution under section 1348(1)); *United States v. LeBeau*, 949 F.3d 334, 341 (7th Cir. 2020) (referring to "materiality of falsehood" and requiring materiality instruction on bank fraud charge under section 1344(1) and (2); relying on Neder for proposition "that 'fraud' itself requires the element of materiality[]").

**PROPOSED JURY INSTRUCTION NO. 28**
**WIRE FRAUD: SECOND ELEMENT – BY MEANS OF FALSE PRETENSES,**
**REPRESENTATIONS OR PROMISES**

The second element that the government must prove, beyond a reasonable doubt, is that Mr. Mashinsky devised, or intended to devise, the alleged scheme or artifice to defraud by means of false or fraudulent pretenses, representations, or promises.

A "false pretense, representation or promise" is a statement of fact that was false when made and was known to be false by the person who made the statement at the time the statement was made. In other words, the government must prove that (i) Mr. Mashinsky made an assertion of fact, which was capable of confirmation or contradiction, (ii) that assertion of fact was false when made, and (iii) Mr. Mashinsky knew that that assertion of fact was false when he made it.

A representation or statement is fraudulent if it was falsely made with the intention to deceive. The concealment of material facts or the expression of an opinion not honestly entertained may also constitute false or fraudulent statements.


Authority: Adapted from Sand Instruction 44-4; *United States v. Mahaffy*, 693 F.3d 113, 125–26 (2d Cir. 2012); *United States v. Connolly*, 24 F.4th 821, 833–34 (2d Cir. 2022).

## PROPOSED JURY INSTRUCTION NO. 29
## WIRE FRAUD: SECOND ELEMENT – "BY MEANS OF"

When you consider the "by means of" requirement, you must examine the relationship between the allegedly false or fraudulent representation, and the contemplated result (or object) of obtaining money or property.  To prove the "by means of" requirement, the government must prove that the allegedly false or fraudulent representation was the mechanism that naturally induced or naturally would induce a victim to part with money or property.  In other words, the government must prove that the contemplated result (depriving a victim of money or property) was induced by the specified action (a false or fraudulent representation).

You must also determine whether the relationship between the result and the action is too tangential.  It is not sufficient that an allegedly false assertion of fact was merely one link in a longer chain of events or was merely a but-for cause of a result.

Authority: *Loughrin v. United States*, 573 U.S. 351, 363–65 (2014) ("The criminal must acquire (or attempt to acquire) bank property 'by means of' the misrepresentation. That phrase typically indicates that the given result (the 'end') is achieved, at least in part, through the specified action, instrument, or method (the 'means'), such that the connection between the two is something more than oblique, indirect, and incidental."); *United States v. Berroa*, 856 F.3d 141, 149 (1st Cir. 2017) (same).

## PROPOSED JURY INSTRUCTION NO. 30
## WIRE FRAUD: THIRD ELEMENT – MATERIALITY

The third element that the government must prove, beyond a reasonable doubt, is that the fact that Mr. Mashinsky misrepresented was material. The wire fraud statute does not criminalize every deceitful act, no matter how trivial. Rather, the defendant must have engaged in a deceptive course of conduct by making *material* misrepresentations.

I previously instructed you on the meaning of materiality in the instructions for Count One. In the context of wire fraud, however, the definition of materiality is different.

For the wire fraud charge in Count Three, a misrepresentation is "material" if it has a natural tendency to influence, or is capable of influencing, the decisionmaker to which it is addressed. In other words, to be "material," a misrepresentation must actually matter in a meaningful way to a rational decisionmaker, and it must concern an essential element of the bargain.

Authority: *See Neder v. United States*, 527 U.S. 1, 4, 16 (1999); *United States Calderon*, 944 F.3d 72, 85 (2d Cir. 2019); *United States v. Shellef*, 507 F.3d 82, 108 (2d Cir. 2007); *United States v. Regent Office Supply Co.*, 421 F.2d 1174, 1179 (2d Cir. 1970); *United States v. Rare Breed Triggers, LLC*, 690 F. Supp. 3d 51, 101 (E.D.N.Y. 2023).

**PROPOSED JURY INSTRUCTION NO. 31**
**WIRE FRAUD: FOURTH ELEMENT – KNOWINGLY, WILLFULLY, AND WITH**
**SPECIFIC INTENT TO DEFRAUD**

The fourth element that the government must prove, beyond a reasonable doubt, is that Mr. Mashinsky devised, or intended to devise, the scheme knowingly and willfully, with knowledge of its fraudulent nature and with specific intent to defraud.

I previously defined the terms "knowingly" and "willfully" for you when I instructed you regarding Count One. The same definitions apply on Count Three.

To "defraud" means to cause injury or loss to a person by deceit. To prove specific intent to defraud, the government must prove that Mr. Mashinsky had both an intent to deceive the alleged victims of the scheme and an intent to harm the alleged victims by depriving them of money or property. It is not required that the alleged victims were in fact deprived of money or property, but the government must, at a minimum, prove that Mr. Mashinsky contemplated some actual deprivation of money or property. Contemplated, in this context, means to have in view as a purpose.

Because intent to defraud is an essential element of wire fraud, it follows that good faith on the part of the defendant is a complete defense to the charges in Count Three.

Authority: Modified from Sand, Instr. 44-4 (wire fraud instruction); *Shaw v. United States*, 137 S. Ct. 462, 469 (2016) (holding, under bank fraud statute, that "scheme [to defraud] must be one to deceive the bank and deprive it of something of value"); *United States v. Coscia*, 866 F.3d 782, 797 (7th Cir. 2017) (requiring, under section 1348(1), that scheme be "deceptive" or "deceitful"); *United States v. Crisci*, 273 F.3d 235, 239–40 (2d Cir. 2001) (holding, under bank fraud statute, that government must prove that defendant "engaged in a course of conduct designed to deceive [bank]" and "intended to victimize [bank] by exposing it to actual or potential loss[;]" reviewing sufficiency of evidence to prove that defendant "intended to harm" bank); *United States v. Mahaffy*, 2006 WL 2224518*16 (E.D.N.Y. Aug. 2, 2006) (holding, in section 1348(1) prosecution, that "[f]raudulent intent typically requires a showing of intent to deceive and intent to cause actual harm[]"(internal quotation marks omitted)), *aff'd on other grounds*, 693 F.3d 113 (2d Cir. 2012); *United States v. Flotron*, 2018 WL 1401986 *2–3 (D.

Conn. March 20, 2018) (holding that scheme under section 1348(1), requires proof of "deceptive conduct"); charge given in *United States v. Blaszczak*, No. 1:17-cr-00357 (LAK) (S.D.N.Y. Apr. 27, 2018), ECF No. 331, at 30, 44 (defining willfulness in the context of Section 1348 as acting "deliberately and with a purpose to do something that the law forbids"); charge given in *United States v. Chow*, No. 1:17-cr-00357 (GHW) (S.D.N.Y. Apr. 20, 2018), ECF No. 128, at 184 (similar); Sand, Comments to Instr. 8-1 ("When fraudulent intent is an element of the crime, the prosecution has the burden of proving such intent beyond a reasonable doubt. It follows that, in such cases, the defendant's 'good faith' constitutes an absolute defense to such crimes.");  *United States v. Calderon*, 944 F.3d 72, 85 (2d Cir. 2019) (defining "knowingly"); *United States v. Binday*, 804 F.3d 558, 569 (2d Cir. 2015); *United States v. Gatto*, 986 F.3d 104, 113 (2d Cir. 2021) ("[D]efendants must either intend to harm their victim or contemplate that their victim may be harmed").

As to specific intent, see Sand, Comments to Instr. 44-5 ("It is universally agreed that mail and wire fraud are specific intent crimes and that the jury must be so charged[]").

As to good faith, *see United States v. Barbera*, No. 21-cr-154 (JGK), Jury Charge, at 1056"12-14 (S.D.N.Y. Feb. 15, 2022), ECF No. 113.

**PROPOSED JURY INSTRUCTION NO. 32**
**WIRE FRAUD: FIFTH ELEMENT – USE OF INTERSTATE WIRES**

The fifth and final element that the government must prove, beyond a reasonable doubt, is that Mr. Mashinsky, in the execution of the scheme, used or caused the use of interstate wires.

The wire communication must pass between two or more states as, for example, a telephone call between New York and New Jersey. A communication over the internet constitutes a wire communication. The use of the wires need not itself be a fraudulent representation. It must, however, further or assist in carrying out the scheme to defraud.

It is not necessary for Mr. Mashinsky to be directly or personally involved in the wire communication used in the execution of the alleged scheme if the communication was both reasonably foreseeable to Mr. Mashinsky and within his control. In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that Mr. Mashinsky caused the wires to be used by others.

Authority: Adapted from Sand, Instr. 44-7; *United States v. Kim*, 246 F.3d 186, 193 (2d Cir. 2001) (use of wire was "both foreseeable to [the defendant] and within his control").

**PROPOSED JURY INSTRUCTION NO. 33**
**COUNT FIVE: OVERVIEW OF THE SECURITIES FRAUD CHARGE**

I am now going to instruct you on the elements of Counts Five, Six, and Seven and then will return to the elements for Count Four.

Count Five charges as follows:

From at least in or about 2019 through at least in or about June 2022, in the Southern District of New York and elsewhere, Alexander Mashinsky, willfully and knowingly, directly and indirectly, by use of a means and instrumentality of interstate commerce and of the mails, and a facility of a national securities exchange, used and employed, in connection with the purchase and sale of a security, a manipulative and deceptive device and contrivance, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing a device, scheme, and artifice to defraud; (b) making an untrue statement of a material fact and omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in an act, practice, and course of business which operated and would operate as a fraud and deceit upon a person, to wit, Mashinsky engaged in a scheme to defraud investors in CEL token by artificially manipulating the market for CEL token and through making false and misleading statements about Celsius's purchases of CEL token and making false and misleading statements about MASHINSKY's own sales of CEL token.

Authority: Indict. ¶ 85.

**PROPOSED JURY INSTRUCTION NO. 34**
**SECURITIES FRAUD: ELEMENTS OF THE OFFENSE (FALSE AND MISLEADING**
**STATEMENTS OF FACT)**

There are two separate sets of instructions for you to consider for Count Five.  The first I will refer to as the false and misleading statements instructions, and the second I will refer to as the market manipulation instructions.  To carry its burden of proof with respect to the charge of securities fraud in Count Five, the government must prove beyond a reasonable doubt each of the essential elements of either the false and misleading statements instructions or the market manipulation instructions.

It is not necessary for the government to establish both false and misleading statements and market manipulation for Count Five.  Either one would be sufficient, if you find the government has proven each essential element beyond a reasonable doubt.  However, you must be unanimous as a jury as to which type of conduct, if any, you find to have been proved beyond a reasonable doubt.

I will start with the false and misleading statements instructions.  To carry its burden of proof with respect to the charge of securities fraud in Count Five as to alleged false and misleading statements of fact, the government must prove beyond a reasonable doubt each of the same five essential elements that I instructed you on with respect to Count One.  You should apply those same elements to the government's allegations of false and misleading statements of fact for Count Five.

Authority: As to unanimity, adapted from *United States v. Hwang*, No. 22 Cr. 240 (AKH), Jury Charge at 5365:4-8 (S.D.N.Y. July 9, 2024), ECF No. 313; *United States v. Tuzman*, 15 Cr. 536 (PGG), Jury Charge at 7204:22-7205:3 (S.D.N.Y. Jan. 11, 2018), ECF No. 706.

**PROPOSED JURY INSTRUCTION NO. 35**
**SECURITIES FRAUD: ELEMENTS OF THE OFFENSE (MARKET MANIPULATION)**

I will now turn to the market manipulation instructions for Count Five. The government has also alleged that Mr. Mashinsky engaged in a scheme to defraud investors in CEL token by artificially manipulating the market for CEL token.

To carry its burden of proof with respect to the charge of securities fraud in Count Five as to alleged market manipulation, the government must prove beyond a reasonable doubt each of the following four essential elements:

*First*, that the defendant engaged in a scheme to defraud by manipulating the market for a security.

*Second*, that the defendant engaged in the scheme to defraud in connection with the purchase or sale of a security.

*Third*, that Mr. Mashinsky acted knowingly, willfully, and with the intent to defraud investors.

*Fourth*, that Mr. Mashinsky knowingly used, or caused to be used, a means or an instrumentality of interstate commerce in furtherance of the alleged fraud.

Authority: Adapted from *United States v. Hwang*, No. 22 Cr. 240 (AKH), Jury Charge at 5363:22-5365:16 (S.D.N.Y. July 9, 2024), ECF No. 313; *United States v. Tuzman*, 15 Cr. 536 (PGG), Jury Charge at 7209:21-7212:8 (S.D.N.Y. Jan. 11, 2018), ECF No. 706.

**PROPOSED JURY INSTRUCTION NO. 36**
**SECURITIES FRAUD: FIRST ELEMENT – SCHEME TO DEFRAUD (MARKET**
**MANIPULATION)**

The first element of the market manipulation allegations for Count Five requires the government to prove beyond a reasonable doubt that the defendant engaged in a scheme to defraud by manipulating the market for a security.

A scheme to defraud is a plan to accomplish a fraudulent objective. "Fraud" is a general term that embraces all efforts and means that individuals devise to take unfair advantage of others. The law that the defendant is alleged to have violated prohibits all kinds of manipulative and deceptive acts.

Authority: Adapted from *United States v. Tuzman*, 15 Cr. 536 (PGG), Jury Charge at 7205:4-11 (S.D.N.Y. Jan. 11, 2018), ECF No. 706.

**PROPOSED JURY INSTRUCTION NO. 37**
**SECURITIES FRAUD: FIRST ELEMENT – MARKET MANIPULATION**

The first element of the market manipulation allegations for Count Five also requires the government to prove beyond a reasonable doubt that the defendant engaged in a scheme to defraud by artificially manipulating the market for a security.

The key concept for this element is market manipulation, which I will define for you now. The word manipulation is virtually a term of art when it is used in connection with securities markets. Typical market manipulation practices that are intended to mislead investors by artificially affecting market activity include wash sales, matched orders, or rigged prices, which serve no purpose other than to transmit false information to the market and artificially affect prices.

The law does not prohibit all transactions that tend to raise or lower the price of a security. Nor does the law prohibit entering into a transaction knowing that it will raise, lower, or even distort the price of a security. Likewise, buying or selling securities in large amounts, by itself, does not amount to market manipulation. Nor does the law prohibit transactions that cause other investors to trade in a security.

Rather, the law prohibits intentional and willful conduct designed to deceive or defraud investors by controlling or artificially distorting the prices of securities. The heart of market manipulation is deceiving investors into believing that the prices at which they purchase and sell securities are determined by the natural interplay of supply and demand, and not rigged by a manipulator.

To satisfy this element, the government therefore must prove beyond a reasonable doubt that the defendant's scheme to defraud artificially distorted the price of a security by sending a false pricing signal to the market. That is, the government must prove that the price of the

security was intentionally rigged by the defendant and was not determined by the natural

interplay of supply and demand in the market.

<u>Authority</u>: Adapted from *United States v. Hwang*, No. 22 Cr. 240 (AKH), Jury Charge at 5385:1-18 (S.D.N.Y. July 9, 2024), ECF No. 313.

As to term of art, adapted from *S.E.C. v. Lek Sec. Corp.*, No. 17 Cv. 1789 (DLC), Jury Charge at 2586:12-13 (S.D.N.Y. Nov. 7, 2019), ECF No. 556; *United States v. Phillips*, No. 22 Cr. 138 (LJL), Jury Charge at 1350:12-13, (S.D.N.Y. Oct. 24, 2023), ECF No. 86; *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 199 (1976).

As to wash sales, matched orders, and rigged prices, *see Santa Fe Indus., Inc. v. Green,* 430 U.S. 462, 476 (1977); *S.E.C. v. Masri*, 523 F. Supp. 2d 361, 367 (S.D.N.Y. 2007) (internal citations omitted).

As to transactions not prohibited, adapted from *S.E.C. v. Lek Sec. Corp.*, No. 17 Cv. 1789 (DLC), Jury Charge at 2597:5-8 (S.D.N.Y. Nov. 7, 2019), ECF No. 556; *United States v. Hwang*, No. 22 Cr. 240 (AKH), Jury Charge at 5386:11-13 (S.D.N.Y. July 9, 2024), ECF No. 313; *Set Capital LLC v. Credit Suisse Group AG*, 996 F.3d 64, 77 (2d Cir. 2021); *Crane Co. v. Westinghouse Air Brake Co.*, 419 F.2d 787, 794 (2d Cir. 1969) (Section 9(a)(2) "does not condemn extensive buying or buying which raises the price of a security in itself."); *S.E.C. v. Malenfant*, 784 F. Supp. 141, 144 (S.D.N.Y. 1992) (The "central purpose of [S]ection 9(a) is not to prohibit market transactions which may raise or lower the price of securities . . .") (citations omitted); *In re Amaranth Nat. Gas Commodities Litig.*, 587 F. Supp. 2d 513, 539 (S.D.N.Y. 2008) ("[E]ntering into a legitimate transaction knowing that it will distort the market is not manipulation—only intent, not knowledge, can transform a legitimate transaction into manipulation.").

As to artificial distortion of price, adapted from *United States v. Hwang*, No. 22 Cr. 240 (AKH), Jury Charge at 5385:1-18 (S.D.N.Y. July 9, 2024), ECF No. 313; *United States v. Tuzman*, No. 15 Cr. 536 (PGG), Jury Charge at 7209:21-7210:9 (S.D.N.Y. Jan. 11, 2018), ECF No. 706; *S.E.C. v. Lek Sec. Corp.*, No. 17 Cv. 1789 (DLC), Jury Charge at 2582:21-24 (S.D.N.Y. Nov. 7, 2019), ECF No. 556; *Set Capital LLC v. Credit Suisse Grp. AG*, 996 F.3d 64, 76-77 (2d Cir. 2021) ("For market activity to 'artificially' affect a security's price, we generally ask whether the transaction or series of transactions sends a false pricing signal to the market or otherwise distorts estimates of the underlying economic value of the securities traded.") (internal quotation marks and citations omitted); *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 100 (2d Cir. 2007) ("In identifying activity that is outside 'the natural interplay of supply and demand,' courts generally ask whether a transaction sends a false pricing signal to the market."); *CFTC v. Wilson*, 13 Civ. 7884 (RJS), 2018 WL 6322024, at *13 (S.D.N.Y. Nov. 30, 2018) ("In other words, a price is artificial when it has been set by some mechanism which has the effect of 'distort[ing] those prices' and 'prevent[ing] the determination of those prices by free competition alone.").

**PROPOSED JURY INSTRUCTION NO. 38**
**SECURITIES FRAUD: SECOND ELEMENT – IN CONNECTION WITH PURCHASE**
**OR SALE OF A SECURITY (MARKET MANIPULATION)**

The second element of the market manipulation allegations for Count Five requires the government to prove beyond a reasonable doubt that the defendant engaged in the scheme to defraud in connection with the purchase or sale of a security.

I have previously instructed you on the meaning of "in connection with" with respect to Count One and you should apply those instructions here.

I have also instructed you on the definition of "investment contract" in connection with Count One. You should apply that definition of investment contract here to determine whether the government has proven beyond a reasonable doubt that the defendant engaged in a scheme to defraud in connection with the purchase or sale of a security.

Authority: *See* Proposed Jury Instructions 14-15.

**PROPOSED JURY INSTRUCTION NO. 39**
**SECURITIES FRAUD: THIRD ELEMENT – KNOWLEDGE, WILLFULNESS, AND**
**INTENT TO DEFRAUD (MARKET MANIPULATION)**

The third element of the market manipulation allegations for Count Five requires the

government to prove beyond a reasonable doubt that the defendant acted (i) knowingly, (ii)

willfully, and (iii) with intent to defraud.

I have previously instructed you on the meaning of "knowingly" and "willfully" with

respect to Count One and you should apply those definitions here.

As to the definition of "intent to defraud," its meaning is different than with respect to

Count One.  For purposes of the market manipulation allegations for Count Five, the government

must prove beyond a reasonable doubt that the defendant acted with the sole intent to deceive or

defraud investors by (1) creating a false impression of market activity regarding a security, and

(2) injecting a false price signal into the market by artificially distorting the price of the security,

rather than for a legitimate investment purpose or some other legitimate economic reason.

It is not enough for the government to prove that the defendant entered into a transaction

with the knowledge that it would distort the price of a security.  Instead, the government must

prove beyond a reasonable doubt that but for an intent to deceive and send a false price signal

into the market, the defendant would not have engaged in the transactions at issue.

Because intent to defraud is an essential element of securities fraud, it follows that good

faith on the part of the defendant is a complete defense to the charges in Count Five.

Authority:  As to sole purpose test, adapted from *United States v. Tuzman*, 15 Cr. 536 (PGG),
Jury Charge at 7209:21-7210:9 (S.D.N.Y. Jan. 11, 2018), ECF No. 706; *see also United States v.
Mulheren*, 938 F.2d 364, 368 (2d Cir. 1991) ("When the transaction is effected for an investment
purpose, the theory continues, there is no manipulation, even if an increase or diminution in price
was a foreseeable consequence of the investment."); *S.E.C. v. Masri*, 523 F.Supp.2d 361, 372-73
(S.D.N.Y. 2007) ("The Court holds that in order to impose liability for an open market
transaction, the SEC must prove that *but for* the manipulative intent, the defendant would not
have conducted the transaction.") (emphasis in original); *Markowski v. S.E.C.*, 274 F.3d 525,

528-29 (D.C. Cir. 2001) (holding that liability depends "entirely on whether the investor's intent was 'an investment purpose' or 'solely to affect the price of [the] security.'") (internal citation omitted).

As to knowledge not enough, *see In re Amaranth Nat. Gas Commodities Litig.*, 587 F. Supp. 2d 513, 539 (S.D.N.Y. 2008) ("[E]ntering into a legitimate transaction knowing that it will distort the market is not manipulation—only intent, not knowledge, can transform a legitimate transaction into manipulation.").

As to good faith, *see United States v. Barbera*, No. 21-cr-154 (JGK), Jury Charge, at 1048:25-1049:3 (S.D.N.Y. Feb. 15, 2022), ECF No. 113.

**PROPOSED JURY INSTRUCTION NO. 40**
**SECURITIES FRAUD: FOURTH ELEMENT – INTERSTATE COMMERCE (MARKET**
**MANIPULATION)**

The fourth element of the market manipulation allegations for Count Five requires the government to prove beyond a reasonable doubt that the defendant knowingly used, or caused to be used, any means or instrumentalities of transportation or communication in interstate commerce in furtherance of the alleged fraudulent conduct.

I have previously instructed you on the meaning of these terms with respect to Count One and you should apply those instructions here.

Authority: *See* Proposed Jury Instruction 18.

**PROPOSED JURY INSTRUCTION NO. 41**
**COUNT SIX: OVERVIEW OF MARKET MANIPULATION CHARGE[2]**

Count Six charges as follows:

From at least in or about 2019 through at least in or about June 2022, in the Southern District of New York and elsewhere, Alexander Mashinsky, the defendant, willfully and knowingly would and did, directly and indirectly, by the use of the mails and a means or instrumentality of interstate commerce, and of a facility of a national securities exchange, and for a member of a national securities exchange, effected, alone and with one and more other persons, a series of transactions in a security registered on a national securities exchange, a security not so registered, and in connection with a security-based swap or security-based swap agreement with respect to such security creating actual or apparent active trading in such security, and raising and depressing the price of such security, for the purpose of inducing the purchase or sale of such security by others, to wit, Mashinsky engaged in a series of transactions in CEL in order to artificially raise the price of CEL and induce others to purchase CEL.

Authority: Indict. ¶ 87.

---

[2] Mr. Mashinsky filed a motion to dismiss Count Six for lack of fair notice. *See* ECF Nos. 41, 42, 44. For the reasons set forth in that motion, Mr. Mashinsky objects to the Court allowing the government to proceed with its prosecution under Count Six and to the Court providing any instructions to the jury on that count. In the event the Court denies Mr. Mashinsky's motion, without waiving his fair notice challenge he respectfully requests that the Court adopt the proposed instructions set forth herein.

**PROPOSED JURY INSTRUCTION NO. 42**
**MARKET MANIPULATION: ELEMENTS OF THE OFFENSE**

To carry its burden of proof with respect to the market manipulation charge in Count Six, the government must establish beyond a reasonable doubt each of the following four essential elements:

*First*, that the defendant directly or indirectly, alone or with others, effected a series of transactions in a security;

*Second*, that the series of transactions created actual or apparent active trading in the security, or raised or depressed the price of the security;

*Third*, that in effecting the series of transactions, the defendant acted knowingly, willfully, and with manipulative intent for the purpose of inducing the purchase or sale of such security by another;

*Fourth*, that in doing so the defendant used, or caused to be used, the mails, any means or instrumentality of interstate commerce, or any facility of a national securities exchange.

Authority: 15 U.S.C. § 78i(a)(2); adapted from *United States v. Hwang*, No. 22 Cr. 240 (AKH), Jury Charge at 5384:12-25 (S.D.N.Y. July 9, 2024), ECF No. 313 and *S.E.C. v. Lek Sec. Corp.*, No. 17 Cv. 1789 (DLC), Jury Charge at 2595:24-2596:14 (S.D.N.Y. Nov. 7, 2019), ECF No. 556.

**PROPOSED JURY INSTRUCTION NO. 43**
**MARKET MANIPULATION: FIRST ELEMENT – EFFECTING A SERIES OF**
**TRANSACTIONS IN A SECURITY**

The first element of Count Six requires the government to prove beyond a reasonable doubt that the defendant directly or indirectly, alone or with others, effected a series of transactions in a security.

To effect a transaction in a security means to place a bid to buy or an offer to sell a security. It does not require that a purchase or sale actually be executed.

The phrase "series of transactions" means three or more transactions.

The government must prove beyond a reasonable doubt that the allegedly manipulative transactions charged in Count Six meet the test for an "investment contract." I previously instructed you on the meaning of an investment contract with respect to Count One and you should apply that definition here.

If you find that the government has not proven that the allegedly manipulative transactions charged in Count Six meet the test for an investment contract, you must find the defendant not guilty and move on to Count Seven.


Authority: 15 U.S.C. § 78i(a)(2); adapted from *United States v. Hwang*, No. 22 Cr. 240 (AKH), Jury Charge at 5387:2-8 (S.D.N.Y. July 9, 2024), ECF No. 313; *S.E.C. v. Lek Sec. Corp.*, No. 17 Cv. 1789 (DLC), Jury Charge at 2596:21-25 (S.D.N.Y. Nov. 7, 2019), ECF No. 556.

## PROPOSED JURY INSTRUCTION NO. 44
## MARKET MANIPULATION: SECOND ELEMENT – MANIPULATIVE
## CONDUCT

The second element of Count Six requires the government to prove beyond a reasonable doubt that the series of transactions either created actual or apparent active trading in the security, or raised or depressed the price of the security.

The government alleges that the defendant committed market manipulation by engaging in a series of transactions in CEL in order to artificially raise the price of CEL. This element requires the government to prove beyond a reasonable doubt that the defendant engaged in market manipulation. I have previously defined the term "market manipulation" for you with respect to the first element of the market manipulation instructions for Count Five and you should apply that definition here.

<u>Authority</u>: Indict. ¶ 87.

**PROPOSED JURY INSTRUCTION NO. 45**
**MARKET MANIPULATION: THIRD ELEMENT – KNOWLEDGE,**
**WILLFULNESS, AND MANIPULATIVE INTENT**

The third element of Count Six requires the government prove beyond a reasonable doubt that the defendant acted knowingly, willfully, and with the specific intent of manipulating the price of a security for the purpose of inducing the purchase or sale of the security by another.

I have previously instructed you on the meaning of "knowingly" and "willfully" with respect to Count One and you should apply those definitions here.

The government also must prove that the defendant acted with the specific intent of manipulating the price of a security. I have previously instructed you on the meaning of "intent to defraud" with respect to the market manipulation allegations in Count Five and you should apply those instructions here.

In addition, the government must prove that the defendant manipulated the price of a security for the purpose of inducing the purchase or sale of the security by another.

Because intent to defraud is an essential element of market manipulation as charged in the Indictment, it follows that good faith on the part of the defendant is a complete defense to the charges in Count Six.


Authority: *See* Proposed Jury Instructions 5, 16, 39.

As to good faith, *see United States v. Barbera*, No. 21-cr-154 (JGK), Jury Charge, at 1048:25-1049:3 (S.D.N.Y. Feb. 15, 2022), ECF No. 113.

**PROPOSED JURY INSTRUCTION NO. 46**
**MARKET MANIPULATION: FOURTH ELEMENT – INTERSTATE**
**COMMERCE**

The fourth element of Count Six requires the government to prove beyond a reasonable doubt that the defendant used, or caused to be used, the mails, any means or instrumentality of interstate commerce, or any facility of a national securities exchange.

I have previously instructed you on the meaning of these terms with respect to Count One and you should apply those instructions here.

Authority: *See* Proposed Jury Instructions 18.

**PROPOSED JURY INSTRUCTION NO. 47**
**COUNT SEVEN:  OVERVIEW OF THE WIRE FRAUD CHARGE**

Count Seven charges Mr. Mashinsky with wire fraud.  The indictment charges that from at least in or about 2018 through at least in or about June 2022, in the Southern District of New York and elsewhere, Mr. Mashinsky, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, Mr. Mashinsky engaged in a scheme to defraud investors in CEL token by artificially manipulating the market for CEL token and through making false and misleading statements about Celsius's purchases of CEL token and making false and misleading statements about his own sales of CEL token, including using interstate wires, some of which transited through the Southern District of New York.

Authority: Indict. ¶ 89.

## PROPOSED JURY INSTRUCTION NO. 48
## WIRE FRAUD: ELEMENTS OF THE OFFENSE

As I instructed you with respect to the wire fraud charged in Count Three, to prove the wire fraud charged in Count Seven, the government must prove, beyond a reasonable doubt, each of the following five elements:

*First*, that Mr. Mashinsky devised or intended to devise a scheme or artifice to defraud the alleged victims of money or property.

*Second*, that he did so by means of false or fraudulent pretenses, representations, or promises.

*Third*, that those pretenses, misrepresentations or promises were material.

*Fourth*, that Mr. Mashinsky devised or intended to devise the scheme knowingly and willfully, with knowledge of its fraudulent nature and with specific intent to defraud.

*Fifth*, that Mr. Mashinsky, in the execution of the scheme, used or caused the use of interstate wires.

I previously instructed you on each of the elements of wire fraud in the instructions for Count Three. You should apply those same instructions when considering Count Seven.

I remind you that because intent to defraud is an essential element of wire fraud, it follows that good faith on the part of the defendant is a complete defense to the charges in Count Seven.

Authority: *See* Proposed Jury Instructions 5, 27-32.

As to good faith, *see United States v. Barbera*, No. 21-cr-154 (JGK), Jury Charge, at 1056:12-14 (S.D.N.Y. Feb. 15, 2022), ECF No. 113.

## PROPOSED JURY INSTRUCTION NO. 49
## COUNT FOUR: CONSPIRACY TO MANIPULATE THE PRICE OF CEL

Count Four alleges that, from at least in or about 2019 through at least in or about June 2022, Mr. Mashinsky and others engaged in a conspiracy to commit the following offenses: (a) securities fraud, in violation of Title 15 Section 78j(b); (b) market manipulation in violation of Title 15 United States Code, Section 78i(a)(2); and (c) wire fraud, in violation of Title 18 United States Code, Section 1343.

Let me begin with some general instructions on the concept of conspiracy. A conspiracy is a kind of criminal partnership – a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish some unlawful purpose. The crime of conspiracy to violate a federal law is an independent offense. It is separate and distinct from the actual violation of any specific federal laws, which are often referred to as "substantive crimes."

In Count Four, Mr. Mashinsky is charged with conspiring to commit three substantive crimes: securities fraud, market manipulation, and wire fraud. In order to find Mr. Mashinsky guilty of the conspiracy charged in Count Four, you must find not only the existence of a conspiracy, but also that at least one object of that conspiracy was to commit either securities fraud, market manipulation, or wire fraud.


Authority: Indict. ¶ 79; *United States v. Barbera*, No. 21-cr-154 (JGK), Jury Charge, at 1065:11-21 (S.D.N.Y. Feb. 15, 2022), ECF No. 113.

**PROPOSED JURY INSTRUCTION NO. 50**
**CONSPIRACY TO MANIPULATE THE PRICE OF CEL:**
**ELEMENTS OF THE OFFENSE**

To prove the conspiracy charged in Count Four, the government must establish each of the following three elements beyond a reasonable doubt:

First, that two or more persons entered into an agreement to commit a crime.

Second, that Mr. Mashinsky knowingly and willfully became a member of the conspiracy, with intent to further its illegal purposes – that is, with the intent to commit the objects of the charged conspiracy.

Third, that an overt act occurred in furtherance of the conspiracy; that is, someone within the conspiracy knowingly and willfully took some action that advanced the goals of the conspiracy.

Now, let us separately discuss each of these elements.


Authority: Adapted from *United States v. Phillips*, 22-cr-138 (LJL), Jury Charge, at 1355:17-1356:1 (S.D.N.Y. Oct. 24, 2023), ECF 86.

**PROPOSED JURY INSTRUCTION NO. 51**
**CONSPIRACY TO MANIPULATE THE PRICE OF CEL: FIRST ELEMENT –**
**EXISTENCE OF THE CONSPIRACY**

The first element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more people entered into the unlawful agreement charged in the Indictment.  To satisfy the first element of a conspiracy, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement.  Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished.  The government must, however, prove that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish the specified unlawful objects of the conspiracy. You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof.  However, since direct proof may not be available, you may find the existence of a conspiracy from the surrounding facts and circumstances as of the time the acts in question occurred, or from the events that took place, and the reasonable inferences to be drawn from them.

Some circumstantial evidence may be susceptible to more than one inference – perhaps with one inference tending to indicate guilt and the other innocence.  In such a case, in selecting any particular inference, you must keep in mind the presumption of innocence and that the prosecution has the burden of proving the defendant guilty beyond a reasonable doubt.  On this issue, you should refer to my earlier instructions on direct and circumstantial evidence and inferences.

The object of a conspiracy is the illegal agreement that the co-conspirators agreed or hoped to achieve.  The conspiracy charged in Count Four had the alleged objects of securities fraud, market manipulation, and wire fraud.  I have instructed you on the elements of securities fraud, market manipulation, and wire fraud in my instructions to you regarding Counts Five, Six, and Seven.  You should apply those instructions here.

Authority:  Adapted from *United States v. Barbera*, 21-cr-154 (JGK), Jury Charge, at 1066:17-1068:5.

**PROPOSED JURY INSTRUCTION NO. 52**
**CONSPIRACY TO MANIPULATE THE PRICE OF CEL: SECOND ELEMENT –**
**MEMBERSHIP IN THE CONSPIRACY**

The second element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that Mr. Mashinsky knowingly, willfully, and voluntarily became a member of the charged conspiracy. As I have instructed you with respect to those terms in the context of the other three counts, my instructions on those terms apply here as well. The defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences that may be drawn from them.

If you are satisfied beyond a reasonable doubt that the conspiracy charged in the Indictment existed, you must then consider whether Mr. Mashinsky knowingly, willfully, and voluntarily joined the conspiracy charged in the Indictment. To become a member of a conspiracy, the defendant need not have known the identities of each and every other member, nor need he have been apprised of all of their activities. Moreover, the defendant need not have been fully informed as to all the details or have agreed to join in all of the conspiracy's unlawful objectives.

On the other hand, a defendant's knowledge of the existence and goals of a conspiracy does not in and of itself make him a co-conspirator. There must be something more than mere knowledge, approval, or acquiescence in the object or purpose of the conspiracy. The defendant must in some sense promote the goal of the conspiracy, make it his own, and have a stake in the outcome, or he must affirmatively attempt to further the purposes of the conspiracy. He must agree to the essential nature of the illegal plan. Furthermore, a defendant may know, assemble with, or be friendly with, one or more members of a conspiracy without being a member of the

conspiracy himself.  Mere similarity of conduct or even the fact that the defendant may have discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

Moreover, the fact that the acts of the defendant, without knowledge, merely happen to further the purposes of objectives of the conspiracy, does not make the defendant a member of the conspiracy.  More is required under the law.  What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objects of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.  In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of furthering the illegal undertaking.  He thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, a co-conspirator.

Authority: 2 Fed. Jury Prac. & Instr.(6th ed.) §§ 31.03, 31.05; *United States v. Ceballos,* 340 F.3d 115, 123-24 (2d Cir. 2003); *United States v. Lanza,* 790 F.2d 1015, 1020-21, 1022-23 (2d Cir. 1986); *United States v. Gleason,* 616 F.2d 2, 16-17 (2d Cir. 1979); *United States v. Steinberg*, 525 F.2d 1126, 1134 (2d Cir. 1975).

**PROPOSED JURY INSTRUCTION NO. 53**
**CONSPIRACY TO MANIPULATE THE PRICE OF CEL: THIRD ELEMENT – OVERT ACT**

The third element that the government must prove beyond a reasonable doubt to establish

the offense of conspiracy is that at least one of the members of the conspiracy, not necessarily

Mr. Mashinsky, knowingly and willfully committed at least one overt act alleged in the

Indictment for the purpose of furthering some objective of the conspiracy.

The Indictment alleges the following overt acts:

(a) On or about July 14, 2020, Mashinsky instructed another co-conspirator not named
herein by electronic message to Cause Celsius to purchase CEL token in the market in
order to artificially manipulate the price of CEL.

(b) On our about October 21, 2020, Mashinsky personally purchased CEL in the market
in order to artificially support the price of CEL.

(c) On or about October 30, 2021, Mashinsky and Roni Cohen-Pavon discussed by
electronic message a plan to artificially manipulate the price of CEL.

(d) On or about January 7, 2022, Mashinsky made false and misleading public statements
regarding his own sales of CEL.

(e) On or about November 5, 2021, Mashinsky made false and misleading public
statements regarding his own sales of CEL.

For the government to satisfy the overt act element, it is not required that it prove all of

the overt acts I just read to you, or that any particular overt act was committed at precisely the

time alleged in the Indictment.  The government must prove beyond a reasonable doubt that at

least one overt act occurred, that it occurred at about the time and place stated, and that the overt

act was knowingly and willfully committed by an alleged conspirator for the purpose of carrying

out the unlawful agreement.

In other words, for Count Four, there must be something more than the two elements of

conspiracy described earlier: existence and membership; there must in addition be some overt

step or action knowingly and willfully taken by one of the conspirators in furtherance of the conspiracy.

The overt act element, to put it another way, is a requirement that the agreement went beyond the mere talking and agreement stage.  Bear in mind, however, that the overt act, standing alone, may be an innocent lawful act.

Similarly, it is not necessary for the government to prove that each member of the conspiracy committed or participated in the overt act.  It is sufficient for the government to prove that at least one overt act was, in fact, knowingly and willfully performed by at least one conspirator, whether the defendant or another co-conspirator, to further the conspiracy within the timeframe of the conspiracy.

Authority: Adapted from 1 Sand, *Modern Federal Jury Instructions-Criminal*, Instructions 19-7, 19-8

## PROPOSED JURY INSTRUCTION NO. 54
## WITNESS WITH GOVERNMENT AGREEMENT

**[IF APPLICABLE]**

In this case, there has been testimony from a government witness who pled guilty after entering into an agreement with the government to testify. There is evidence that the government agreed not to prosecute this witness on unrelated charges in exchange for his agreement to plead guilty and testify at this trial against the defendant. The government also entered into agreements with this witness concerning sentencing and promised to bring the witnesses' cooperation to the attention of the sentencing court and other authorities. The government is permitted to enter into this kind of plea agreement.

You should bear in mind that a witness who has entered into such an agreement has an interest in this case different from any ordinary witness. A witness who realizes that he may be able to obtain his own freedom or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely.  The mere fact that a plea agreement mentions that the government has offered certain things in exchange for a witness's truthful testimony does not mean that the witness's testimony is truthful.  Therefore, you must examine his testimony with caution and weigh it with great care. You should scrutinize it closely to determine whether it is colored or slanted in such a way as to place guilt upon a defendant in order to further the witness' own interests. Such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to testify falsely. Such testimony should be considered by you with skepticism and you may give it such weight, if any, as you believe it deserves. If, after scrutinizing his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

Further, you are to draw no conclusions or inferences of any kind about Mr. Mashinsky from the fact that a witness with a government agreement pleaded guilty.  The fact that a witness decided to plead guilty to certain charges arising from his conduct is a personal decision, and you cannot consider the fact that the witness decided to plead guilty to certain charges against Mr. Mashinsky in this courtroom because it was a personal decision on the part of that witness.  It in no way changes the presumption of innocence that applies to Mr. Mashinsky who is on trial here, a presumption that remains with him throughout the trial and into your jury deliberations unless and until you conclude that the government has proven a Defendant's guilt by competent evidence beyond a reasonable doubt.

Authority: Adapted from 1 L. Sand, et al., Modern Federal Jury Instructions, Instrs. 7-9, 7-11 (2007); *United States v. Forbes*, No. 3:02 CR 264, at 74 (D. Conn. 2007); *see Banks v. Dretke*, 540 U.S. 668, 701-02 (2004) (approving similar pattern instructions in the First, Fifth, Sixth, Seventh, Eighth, and Ninth Circuits). In *Banks*, the Supreme Court emphasized it had long recognized "the 'serious questions of credibility' informers pose," and the need for "customary, truth promoting precautions that generally accompany the testimony of informants"); *United States v. Valerio*, No. 08-cr-34 (WES), Jury Charge, at 30 (D.R.I. Nov. 6, 2008), *available at* https://www.rid.uscourts.gov/sites/rid/files/juryinstructions/criminal/08-34S%20US%20v%20Bermudez%20%28Roberto%20Valerio%29.pdf; *see also On Lee v. United States*, 343 U.S. 747, 757 (1952).

**PROPOSED JURY INSTRUCTION NO. 55**
**SUMMARY WITNESS TESTIMONY**

**[IF APPLICABLE]**

You heard testimony from [witness name] who is called a summary witness. Testimony of a summary witness is not in and of itself evidence or proof of any facts. Rather, it is intended to explain. Testimony of a summary witness should be disregarded to the extent it is not an accurate summary.

Authority: *See United States v. Fullwood*, 342 F.3d 409, 412-13 (5th Cir. 2003).

## PROPOSED JURY INSTRUCTION NO. 56
## DEFENDANT'S TESTIMONY

**[IF APPLICABLE]**

In this case, Mr. Mashinsky did testify, and he was subject to cross-examination like any other witness. You should examine and evaluate his testimony just as you would the testimony of any witness.

**[IF APPLICABLE]**

Mr. Mashinsky did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the government's burden to prove a defendant guilty beyond a reasonable doubt. The burden remains with the government throughout the entire trial and never shifts to a defendant.

A defendant is never required to prove that he is innocent. Therefore, you must not attach any significance to the fact that Mr. Mashinsky fact did not testify. You must not draw any adverse inference against Mr. Mashinsky because he did not take the witness stand, and you may not consider that against him in any way in your deliberations.

Authority: Modified from charge given in *United States v. Dawkins*, No. 17-cr-684 (ER) (S.D.N.Y. May 3, 2019), ECF No. 270, at 67–68 and charge given in *United States v. Scott*, No. 17-cr-630 (ER) (S.D.N.Y. Nov. 20, 2019), ECF No. 207 at 176–77; see also Sand, Instr. 5-21.

## PROPOSED JURY INSTRUCTION NO. 57
## LAW ENFORCEMENT WITNESSES

**[IF APPLICABLE]**

You have heard the testimony of a witness who was a law enforcement officer during the events at issue in this trial. The fact that a witness is or was employed by the government does not mean that his or her testimony deserves more or less consideration, or greater or lesser weight, than that of any other witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept or reject the testimony of the witness and to give that testimony whatever weight you find it deserves.

Authority: Adapted from *United States v. Barbera,* No. 21-cr-154 (JGK), Jury Charge, 1084:7-21 (S.D.N.Y. Feb. 15, 2022), ECF No. 113; *see also* Sand, Instr. 7-16.

## PROPOSED JURY INSTRUCTION NO. 58
## DUTY TO DELIBERATE/UNANIMOUS VERDICT

You will now retire to decide the case. It is your duty as jurors to consult with one another and to deliberate with a view towards reaching an agreement. Each of you must decide the case for yourself. But you should do so only after consideration of the case with your fellow jurors.

Your verdict and the answer to each question on the verdict form must be unanimous. Discuss and weigh your respective opinions dispassionately, without sympathy, prejudice or favor toward either party and adopt that conclusion which, in your good conscience, appears to be in accordance with the evidence.

As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views. Every juror should be heard. No one juror should hold center stage in the jury room, and no one juror should control or monopolize the deliberations. You should all listen to one another with courtesy and respect. If, after stating your own view, and if, after listening to your fellow jurors, you become convinced that your view is wrong, do not hesitate because of stubbornness or pride to change your view. On the other hand, do not surrender your honest convictions and beliefs concerning the weight or effect of the evidence solely because of the opinions of your fellow jurors or because you are outnumbered or for the mere purpose of returning a verdict. Your final vote must reflect your conscientious belief as to how the issues should be decided. Your verdict must be unanimous.

You are not to discuss the case until and unless all jurors are present. Nine or ten or even eleven jurors together is only a gathering of individuals. Only when all twelve jurors are present do you constitute a jury, and only then may you deliberate.

<u>Authority</u>: Modified from charge given in *United States v. Dawkins*, No. 17-cr-684 (ER) (S.D.N.Y. May 6, 2019), ECF No. 272, at 121–22 and charge given in *United States v. Scott*, No. 17-cr-630 (ER) (S.D.N.Y. Nov. 20, 2019), ECF No. 207 at 194–95; *see also United States v. Henry*, 325 F.3d 93, 107 (2d Cir. 2003) ("[T]his Court has approved language directing jurors to consider the views of other jurors without abandoning their own conscientious opinions").

\*     \*     \*     \*

Respectfully submitted,

MUKASEY YOUNG LLP

By:     /s/ Michael F. Westfal
Marc L. Mukasey
Torrey K. Young
Michael Westfal
570 Lexington Avenue, Suite 3500
New York, NY 10022
Tel: (212) 466-6400

*Attorneys for Alexander Mashinsky*