OC3KMASP

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

              v.                    23 CR 347 (JGK)

ALEXANDER MASHINSKY,

                                    Plea
              Defendant.

------------------------------x

                                    New York, N.Y.
                                    December 3, 2024
                                    3:00 p.m.


Before:

                    HON. JOHN G. KOELTL,

                                    District Judge

                         APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
ALLISON C. NICHOLS
ADAM SLOAN HOBSON
PETER DAVIS
     Assistant United States Attorneys

MUKASEY YOUNG LLP
     Attorneys for Defendant
BY:  MARC L. MUKASEY
     TORREY K. YOUNG
     MICHAEL F. WESTFAL
     SAL H. CHAN

Also Present:

Brandon Racz, FBI
```

OC3KMASP

| 1 | (Case called) |
| 2 | MR. HOBSON:  Good afternoon, your Honor.  Adam Hobson, |
| 3 | Allison Nichols, and Peter Davis, for the government.  We're |
| 4 | joined by Special Agent Brandon Racz of the FBI. |
| 5 | MS. NICHOLS:  Good afternoon, your Honor. |
| 6 | MS. YOUNG:  Good afternoon.  Torrey Young, from the |
| 7 | law firm Mukasey Young, on behalf of the defendant, |
| 8 | Alex Mashinsky.  And I am joined at counsel's table by my |
| 9 | colleagues, Marc Mukasey and Michael Westfal and Sal Chan.  And |
| 10 | Mr. Mashinsky is to my left. |
| 11 | THE COURT:  All right.  Good afternoon, all. |
| 12 | I have a plea agreement, dated December 2, 2024; a |
| 13 | letter addressed to Ms. Mukasey and others, that appears to be |
| 14 | signed on behalf of the government, and approved, and appears |
| 15 | to be signed by Mr. Mashinsky and Ms. Mukasey on December 2, |
| 16 | 2024.  I have marked it as Court Exhibit 1.  It appears, from |
| 17 | Court Exhibit 1, that the defendant wishes to enter a plea of |
| 18 | guilty to Counts Two and Five of the indictment. |
| 19 | Is that what the defendant wishes to do? |
| 20 | MS. YOUNG:  Yes, your Honor. |
| 21 | THE COURT:  Okay. |
| 22 | I also have a consent preliminary order of forfeiture, |
| 23 | which appears to be signed on behalf of the government, also |
| 24 | appears to be signed by Mr. Mashinsky and Ms. Young December 2, |
| 25 | 2024. |

OC3KMASP

1          So, do the parties agree that I can sign the consent

2   preliminary order of forfeiture?

3          MR. HOBSON:  Yes, your Honor.

4          MS. YOUNG:  Yes, your Honor.

5          THE COURT:  Okay.

6          Mr. Fletcher, please administer the oath to the

7   defendant.

8          (Defendant sworn)

9          THE COURT:  Please state your full name for the

10  record.

11         THE DEFENDANT:  Alex Mashinsky.

12         THE DEPUTY CLERK:  Thank you.

13         THE COURT:  Mr. Mashinsky, do you understand that you

14  are now under oath, and that if you answer any of my questions

15  falsely, your false or untrue answers may later be used against

16  you in another prosecution for perjury or making a false

17  statement?

18         THE DEFENDANT:  I do, your Honor.

19         THE COURT:  Tell me your full name, please.

20         THE DEFENDANT:  Alex Mashinsky.

21         THE COURT:  How old are you?

22         THE DEFENDANT:  I'm 59 years old.

23         THE COURT:  How far did you go in school?

24         THE DEFENDANT:  I attended college.  I did not

25  graduate.

OC3KMASP

```
 1              THE COURT:  All right.
 2              Are you a citizen of the United States?
 3              THE DEFENDANT:  I am.
 4              THE COURT:  Are you able to speak and understand
 5   English?
 6              THE DEFENDANT:  I am.
 7              THE COURT:  Are you now, or have you recently been,
 8   under the care of a doctor or a psychiatrist?
 9              THE DEFENDANT:  I have a medical doctor, your Honor,
10   that I am seeing.
11              THE COURT:  Is there anything about any of the
12   conditions for which you see your doctor, do any of those
13   conditions affect your ability to understand these proceedings
14   and to consult with your lawyers?
15              THE DEFENDANT:  No, your Honor.
16              THE COURT:  Have you ever been treated or hospitalized
17   for any mental illness or any type of addiction, including drug
18   or alcohol addiction?
19              THE DEFENDANT:  I have not.
20              THE COURT:  In the past 24 hours, have you taken any
21   medicine, drugs, or pills, or have you drunk any alcohol?
22              THE DEFENDANT:  I did not, your Honor.
23              THE COURT:  Is your mind clear today?
24              THE DEFENDANT:  Yes, it is.
25              THE COURT:  Are you feeling all right today?
```

OC3KMASP

1          THE DEFENDANT:  I do.

2          THE COURT:  Do either counsel have any doubt as to the

3   defendant's competence to plead at this time?

4          MR. HOBSON:  No, your Honor.

5          MS. YOUNG:  No, your Honor.

6          THE COURT:  Mr. Mashinsky, your lawyer has informed me

7   that you wish to enter a plea of guilty to Counts Two and Five

8   of the indictment.

9          Is that what you wish to do?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  Have you had a full opportunity to discuss

12   your case with your lawyers and to discuss the consequences of

13   entering a plea of guilty?

14          THE DEFENDANT:  I did, your Honor.

15          THE COURT:  Are you satisfied with your lawyers and

16   their representation of you?

17          THE DEFENDANT:  Yes, I am.

18          THE COURT:  On the basis of Mr. Mashinsky's responses

19   to my questions and my observations of his demeanor, I find

20   that he is fully competent to enter an informed plea at this

21   time.

22          Now, Mr. Mashinsky, before I accept any plea from you,

23   I'm going to be asking you certain questions.  My questions are

24   intended to satisfy me that you wish to plead guilty because

25   you are, in fact, guilty, and that you fully understand the

OC3KMASP

1    consequences of your plea, and, furthermore, that you are

2    pleading guilty knowingly and voluntarily, and that there is an

3    independent basis in fact for your plea.

4            Do you understand that?

5            THE DEFENDANT:  I do, your Honor.

6            THE COURT:  I'm now going to describe to you certain

7    rights that you have under the Constitution and laws of the

8    United States, which rights you will be giving up if you enter

9    a plea of guilty.  Please listen to me very carefully.  If

10   there is anything that I say that you don't understand, please

11   ask me to stop, and either I or Ms. Young will explain it to

12   you more fully.

13           All right?

14           THE DEFENDANT:  Yes, your Honor.

15           THE COURT:  Now, Mr. Mashinsky, under the Constitution

16   and laws of the United States, you have a right to a speedy and

17   public trial by a jury on the charges against you which are

18   contained in the indictment.

19           Do you understand that?

20           THE DEFENDANT:  I do, your Honor.

21           THE COURT:  If there were a trial, you would be

22   presumed to be innocent, and the government would be required

23   to prove you guilty by competent evidence and beyond a

24   reasonable doubt.  You would not have to prove that you were

25   innocent at trial.

OC3KMASP

1          Do you understand that?

2          THE DEFENDANT:  I do, your Honor.

3          THE COURT:  If there were a trial, a jury composed of

4    12 people, selected from this district, would have to agree

5    unanimously that you were guilty.  Do you understand that?

6          THE DEFENDANT:  I do, your Honor.

7          THE COURT:  If there were a trial, you would have the

8    right to be represented by a lawyer, and if you could not

9    afford a lawyer, a lawyer would be provided to you free of

10   cost.

11         Do you understand that?

12         THE DEFENDANT:  I do.

13         THE COURT:  Indeed, you have a right to be represented

14   by a lawyer at trial and at every other stage of the

15   proceedings, and if you could not afford a lawyer, a lawyer

16   would be provided to you free of cost.

17         Do you understand that?

18         THE DEFENDANT:  I do, your Honor.

19         THE COURT:  As I mentioned, if there were a trial, you

20   would be presumed to be innocent, and the government would be

21   required to prove you guilty by competent evidence and beyond a

22   reasonable doubt.  You would not have to prove that you were

23   innocent at trial.

24         Do you understand that?

25         THE DEFENDANT:  I do, your Honor.

OC3KMASP

1              THE COURT:  If there were a trial, you would have the

2      right to see and hear all of the witnesses against you, and

3      your attorney could cross-examine them; you would have a right

4      to have your attorney object to the government's evidence and

5      offer evidence on your behalf if you so desired; and you would

6      have the right to have subpoenas issued or other compulsory

7      process used to compel witnesses to testify in your defense,

8      and you would not be required to testify.

9              Do you understand all of that?

10             THE DEFENDANT:  I do, your Honor.

11             THE COURT:  If there were a trial, you would have the

12     right to testify if you wanted to, but no one could force you

13     to testify if you didn't want to.  And, furthermore, no

14     inference or suggestion of guilt could be drawn if you chose

15     not to testify at trial.

16             Do you understand that?

17             THE DEFENDANT:  I do, your Honor.

18             THE COURT:  Mr. Mashinsky, do you understand each and

19     every one of the rights that I have described to you?

20             THE DEFENDANT:  I do.

21             THE COURT:  Do you have any questions about any of

22     those rights?

23             THE DEFENDANT:  I do not.

24             THE COURT:  Do you understand that by entering a plea

25     of guilty today, you are giving up each and every one of those

OC3KMASP

1    rights, that you are waiving those rights, and that you will

2    have no trial?

3              THE DEFENDANT:  I do, your Honor.

4              THE COURT:  Do you understand that you can change your

5    mind right now and refuse to enter a plea of guilty?  You don't

6    have to enter this plea if you don't want to for any reason at

7    all.

8              Do you understand that completely?

9              THE DEFENDANT:  I do, your Honor.

10             THE COURT:  Now, Mr. Mashinsky, you've received a copy

11   of the indictment against you; is that correct?

12             THE DEFENDANT:  Yes, I did.

13             THE COURT:  And have you read it?

14             THE DEFENDANT:  I did.

15             THE COURT:  Did you discuss the indictment with your

16   lawyers?

17             THE DEFENDANT:  I did, your Honor.

18             THE COURT:  Do you understand what you are charged

19   with in the indictment?

20             THE DEFENDANT:  I understand.

21             THE COURT:  You understand that if you did not plead

22   guilty, the government would be required to prove each and

23   every part, or element, of the charges against you in the

24   indictment beyond a reasonable doubt at trial?

25             THE DEFENDANT:  I understand.

OC3KMASP

1          THE COURT:  Let me go over with you Counts Two and

2    Five of the indictment, just to make sure that I'm satisfied

3    that you understand what you are charged with in those counts

4    and what the government would be required to prove in each of

5    those counts.

6          So, Count Two charges commodities fraud.  It charges,

7    the grand jury further charges:  The allegations contained in

8    paragraphs 1 through 71 of this indictment are hereby repeated,

9    realleged, and incorporated by reference as if fully set forth

10   herein.

11         And then paragraph 75:  From at least in or about 2018

12   through at least in or about 2022, in the Southern District of

13   New York and elsewhere, Alexander Mashinsky, the defendant,

14   willfully and knowingly, directly and indirectly, used and

15   employed, and attempted to use and employ, in connection with a

16   swap, a contract of sale of a commodity in interstate commerce,

17   and for future delivery on and subject to the rules of a

18   registered entity, a manipulative and deceptive advice and

19   contrivance, in contravention of Title 17, Code of Federal

20   Regulations, Section 180.1, by:

21         (1) using and employing, and attempting to use and

22   employ, a manipulative device, scheme, and artifice to defraud;

23         (2) making, and attempting to make, an untrue and

24   misleading statement of material fact and omitting to state a

25   material fact necessary in order to make the statements not

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

OC3KMASP

1  untrue and misleading;

2         And (3) engaging and attempting to engage in an act,

3  practice, and course of business which operated and would

4  operate as a fraud and deceit upon a person, to wit, Mashinsky

5  engaged in a fraudulent scheme to induce investors to sell

6  their Bitcoin to Celsius in exchange for an interest in

7  Celsius' earn Program by making false and misleading statements

8  about Celsius' financial condition and operations, in violation

9  of Title 7, United States Code, Sections 9(1) and 13(a)(5), and

10  Title 17, Code of Federal Regulations, Section 180.1, and

11  Title 18, United States Code, Section 2.

12         Do you understand that's what you were charged with in

13  Count Two of the indictment?

14         THE DEFENDANT:  I understand.

15         THE COURT:  Do you understand that if you did not

16  plead guilty, the government would be required to prove beyond

17  a reasonable doubt at trial:  First, that you, the defendant,

18  (a) employed a manipulative device, scheme, or artifice to

19  defraud; or (b) made an untrue statement of a material fact, or

20  admitted to state a material fact, which made what was said

21  under the circumstances misleading; or (c) engaged in an act,

22  practice, or course of business that operated or would operate

23  as a fraud or deceit upon any person; and, second, that the

24  scheme, untrue statement, act, practice, or course of conduct

25  was in connection with a contract of sale of any commodity in

OC3KMASP

1  interstate commerce; and, third, that you, the defendant, acted

2  knowingly, willfully, and with an intent to defraud?

3      Do you understand that the government would be

4  required to prove all of those elements beyond a reasonable

5  doubt at trial?

6      THE DEFENDANT:  I understand, your Honor.

7      THE COURT:  Do you understand that the maximum penalty

8  for the crime charged in Count One is --

9      MS. YOUNG:  It's Count Two, your Honor.

10      THE COURT:  I'm sorry, Count Two.  Thank you.

11      Mr. Mashinsky, do you understand that the maximum

12  penalty for the crime charged in Count Two is a maximum term of

13  ten years' imprisonment; a maximum term of three years'

14  supervised release; a maximum fine of the greatest of

15  $1 million or twice the gross pecuniary gain derived from the

16  offense or twice the gross pecuniary loss to a person or

17  persons other than yourself as a result of the offense; and a

18  mandatory $100 special assessment?

19      Do you understand that's the maximum penalty for the

20  crime charged in Count Two of the indictment?

21      THE DEFENDANT:  I do, your Honor.

22      THE COURT:  Turning to Count Five.  Count Five alleges

23  a fraudulent scheme to manipulate the price of CEL.

24      The grand jury further charges:  The allegations

25  contained in paragraphs 1 through 71 and 83 of this indictment

OC3KMASP

1    are hereby repeated, realleged, incorporated by reference as if

2    fully set forth herein.

3              From at least in or about 2019 through at least in or

4    about June 2022, in the Southern District of New York and

5    elsewhere, Alexander Mashinsky and Roni Cohen-Pavon, the

6    defendants, willfully and knowingly, directly and indirectly,

7    by use of a means and instrumentality of interstate commerce

8    and of the mails, and a facility of a national securities

9    exchange, used and employed, in connection with the purchase

10   and sale of a security, a manipulative and deceptive device and

11   contrivance, in violation of Title 17, Code of Federal

12   Regulations, Section 240.10b-5 by:

13             (a) employing a device, scheme, and artifice to

14   defraud;

15             (b) making an untrue statement of a material fact and

16   omitting to state a material fact necessary in order to make

17   the statements made in light of the circumstances under which

18   they were made not misleading; and

19             (c) engaging in an act, practice, and course of

20   business which operated and would operate as a fraud and deceit

21   upon a person, to wit, Mashinsky and Cohen-Pavon engaged in a

22   scheme to defraud investors in CEL token by artificially

23   manipulating the market for CEL token and through making false

24   and misleading statements about Celsius' purchase of CEL token

25   and making false and misleading statements about Mashinsky's

OC3KMASP

1    own sales of CEL token, in violation of Title 15, United States

2    Code, Section 78j(b) and 78ff, Title 17, Code of Federal

3    Regulations, Section 240.10b-5, and Title 18, United States

4    Code, Section 2.

5         Do you understand that's what you are charged with in

6    Count Five of the indictment?

7         THE DEFENDANT:  I do, your Honor.

8         THE COURT:  Do you understand that if you did not

9    plead guilty, the government would be required to prove beyond

10   a reasonable doubt at trial, first, that in connection with the

11   purchase or sale of a security, you, the defendant, did any one

12   or more of the following:

13        First, (a) employed a device, scheme, or artifice to

14   defraud, or (b) made an untrue statement of a material fact or

15   omitted to state a material fact that made what was said under

16   the circumstances misleading, or (c) engaged in an act,

17   practice, or course of conduct that operated or would operate

18   as a fraud or deceit upon a purchaser or seller;

19        Second, that you, the defendant, acted willfully,

20   knowingly, and with intent to defraud;

21        And, third, that you, the defendant, knowingly used,

22   or caused to be used, any means or instruments of

23   transportation or communications in interstate commerce, or the

24   use of the mails in furtherance of the fraudulent scheme?

25        The security that is the object of Count Five is the

OC3KMASP

1    CEL token.  The government has the burden of proving beyond a

2    reasonable doubt that the CEL token is a security.  One

3    recognized type of security is an investment contract.  An

4    investment contract means a contract, transaction, or scheme,

5    whereby a person invests money in a common enterprise with the

6    expectation of profits to be derived from the efforts of

7    others.

8            The CEL token constitutes investment contracts, and

9    therefore securities, if the jury finds beyond a reasonable

10   doubt the following three requirements are met:

11           (1) the transaction consisted of an investment in a

12   common venture;

13           (2) the transaction was premised on a reasonable

14   expectation of profits;

15           And (3) those profits were to be derived substantially

16   from the efforts of others.

17           Do you understand the government would be required to

18   prove all of that beyond a reasonable doubt at trial?

19           THE DEFENDANT:  May I confer with my lawyers for a

20   second?

21           THE COURT:  Sure.

22           (Counsel conferred with defendant)

23           THE DEFENDANT:  I understand Count Five, your Honor.

24           THE COURT:  Okay.

25           Any questions?

OC3KMASP

1          THE DEFENDANT:  I already had all the questions.

2     Thank you.

3          THE COURT:  Okay.

4          Do you understand that the maximum penalty for the

5     crime charged in Count Five is a maximum term of 20 years'

6     imprisonment; a maximum term of three years of supervised

7     release; a maximum fine of the greatest of $5 million or twice

8     the gross pecuniary gain derived from the offense or twice the

9     gross pecuniary loss to a person or persons other than yourself

10    as a result of the offense; and a mandatory $100 special

11    assessment?

12         Do you understand that's the maximum penalty for the

13    crime charged in Count Five of the indictment?

14         THE DEFENDANT:  I do, your Honor.

15         THE COURT:  Do you understand that when I talk about

16    supervised release, supervised release means that you will be

17    subject to monitoring when you are released from prison, and

18    the monitoring is to be under terms and conditions which could

19    lead to reimprisonment without a jury trial if you violate

20    them?

21         THE DEFENDANT:  I understand, your Honor.

22         THE COURT:  Do you also understand that if you

23    violated the terms of supervised release and were sentenced to

24    prison, you could be sentenced to prison for the entire term of

25    supervised release, without any credit for any time you had

OC3KMASP

1    already spent on supervised release?

2         THE DEFENDANT:  I understand, your Honor.

3         THE COURT:  Do you also understand that, as part of

4    your sentence, I can also order restitution to any person

5    injured as a result of your criminal conduct?

6         THE DEFENDANT:  I do, your Honor.

7         THE COURT:  The indictment contains a forfeiture

8    provision.  The indictment says that, as a result of committing

9    the offenses in Counts One and Three through Seven of this

10   indictment, as to Alexander Mashinsky, the defendant, the

11   defendant shall forfeit to the United States, pursuant to

12   Title 18, United States Code, Section 981(a)(1)(C), and

13   Title 28, United States Code, Section 2461(c), any and all

14   property, real and personal, that constitutes or is derived

15   from proceeds traceable to the commission of said offenses,

16   including, but not limited to, a sum of money in United States

17   currency representing the amount of proceeds traceable to the

18   commission of said offenses, and if any of the above-described

19   forfeitable property cannot be located or has been transferred

20   or placed beyond the jurisdiction of the Court or substantially

21   diminished in value or commingled with other property which

22   cannot be subdivided without difficulty, then it's the intent

23   of the government to have you forfeit any other property that

24   you have up to the value of the forfeitable property.

25         Do you understand that?

OC3KMASP

1          THE DEFENDANT:  I do, your Honor.

2          THE COURT:  And so do you understand that, as a result

3   of your plea, I can order forfeiture?

4          THE DEFENDANT:  I do, your Honor.

5          THE COURT:  I have signed the order of forfeiture that

6   was provided to me.  Do you understand that?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  Do you also understand that you are

9   pleading guilty to two separate counts, and that I can order

10  that the sentences on those counts be served concurrently, that

11  is, at the same time, or consecutively, that is, one right

12  after the other?

13         THE DEFENDANT:  Yes, I understand, your Honor.

14         THE COURT:  So, do you understand that the maximum

15  penalty for both counts is 30 years' imprisonment?

16         THE DEFENDANT:  I understand, your Honor.

17         THE COURT:  And I can also order that the fines and

18  the special assessments be added together, and there's a

19  special assessment of $100 on each of the counts, so, adding

20  those together, you face a special assessment of $200.

21         Do you understand that?

22         THE DEFENDANT:  I understand that.

23         THE COURT:  Do you also understand that if I accept

24  your guilty plea and adjudge you guilty, that adjudication may

25  deprive you of valuable civil rights, such as the right to

OC3KMASP

1    vote, the right to hold public office, the right to serve on a

2    jury, and the right to possess any kind of firearm?

3              THE DEFENDANT:  I understand, your Honor.

4              THE COURT:  Now, you've told me that you are a citizen

5    of the United States, but I always advise defendants that if

6    they're not citizens of the United States, the conviction can

7    be used to remove them from the United States, to deny them

8    citizenship, and to deny them admission to the United States in

9    the future.

10             Do you understand that?

11             THE DEFENDANT:  I do.

12             THE COURT:  Now, Mr. Mashinsky, under current law,

13   there are sentencing guidelines that judges must consult in

14   determining your sentence.  You have spoken to your lawyers

15   about the sentencing guidelines, haven't you?

16             THE DEFENDANT:  I did.

17             THE COURT:  You understand that I, as the sentencing

18   Court, will not be able to determine your guideline sentence

19   until after the probation department has completed the

20   presentence report, and after you and your lawyer have the

21   opportunity to challenge anything contained in the report, and

22   to bring those challenges to my attention?

23             Do you understand that?

24             THE DEFENDANT:  I understand, your Honor.

25             THE COURT:  Do you also understand that even after the

OC3KMASP

1  basic guideline sentencing range is determined in your case, I

2  have the authority in some circumstances to depart upward or

3  downward from the guideline sentencing range?

4          Do you understand that?

5          THE DEFENDANT:  I understand that, your Honor.

6          THE COURT:  And do you also understand that even after

7  I have made that calculation of the appropriate guideline

8  sentencing range in your case, taking into account any upward

9  or downward departures, I must then consider other statutory

10  factors in order to arrive at a final conclusion as to what the

11  appropriate and reasonable sentence is in your case?

12          Do you understand that?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  Do you also understand that if you are

15  sentenced to prison, parole has been abolished, and you will

16  not be released any earlier on parole?

17          THE DEFENDANT:  I understand, your Honor.

18          THE COURT:  You understand that if your lawyer or

19  anyone else has attempted to estimate or predict what your

20  sentence will be, that their estimate or prediction could be

21  wrong?

22          THE DEFENDANT:  I understand, your Honor.

23          THE COURT:  No one, Mr. Mashinsky — not your lawyers,

24  not the government, no one — can or should give you any

25  assurance of what your sentence will be since that sentence can

OC3KMASP

 1  only be determined after the probation department has completed

 2  the presentence report, after I have ruled on any challenges to

 3  the report, and after I have determined what the appropriate

 4  and reasonable sentence is in your case.

 5          Do you understand that?

 6          THE DEFENDANT:  I do, your Honor.

 7          THE COURT:  And do you also understand that even if

 8  your sentence is different from what your lawyer or anyone else

 9  told you that it might be, or if it's different from what you

10  expect it to be, you will still be bound by your guilty plea,

11  and you will not be allowed to withdraw your plea of guilty?

12          Do you understand that?

13          THE DEFENDANT:  I understand, your Honor.

14          THE COURT:  Now, Mr. Mashinsky, I have been given the

15  plea agreement, which you heard me talk about at the outset.

16  It's the December 2, 2024 letter from the government to your

17  lawyers.  It appears to be signed by the government and by

18  yourself and Ms. Mukasey on December 2, 2024.

19          Have you signed this plea agreement?

20          THE DEFENDANT:  I did, your Honor.

21          THE COURT:  Did you read the agreement before you

22  signed it?

23          THE DEFENDANT:  I did.

24          THE COURT:  Did you discuss it with your lawyers

25  before you signed it?

OC3KMASP

 1            THE DEFENDANT:  I did.

 2            THE COURT:  Did you fully understand the agreement

 3   before you signed it?

 4            THE DEFENDANT:  I did.

 5            THE COURT:  Does this letter agreement constitute your

 6   complete and total understanding of the entire agreement

 7   between the government, your lawyers, and you?

 8            THE DEFENDANT:  Yes, I do.

 9            THE COURT:  Is everything that you understand about

10   your plea and your sentence contained in this plea agreement?

11            THE DEFENDANT:  Yes, your Honor.

12            THE COURT:  Has anything been left out?

13            THE DEFENDANT:  Not that I know of.

14            THE COURT:  Has anyone offered you any inducements or

15   threatened you or forced you to plead guilty or to enter into

16   this plea agreement?

17            THE DEFENDANT:  No, your Honor.

18            THE COURT:  There is a provision in the plea agreement

19   that provides:  It is agreed that the defendant will not file a

20   direct appeal or otherwise challenge by petition, pursuant to

21   28, U.S.C., Section 2255, or any other provision, his

22   conviction.

23            In addition to any other claims the defendant might

24   raise, the defendant waives the right to challenge the

25   conviction based on: (1) any nonjurisdictional defects in the

OC3KMASP

proceedings before entry of this plea; (2) a claim that the

statutes to which the defendant is pleading guilty are

unconstitutional; and (3) a claim that the admitted conduct

does not fall within the scope of the statutes.

          Do you understand that?

          THE DEFENDANT:  I do, your Honor.

          THE COURT:  It goes on to say:  It is further agreed

that the defendant will not file a direct appeal or otherwise

challenge by petition, pursuant to 28, U.S.C., Section 2255, or

any other provision, any sentence within or below the

stipulated guidelines sentence of 360 months' imprisonment.

          So, do you understand that if I sentence you to

360 months' imprisonment or less, you have given up your right

to appeal that sentence or to challenge any such sentence in

any proceeding, including any habeas corpus proceeding?

          Do you understand?

          THE DEFENDANT:  I understand, your Honor.

          THE COURT:  The paragraph also says that the defendant

further agrees not to appeal or bring a collateral challenge of

any term of supervised release imposed by the Court for which

he has notice, including from a recommendation by the probation

office or in the presentence investigation report and an

opportunity to object.

          Do you understand that?

          THE DEFENDANT:  I understand, your Honor.

OC3KMASP

1          THE COURT:  It also provides that the defendant also

2     agrees not to appeal or bring a collateral challenge of any

3     fine that is less than or equal to $5 million; the defendant

4     also agrees not to appeal or bring a collateral challenge of

5     any forfeiture amount that is less than or equal to

6     $48,393,446; and the defendant also agrees not to appeal or

7     bring a collateral challenge to any special assessment that is

8     less than or equal to $200.

9          Do you understand that?

10          THE DEFENDANT:  I understand, your Honor.

11          THE COURT:  Do you also understand that the Court is

12     not bound by the plea agreement or by any of the provisions in

13     the plea agreement?  The Court must make an independent

14     determination of the appropriate sentence in your case, and if

15     that sentence differs from anything that's contained in the

16     plea agreement, you will still be bound by your guilty plea,

17     and you will not be allowed to withdraw your plea of guilty.

18          Do you understand that?

19          THE DEFENDANT:  I understand, your Honor.

20          THE COURT:  Ms. Young, do you know of any valid

21     defense that would prevail at the trial of Mr. Mashinsky?

22          MS. YOUNG:  No, your Honor.

23          THE COURT:  Do you know of any reason why

24     Mr. Mashinsky should not be permitted to plead guilty?

25          MS. YOUNG:  No, your Honor.

OC3KMASP

1          THE COURT:  Mr. Mashinsky, please tell me what you did

2     in connection with the two crimes to which you are entering a

3     plea of guilty.

4          THE DEFENDANT:  Your Honor, as to Count Two, in

5     December 2021, in connection with the Celsius Earn Program,

6     part of which included electronic sales of the commodity

7     Bitcoin in exchange for the CEL tokens that were used to pay

8     customer rewards, I gave an interview in which I suggested that

9     Celsius had received approval from regulators even though I

10    knew that was not true.

11         I understand at the time that customers would likely

12    find false comfort in that misrepresentation, and that it would

13    be material to their decision to invest in the Earn Program.

14         As to Count Five, in September of 2019, I

15    intentionally failed to disclose that I was selling my CEL

16    token holdings even though I represented to the public, using

17    electronic communications and wires, that I was not selling.

18         I understand at the time that customers would likely

19    find false comfort in that misrepresentation, and that it would

20    be material to their decision to purchase or sell CEL token as

21    an investment contract.

22         I was working in the Southern District of New York as

23    a CEO of Celsius at these times.  I know what I did was wrong,

24    and I want to try to do whatever I can to make it right.  I

25    accept full responsibility for my actions.

OC3KMASP

1          THE COURT:  All right.

2          You mentioned that you were working in the Southern

3   District of New York with respect to both Counts Two and Five;

4   is that right?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  Was that in Manhattan?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  In connection with all these offenses, did

9   you act knowingly, willfully, and with the intent to defraud?

10         THE DEFENDANT:  Can you repeat that?  Do what?  I

11  didn't hear the beginning of the sentence.

12         THE COURT:  Yes.

13         In connection with both offenses, Count Two and

14  Count Five --

15         THE DEFENDANT:  Yes.

16         THE COURT:  -- did you act knowingly, willfully, and

17  with the intent to defraud?

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  When you did these acts, did you know that

20  what you were doing was wrong and illegal?

21         THE DEFENDANT:  I knew it was wrong, your Honor.

22         THE COURT:  Did you know that what you were doing was

23  illegal?

24         THE DEFENDANT:  Can I confer with my --

25         THE COURT:  Yes, by all means.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

OC3KMASP

```
1                (Counsel conferred with defendant)

2                THE DEFENDANT:  I definitely don't know -- didn't know

3     what law I might have been violating, but I knew it was wrong.

4                THE COURT:  Unlawful, illegal, even if you didn't know

5     the specific law?

6                THE DEFENDANT:  Yes, your Honor.

7                THE COURT:  All right.

8                Does the government want me to ask any other questions

9     of the defendant?

10                MR. HOBSON:  No, your Honor.

11                THE COURT:  Tell me what the government's evidence

12     would be at trial.

13                MR. HOBSON:  Your Honor, the evidence would include,

14     among other things:  The defendant's many public statements

15     about Celsius; evidence from Celsius' internal files, including

16     their financials, their emails, and other corporate documents

17     showing those statements were false; testimony from Celsius

18     employees who would talk about how they told the defendant that

19     his statements were false, but he nonetheless continued making

20     the statements; and testimony from Celsius' employees who will

21     testify that they engaged in market manipulation at the

22     defendant's direction to inflate the price of CEL token.

23                THE COURT:  And would the government's evidence

24     establish the defendant's guilt beyond a reasonable doubt?

25                MR. HOBSON:  Yes, your Honor.
```

OC3KMASP

1            THE COURT:  All right.

2            Mr. Mashinsky, how do you plead to the charge against

3    you in Count Two of the indictment, guilty or not guilty?

4            THE DEFENDANT:  I plead guilty.

5            THE COURT:  Mr. Mashinsky, how do you plead to the

6    charge against you in Count Five of the indictment, guilty or

7    not guilty?

8            THE DEFENDANT:  I plead guilty.

9            THE COURT:  Are you pleading guilty because you are,

10   in fact, guilty?

11           THE DEFENDANT:  Yes, I am, your Honor.

12           THE COURT:  Are you pleading guilty voluntarily and of

13   your own free will?

14           THE DEFENDANT:  Yes, I am.

15           THE COURT:  Before I finally accept the defendant's

16   plea, Ms. Young, do you want me to ask any other questions of

17   the defendant?

18           MS. YOUNG:  No, your Honor.

19           THE COURT:  Do you know of any reason that I should

20   not accept the defendant's plea?

21           MS. YOUNG:  No, your Honor.

22           THE COURT:  Before I finally accept the defendant's

23   plea, Mr. Hobson, does the government want me to ask any other

24   questions of the defendant?

25           MR. HOBSON:  Your Honor, can you confirm that he

OC3KMASP

1    admits the forfeiture allegation with respect to Count Five?

2              THE COURT:  All right.

3              Mr. Mashinsky, do you admit the forfeiture allegation

4    for Count Five?

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  And you have signed the forfeiture consent

7    order already, right?

8              THE DEFENDANT:  Yes, I did.

9              THE COURT:  Okay.

10             So, Mr. Hobson, does the government want me to ask any

11   other questions of the defendant?

12             MR. HOBSON:  No, your Honor.

13             THE COURT:  Does the government know of any reason

14   that I should not accept his plea?

15             MR. HOBSON:  No, your Honor.

16             THE COURT:  All right.

17             Mr. Mashinsky, because you acknowledge that you are

18   guilty as charged in Counts Two and Five of the indictment,

19   because I find that you know your rights and are waiving them

20   knowingly and voluntarily, because I find that your plea is

21   entered knowingly and voluntarily and is supported by an

22   independent basis in fact containing each of the essential

23   elements of the offense, I accept your guilty plea, and I

24   adjudge you guilty of the offenses to which you have pleaded.

25             Mr. Mashinsky, the probation department will now

OC3KMASP

1    prepare the presentence report to assist me in sentencing you.

2    You will be interviewed by the probation department.  It's very

3    important that the information you provide to the probation

4    department be truthful and accurate.  The presentence report is

5    very important to me in my decision as to what your sentence

6    will be.  You and your lawyers will have the opportunity to

7    review the presentence report, to challenge anything contained

8    in the report, and then to bring those changes to my attention,

9    and then to speak on your behalf at sentencing.

10             Mr. Fletcher, can we get a date?

11             THE DEPUTY CLERK:  Tuesday, April 8, 2025, at

12    11:30 a.m.

13             THE COURT:  Is that satisfactory to both sides?

14             MR. HOBSON:  Yes, your Honor.

15             MR. MUKASEY:  May we have one moment to check the

16    calendar, Judge?

17             THE COURT:  Sure.

18             (Pause)

19             MR. MUKASEY:  April 8th is fine, Judge.  Thanks.

20             THE COURT:  Okay.

21             I'll ask for defense submissions in connection with

22    sentence 21 days before the sentencing date and the

23    government's submissions at least 14 days before the sentencing

24    date.

25             MR. MUKASEY:  May I ask a question, Judge, on the

OC3KMASP

1    submissions?  I've read your rules.

2            THE COURT:  It's usually 14 days.  I suspected that

3    there might be more than the usual submissions in connection

4    with sentence.

5            MR. MUKASEY:  Your hunch is correct, I think, and I am

6    wondering, number one, whether, after the government's

7    submission 14 days prior, we can make a reply?

8            THE COURT:  Sure.

9            MR. MUKASEY:  In the absence of that, again, I'm

10   familiar with your rules, Judge, I would request, in the

11   alternative, simultaneous submissions.

12           THE COURT:  No, you can make a reply.

13           MR. MUKASEY:  Okay.  Thank you.

14           THE COURT:  So, seven days before sentence for a

15   reply — 21, 14, 7.

16           Okay.  What's the bail status of the defendant?

17           MR. HOBSON:  Your Honor, the defendant is on bail

18   secured by a substantial package.  To our knowledge, he has not

19   violated or had any violations while on pretrial release.  We

20   don't have an objection to the conditions continuing pending

21   sentencing.

22           THE COURT:  All right.

23           All of the conditions of the defendant's release are

24   continued.

25           Mr. Mashinsky, do you understand that if you fail to

OC3KMASP

 1   return to my courtroom on the date fixed for sentencing, or any

 2   adjourned date, you will be guilty of a criminal offense for

 3   which you could be sentenced to imprisonment wholly separate,

 4   apart from, and in addition to, any other sentence that you may

 5   receive for the crimes to which you just entered a plea of

 6   guilty?

 7           Do you understand that?

 8           THE DEFENDANT:  I understand, your Honor.

 9           THE COURT:  Do you also understand that I have

10   continued all of the conditions of your bail, and the violation

11   of any of those conditions can have serious consequences for

12   you?

13           Do you understand?

14           THE DEFENDANT:  I understand, your Honor.

15           THE COURT:  All right.

16           Well, I will see all of you on the date fixed for

17   sentence or any adjourned date.  I'm returning Court Exhibit 1

18   to the government.

19           Anything further?

20           MR. HOBSON:  No, your Honor.

21           MS. YOUNG:  No, your Honor.

22           THE COURT:  All right.  Good afternoon, all.

23           (Adjourned)

24

25