

570 Lexington Avenue, Suite 3500
New York, NY 10022

Michael F. Westfal
Counsel
212-466-6404
michael.westfal@mukaseylaw.com

February 5, 2025

**VIA ECF**
The Honorable John G. Koeltl
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Mashinsky*, 23 Cr. 347 (JGK)

Dear Judge Koeltl:

      We write on behalf of defendant Alexander Mashinsky to request an adjournment of three upcoming dates.

      *First*, we respectfully request the adjournment of the two remaining deadlines for the Probation Office's presentence investigation report ("PSR") in this matter.  Currently, the parties' objections are due February 10, 2025 and Probation's final disclosure is due February 24, 2025.  The draft PSR totals 76 single-spaced pages.  It is a time- and labor-intensive exercise to review such a submission and prepare Mr. Mashinsky's objections.  In addition, the government produced to the defense this evening approximately 177 victim impact letters that are referenced in the PSR, which the defense will need time to review and evaluate for potential objections.

      Given the amount of time needed to adequately prepare Mr. Mashinsky's objections, the defense respectfully requests that the Court adjourn the deadline for the parties' objections from February 10, 2025 until February 17, 2025.  The defense also requests that the Court adjourn Probation's final disclosure from February 24, 2025 to March 3, 2025, which will provide Probation with 14 days to respond to the parties' objections.

      The government and Probation do not object to either of these adjournment requests.

      *Second*, in light of the gravity of this case and the potential consequences for Mr. Mashinsky, the case's factual complexity, the fact that the government's offense conduct submission often lacks citations to evidence and relies on witness statements that have not been disclosed to the defense, and the amount of time required to evaluate the accuracy and

The Hon. John G. Koeltl
February 5, 2025
Page 2

completeness of the government's assertions, the defense respectfully requests a one-month
adjournment of Mr. Mashinsky's sentencing from April 8, 2025 to May 8, 2025.  The defense
wants to ensure that it has sufficient time to prepare a sentencing submission that accurately
presents Mr. Mashinsky's views on his offense conduct, along with the many other factors to be
considered by the Court in weighing an appropriate sentence.  The additional thirty days will
allow the defense to review the government's submission for accuracy and marshal any
necessary additional information so that it can be presented to the Court in the most streamlined
and efficient manner possible.

It is relevant to note that Mr. Mashinsky is simultaneously being pulled in a number of
directions.  In addition to preparing objections to the draft PSR, Mr. Mashinsky is currently
trying to comply with his obligations under the plea agreement, which requires the coordination
of several interested parties and their counsel to determine the parties' respective positions on
whether to withdraw their claims in the Celsius bankruptcy.  Pursuant to the plea agreement, Mr.
Mashinsky agreed to use his best efforts to require the relevant decision-makers to withdraw
their claims.  At the same time, Mr. Mashinsky has been preparing a response to a 180-page,
611-paragraph complaint that was filed against him, eight other individuals and seven corporate
entities in an adversary proceeding in the Celsius bankruptcy.  That proceeding had been stayed
until the conclusion of Mr. Mashinsky's criminal trial.  Within days of Mr. Mashinsky's guilty
plea, however, the government consented to the Celsius Litigation Administrator's request to lift
the stay despite the defense's request that the stay continue until after Mr. Mashinsky's
sentencing.  The defense made that request to avoid this very situation.  Once Mr. Mashinsky's
response to the Litigation Administrator's complaint is filed, that litigation will then proceed at
the same time that Mr. Mashinsky will be preparing his sentencing submission in this case.  It is
this frankly untenable situation that necessitates the defense's request for a one-month
adjournment, in addition to the case complexities described above.

To be clear, the defense is not seeking an extended delay of Mr. Mashinsky's sentencing.
The defense understands that the government has a trial coming up in June.  We also have a trial
before Judge Broderick that is scheduled to start June 16, 2025.  Barring any unforeseen
emergencies, the defense will not seek another sentencing adjournment beyond May 8, 2025.
The defense also respectfully reminds the Court that Mr. Mashinsky consented to the
government's request for a four-month adjournment of his trial to accommodate the personal
circumstances of one member of the prosecution team.  ECF No. 56, Hearing Tr. at 17:13-20:2
(S.D.N.Y. Feb. 20, 2024).  The defense requests a thirty-day adjournment of Mr. Mashinsky's
sentencing not to accommodate anyone's personal circumstances, but to provide a defendant
facing the rest of his life in prison with sufficient time to prepare a sentencing submission that
addresses the government's view of his alleged offense conduct.

The government has informed the defense that it objects to this request to adjourn Mr.
Mashinsky's sentencing date for thirty days.

The Hon. John G. Koeltl
February 5, 2025
Page 3

### **Government's Position**

      The Government consents to a one-week adjournment of the deadlines for the parties' objections to the PSR and a commensurate one-week adjournment for the Probation Office's final disclosure deadline.  The Government objects to moving the sentencing date at this time and believes the request is premature.  Without an understanding of the number and scope of factual objections, the Government is not in a position to advise the Court of the expected scope and duration of any evidentiary hearing that may be required to resolve those objections.  The Government is also mindful that this prosecution involves a large number of victims who are anxious to be heard and who have an interest in finality, including to the extent finality implicates restitution.

Respectfully submitted,

/s/ Michael F. Westfal
Marc L. Mukasey
Torrey K. Young
Michael F. Westfal

*Counsel for Alexander Mashinsky*

Cc:    All counsel of record (via ECF)
       U.S. Probation Officer Specialist Nicolo DiMaria (via email)