

570 Lexington Avenue, Suite 3500<br>
New York, NY 10022

Marc L. Mukasey
Partner
212-466-6406
Marc.mukasey@mukaseylaw.com

April 7, 2025

**VIA ECF**
The Honorable John G. Koeltl
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

   Re:  ***United States v. Mashinsky*, 23 Cr. 347 (JGK)**

Dear Judge Koeltl:

   This letter is respectfully submitted on behalf of defendant Alexander Mashinsky in response to the government's letter dated April 3, 2025 (ECF No. 126, hereinafter, "Govt. Letter") and the Court's order dated April 3, 2025 (ECF No. 127, hereinafter, "Order").

   The Govt. Letter does not accurately frame the issues or the equities here. Instead, it presents a Hobson's choice. It requests that the Court either (1) resolve the parties' factual disputes regarding Mr. Mashinsky's offense conduct ahead of sentencing in the government's favor (Govt. Letter at 1-2), or (2) hold a two-week *Fatico* hearing to allow the government to try to prove every factual allegation in the PSR's 40-page Offense Conduct section. *See* ECF No. 119 ("PSR") at 8-47. That approach is misguided.

   As set forth more fully below, a *Fatico* hearing is uncalled for here because:

1. There is no dispute about the statutory maximum sentence, the application of the Sentencing Guidelines, or the Stipulated Guidelines range;

2. A two-week hearing – essentially a bench trial – would do violence to the finality, closure, and avoidance of further burden and expense that both sides bargained for in the negotiated plea agreement;

3. The Court may permit the parties to submit evidence addressing objections without necessitating a two-week hearing; and

The Hon. John G. Koeltl, U.S.D.J.
April 7, 2025
Page 2

    4.   Realistically, with only four weeks to go before the May 8, 2025 sentencing date, during which time memoranda are due to the Court, and without 3500 material for any government witnesses (or even knowledge of their identities), defense counsel cannot be prepared for a two-week, nine-witness hearing.

We respectfully submit that the Court should deny the government's request for a *Fatico* hearing and allow Mr. Mashinsky to proceed to sentencing on May 8, 2025.

## I.    There Is No Dispute About The Statutory Maximum Sentence, Application Of The Sentencing Guidelines, Or The Stipulated Guidelines Range.

A *Fatico* hearing is unnecessary because there is no dispute between the parties about the statutory maximum, the application of the Guidelines enhancements stipulated to in the plea agreement, or the resulting stipulated Guidelines range.

To justify a hearing, the government claims that Mr. Mashinsky is "distancing himself from the stipulations in the plea agreement[.]" Govt. Letter at 2. That is flat-out wrong. Mr. Mashinsky stands by the stipulations in the plea agreement and has repeatedly told the government as much. The factual basis for each enhancement was provided to Probation and the government. The parties need not necessarily agree on the precise factual underpinnings for each enhancement as long as both agree and stipulate there is a factual basis and there is no dispute as to the resulting Guidelines range. It would therefore be an appropriate exercise of the Court's discretion to apply the Guidelines enhancements based on the parties' bargained-for stipulations in the plea agreement. *See United States v. Granik*, 386 F.3d 404, 413-14 (2d Cir. 2004) (recognizing that a court may rely on a stipulation in a plea agreement for a factual finding relevant to sentencing). A *Fatico* hearing where the parties agree on the Guidelines is pointless.

The government also suggests that a hearing is needed because the PSR's description of alleged conduct beyond the scope of Mr. Mashinsky's plea allocution implicates "relevant conduct" principles under U.S.S.G. § 1B1.3. Govt. Letter at 5, 6-7. This too is incorrect. By its express terms, relevant conduct under Section 1B1.3 relates to "Factors that *Determine* the Guideline Range." (emphasis added). The Background Note to Section 1B1.3 makes it even more explicit: "[Section 1B1.3] prescribes rules for *determining* the applicable guideline sentencing range[.]" (emphasis added). But here, the applicable Guidelines range has already been determined, agreed to, and memorialized in the plea agreement. The disagreements here do not affect the calculation of the applicable Guidelines or stipulated range.

The parties certainly dispute the nature and circumstances of Mr. Mashinsky's offense, and whether, for example, he knowingly misrepresented Celsius's profitability to customers or engaged in a conspiracy with Roni Cohen Pavon (and others) to manipulate the price of CEL token. Resolving those issues will not change the parties' bargained-for offense level under the Guidelines. It is more appropriate to resolve those disputes as factors to be considered in imposing a sentence under 18 U.S.C. § 3553(a). That approach would be consistent with Federal Rule of Criminal Procedure 32(i)(2), which allows the Court to permit the parties to introduce evidence "at sentencing" to address any outstanding objections.

The Hon. John G. Koeltl, U.S.D.J.
April 7, 2025
Page 3

Evaluating the parties' differing view of the conduct under Section 3553(a) is consistent with the government's approach to recent fraud prosecutions within the Second Circuit. For example, in *United States v. George Devolder Santos*, Case No. 23 Cr. 197 (JS) (E.D.N.Y.), the defendant pled guilty to two counts of a 23-count indictment. The government also required the defendant to stipulate to relevant conduct underlying four counts to which he did not plead guilty – a practice that has been followed in the Southern District as well. *See, e.g., United States v. Wisnicki*, Case No. 22 Cr. 20 (PGG), ECF No. 409 (Defendant's Sentencing Memorandum) at 4-6 (S.D.N.Y. Feb. 1, 2024). The government then argued that conduct Santos *did not* stipulate to should be considered under Section 3553(a) in support of a sentence toward the top of the Guidelines range. *Santos*, ECF No. 114 (Govt. Sentencing Memo) at 23 ("Critically, *none of the aforementioned history and characteristics of this defendant are captured in the Guidelines calculation above*, and thus are not reflected in the advisory Guidelines range.") (emphasis in original).

The government could have required a stipulation of admitted facts as part of Mr. Mashinsky's plea. It chose not to. But that is not a reason for a *Fatico* hearing. As in *Santos*, if the government wants the Court to consider conduct that falls outside the plea agreement, that can be done through argument under Section 3553(a).

## II.    A Two-Week Hearing – Essentially A Bench Trial – Would Erode The Finality, Closure, And Avoidance Of Further Burden And Expense That Both Sides Bargained For In The Plea Agreement.

A two-week *Fatico* hearing with nine unidentified witnesses is essentially a full-scale bench trial on the open counts of the indictment. Such a proceeding would undermine the principles of certainty, finality, and efficiency underlying plea agreements.

The Supreme Court has acknowledged that "[p]lea bargaining flows from 'the mutuality of advantage' to defendants and prosecutors, each with its own reasons for wanting to avoid trial." *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978) (quoting *Brady v. United States*, 397 U.S. 742, 752 (1970)). The Second Circuit elaborated on the benefits of plea agreements in *Innes v. Dalsheim*, 864 F.2d 974, 976 (2d Cir. 1988):

> Plea agreements are obviously vital to the efficient administration of criminal justice. Such agreements involve interests significant to the state and to the criminal defendant. They permit the state to avoid the expense and the over-burdensome demands on court personnel and facilities that formal prosecution of every case would exact. A plea-bargaining defendant obtains the opportunity to reduce or fix the exact punishment that he will receive, and avoid exposure to the greater punishment to which he might otherwise be subject.

*See also United States v. Morales*, 407 F. App'x 528, 530 (2d Cir. 2011) (summary order) (noting, in the context of an appellate waiver, that "plea agreements can have extremely valuable benefits to both sides – most notably, the defendant gains reasonable certainty as to the

The Hon. John G. Koeltl, U.S.D.J.
April 7, 2025
Page 4

extent of his liability and punishment, and the Government achieves a conviction without the expense and effort of proving the charges at trial beyond a reasonable doubt").

        Just last month, the government relied on these principles to oppose a *Fatico* hearing in *United States v. Butselaar*, 22 Cr. 560 (CS), ECF No. 104 at 1 (S.D.N.Y. March 3, 2025). In that case, the government argued that when it extended a plea offer to the defendant, "it bargained for, among other things: (i) certainty; and (ii) a final resolution of this matter without further litigation or expense to the Government…. the Government sought certainty as to a minimum restitution figure, and the ability to obtain restitution without the burden of additional proceedings." The government principally opposed the defendant's request in *Butselaar* based on his express promise in the plea agreement to pay restitution and his stipulation that the tax loss was at least $25 million. *Id.* at 1-2. The government explained that if it "were required to proceed with a hearing to secure a restitution order, that would vitiate certain of the core benefits of the Government's bargain: certainty and a resolution of this matter without further burden or expense." *Id.* at 2. They pointed to Second Circuit caselaw explaining that "[i]f defendants are not held to their factual stipulations, . . . the government has no reason to make concessions in exchange for them" and that "a factual stipulation in a plea agreement is a valid basis for a factual finding relevant to sentencing." *Id.* at 5 (quoting *United States* v. *Granik*, 386 F.3d at 411-13).

        Those same principles of certainty, finality, conservation of resources, and efficiency apply here. Forcing Mr. Mashinsky to choose between withdrawing objections to offense conduct allegations outside the scope of his bargained-for plea agreement, or agreeing to a two-week *Fatico* hearing resembling the very thing he bargained to avoid undermines the "vital" purpose that plea agreements serve in our system. *Innes*, 864 F.2d at 976.

## III.    The Court May Permit The Parties To Submit Evidence Addressing Objections Without Necessitating A Two-Week Hearing.

        A *Fatico* hearing would further frustrate what has already been a vexing post-plea process for Mr. Mashinsky. The background:

        In February 2025, the defense provided to Probation and the government 112 exhibits – culled from the discovery and elsewhere – to support our objections to the Offense Conduct section of the PSR. As far as we are aware, the government submitted no exhibits or source materials to Probation; they simply provided a narrative summary of their version of events. Notwithstanding this evidentiary imbalance, Probation somehow resolved every single one of the defense's objections in the government's favor. Govt. Letter at 6. Yet, the government still thinks a two-week, nine-witness hearing is required for it to prove the offense conduct by a preponderance of the evidence?

        We have consistently asked the government for their source materials in order to try to resolve – or at least narrow – the disagreements that remain. The government has declined. Holding back the material now works a triple hardship on Mr. Mashinsky: it bolsters the government's claim that a *Fatico* hearing is needed; it gives the government an unfair

The Hon. John G. Koeltl, U.S.D.J.
April 7, 2025
Page 5

informational advantage (now ten days before the defense's sentencing submission is due); and it punishes Mr. Mashinsky for sharing his own supporting materials.

There are efficient mechanisms for the parties to submit to the Court evidence on the remaining disagreements. As noted, Federal Rule of Criminal Procedure 32(i)(2) allows the Court to permit the parties to submit evidence during the sentencing process to address outstanding objections. The defense has done so. The government provides no legal or factual support for the notion that it would be prejudiced by an evidentiary submission before sentencing in lieu of a *Fatico* hearing. In fact, the government touts that "the Court already has ample record upon which to reject the defendant's objections and need not hold a hearing to do so." Govt. Letter at 1.

The government's letter also acknowledges, consistent with the Federal Rules, that it can submit additional evidence to the Court, even hearsay evidence, in connection with sentencing. Govt. Letter at 7. If, as the government represents in its letter, the offense conduct description in the PSR relies on "voluminous detail, quotes specific documents and misstatements, describes witness statements with particularity, and identifies specific instances of manipulative activity," it is unclear why the government cannot submit that evidence to the Court as part of its sentencing submission in support of what it apparently believes is an "ample record upon which to reject the defendant's objections." Govt. Letter at 1, 11.

The defense respectfully requests that the Court order the parties to submit whatever evidence they deem relevant to the outstanding factual disputes in connection with sentencing, and then the Court can resolve those disputes after hearing any argument the parties wish to present at Mr. Mashinsky's sentencing.[1] Fed. R. Crim. Proc. 32(i)(2).

## IV.    With Only Four Weeks To Go Before Sentencing, Defense Counsel Cannot Be Prepared For A Two-Week Hearing.

The defense is prepared to proceed with a sentencing hearing, including extensive oral argument, on May 8, 2025. The defense cannot be prepared for a two-week *Fatico* hearing before that sentencing date.

The chronology that brings us here is important. More than two months ago, in response to the draft PSR, and in the hopes of resolving certain disputes, the defense requested that the government produce 3500 material for any witnesses whose interview statements they relied on to craft the Offense Conduct section of the PSR. As noted above, the government declined. Nevertheless, more than two weeks ago, the defense informed the government that it did not believe a *Fatico* hearing was warranted. Govt. Letter at 1, 8 n.3 (describing email from defense counsel dated March 19, 2025). The defense also told the government that it was likely to oppose a *Fatico* hearing during an in-person meet-and-confer at the U.S. Attorney's Office on

---

[1] Pursuant to Federal Rule of Criminal Procedure 32(i)(3)(B), the Court could also decline to resolve the parties' factual disputes if it determines "that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. Proc. 32(i)(3)(B).

The Hon. John G. Koeltl, U.S.D.J.
April 7, 2025
Page 6

March 11, 2025.  The government did not submit a letter requesting a *Fatico* hearing until April 3, 2025.

At this point, with nine unidentified government witnesses and no government exhibit list, no 3500 material, and no Rule 26.2 statements, the defense cannot adequately prepare for a two-week evidentiary hearing ahead of a May 8th sentencing.  Even if those materials were produced forthwith, they are undoubtedly voluminous; it would be impossible to effectively prepare.  In addition:

- The defense team's sentencing submission in this case is due April 17, 2025 and its reply submission is due May 1, 2025.

- Several members of the defense team observe Passover, which restricts their availability on certain days between April 12-20, 2025.

- The defense team has an argument in a *pro bono* death penalty case in the Circuit Court of Mobile County, Alabama on April 21, 2025.  *Dennis Morgan Hicks v. State of Alabama*, CC-2021-4687.60.

- The defense team has a sentencing submission due May 7, 2025 in the matter of *United States v. Matthews*, Case No.: 3:18-cr-00048 (VAB) (D. Conn.) and a sentencing in that matter before Judge Bolden in the District of Connecticut currently scheduled for June 5, 2025.

- The defense team has a trial before Judge Broderick currently scheduled for June 16, 2025.  *United States v. Glover,* 24 Cr. 370 (VSB) (S.D.N.Y.).

If the Court is inclined to order the two-week *Fatico* hearing sought by the government, Mr. Mashinsky respectfully requests that the Court allow the parties to discuss a mutually agreeable schedule for the government's disclosure of its proposed exhibits and Rule 26.2 statements, and a mutually agreeable schedule for the hearing itself.

Finally, Mr. Mashinsky respectfully requests that the Court order the government to produce its proposed exhibits and Rule 26.2 statements for each of its expected witnesses at least four weeks ahead of any *Fatico* hearing so that the defense has sufficient time to prepare for that evidentiary presentation.

The Hon. John G. Koeltl, U.S.D.J.
April 7, 2025
Page 7

Respectfully submitted,

 /s/ Marc L. Mukasey
Marc L. Mukasey
Torrey K. Young
Michael F. Westfal

*Counsel for Alexander Mashinsky*

cc:     All counsel of record (via ECF)