

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

Jacob K. Javits Federal Building
26 Federal Plaza, 37th Floor
New York, New York 10278

December 2, 2024

**BY EMAIL**

Marc Mukasey, Esq.
Torrey Young, Esq.
Michael Westfal, Esq.
Mukasey Young LLP
570 Lexington Avenue, Suite 3500
New York, NY 10022

Re:   *United States v. Alexander Mashinsky*, 23 Cr. 347 (JGK)

Counsel:

On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Alexander Mashinsky ("the defendant") to Counts Two and Five of the above-referenced Indictment.

Count Two charges commodities fraud in violation of Title 7, United States Code, Sections 9(1) and 13(a)(5), and Title 17, Code of Federal Regulations, Section 180.1; and Title 18, United States Code, Section 2. Count Two carries a maximum term of imprisonment of 10 years; a maximum term of supervised release of three years; a maximum fine, pursuant to Title 7, United States Code, Section 13(a)(5) and Title 18, United States Code, Section 3571, of the greatest of $1 million, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a mandatory $100 special assessment.

Count Five charges securities fraud related to the manipulation of the price of CEL, in violation of Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2. Count Five carries a maximum term of imprisonment of 20 years; a maximum term of supervised release of three years; a maximum fine, pursuant to Title 15, United States Code, Section 78ff and Title 18, United States Code, Section 3571, of the greatest of $5 million, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a mandatory $100 special assessment.

The total maximum term of imprisonment on Counts Two and Five is thirty years.

In consideration of the defendant's plea to the above offenses, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations, if any, as to which this Office cannot, and does not, make any agreement) for (1) executing a scheme to defraud investors and customers at Celsius Network LLC and its related entities ("Celsius") from in or about 2018 through in or about June 2022, as charged in Counts One through Three of the

2024.05.14

Indictment; and (2) conspiring to execute and executing a fraudulent scheme to manipulate the market for CEL token, as charged in Counts Four through Seven of the Indictment, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq.* In addition, at the time of sentencing, the Government will move to dismiss any open Counts against the defendant. The defendant agrees that with respect to any and all dismissed charges the defendant is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

The defendant hereby admits the forfeiture allegation with respect to Count Five of the Indictment and agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), (i) a sum of money equal to $48,393,446 in United States currency, representing proceeds traceable to the commission of Count Five (the "Money Judgment"), and (ii) all right, title and interest of the defendant in the following specific properties (collectively, the "Specific Property"), each of which is subject to the Post-Indictment Restraining Order dated August 16, 2023:

(a) Any and all funds in account number ending in -6202 held at Goldman Sachs in the name of Koala1 LLC, and any and all moneys, assets, and funds traceable thereto;

(b) Any and all funds in account number ending in -9610 held at Goldman Sachs in the name of Koala1 LLC, and any and all moneys, assets, and funds traceable thereto;

(c) Any and all funds in account number ending in -6087 held at Goldman Sachs in the name of Koala2 LLC, and any and all moneys, assets, and funds traceable thereto;

(d) Any and all funds in account number ending in -6194 held at Goldman Sachs in the name of Koala3 LLC, and any and all moneys, assets, and funds traceable thereto;

(e) Any and all funds in account number ending in -7039 held at Merrill Lynch in the name of AM Ventures Holdings Inc., and any and all moneys, assets, and funds traceable thereto;

(f) Any and all funds in account number ending in -6437 held at First Republic Securities in the names of Alexander Mashinsky and Kristine Meehan, and any and all moneys, assets, and funds traceable thereto;

(g) Any and all funds in an account number ending in -4897 held at SoFi Bank in the name of Alex Mashinsky, and any and all funds traceable thereto;

(h) Any and all funds in an account number ending in -8120 held at SoFi Securities in the name of Alex Mashinsky, and any and all moneys, assets, and funds traceable thereto; and

(i) The real property located at 2004 East 8th Street, Austin, Texas, which is a residential home purchased by the defendant and Kristine Mashinsky on or about June 10, 2021.

The defendant agrees that the defendant will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. The defendant also agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the execution of all necessary documentation. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. The defendant consents to the entry of the Consent Order of Forfeiture annexed hereto as Exhibit A and agrees that the Consent Order of Forfeiture shall be final as to the defendant at the time it is ordered by the Court. Under the terms set forth in the Consent Order of Forfeiture, in the event that the defendant pays $10,000,000 towards the Money Judgment by no later than December 31, 2025 (the "Payment Deadline"), the Government will accept such payment, in combination with the forfeiture of the Specific Property, in full satisfaction of the Money Judgment. In the event the defendant fails to pay $10,000,000 towards the Money Judgment by the Payment Deadline, the defendant agrees that the entirety of the Money Judgment will remain in full force and effect, and shall not be deemed fully satisfied by forfeiture of the Specific Property. The Government may, in its sole and unfettered discretion, agree to extend the Payment Deadline.

The defendant further agrees to withdraw with prejudice the claims he has asserted on behalf of himself and the entities he controls—including but not limited to claims on behalf of Kristine Meehan Mashinsky, Koala 1 LLC, Koala 2 LLC, Koala 3 LLC, and AM Venture Holdings Inc.—in the bankruptcy proceeding captioned *In re Celsius Network LLC*, et al., Dkt. No. 22-10964 (MG) (Bankr. S.D.N.Y.). To the extent the defendant does not have control over any of the aforementioned claims in the bankruptcy proceeding, the defendant will use his best efforts to require the relevant decision-makers to withdraw with prejudice the claims, as the defendant admits that the claims those individuals and entities have asserted should not prevail due to the defendant's own wrongful conduct. In light of this agreement and, in consideration of the number of victims and the complex issues of fact involved in calculating victim losses, the Government will not seek criminal restitution and will instead seek to facilitate victim compensation through the bankruptcy proceeding. *See* 18 U.S.C. 3663A(c)(3).

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Section 6B1.4, the parties hereby stipulate to the following:

A. Offense Level

1. The applicable Guidelines manual is the November 1, 2024 Guidelines manual (the "U.S.S.G.").

2. Under U.S.S.G. § 3D1.2(d), Counts Two and Five are grouped for Guidelines calculation purposes because "the offense level is determined largely on the basis of the total amount of harm or loss."

2024.05.14

3. Under U.S.S.G. § 3D1.3(b), "the offense level applicable to a Group is the offense level corresponding to the aggregated quantity, determined in accordance with Chapter Two and Parts A, B and C of Chapter Three, for the most serious of the counts comprising the Group, *i.e.*, the highest offense level of the counts in the Group."

4. Under U.S.S.G. § 2B1.1(a)(1), the base offense level is 7 because the defendant is charged with an offense referenced in this Guideline and the offense has a statutory maximum term of imprisonment of 20 years or more.

5. Under U.S.S.G. § 2B1.1(b)(1)(P), 30 levels are added because the loss exceeded $550,000,000.

6. Under U.S.S.G. § 2B1.1(b)(2)(A), 2 levels are added because the offense involved ten or more victims.

7. Under U.S.S.G. § 2B1.1(b)(10), 2 levels are added because the offense otherwise involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means.

9. Under U.S.S.G. § 3B1.1(a), 4 levels are added because the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive.

10. Under U.S.S.G. § 3B1.3, 2 levels are added because the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense.

11. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through the defendant's allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), assuming the defendant gives timely notice of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

12. Under U.S.S.G. Ch. 5 Pt. A cmt. n.2, a total offense level of more than 43 is to be treated as an offense level of 43.

In accordance with the foregoing calculations, the applicable offense level is 43.

B. <u>Criminal History Category</u>

Based upon the information now available to this Office (including representations by the defense), the defendant has no criminal history points and is therefore in Criminal History Category I.

C. Sentencing Range

Based upon the calculations set forth above, the defendant's sentencing range would be life imprisonment. However, the statutorily authorized maximum sentences are less than the minimum of the applicable guideline range; therefore, under U.S.S.G. § 5G1.2(b), the applicable guideline term of imprisonment is 30 years' imprisonment (the "Stipulated Guidelines Sentence"). In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At offense level 43 the applicable fine range is $50,000 to $5 million.

The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Sentence set forth above is warranted. Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party in any way suggest that the Probation Office or the Court consider such a departure or adjustment under the Guidelines.

The parties agree that either party may seek a sentence outside of the Stipulated Guidelines Sentence based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to present to the Probation Office or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the Stipulated Guidelines Sentence (or such other range as the Court may determine) the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a); (iii) to seek an appropriately adjusted Guidelines range if it is determined based upon information not contained in this Agreement that the defendant's criminal history category is different from that set forth above; and (iv) to seek an appropriately adjusted Guidelines range or mandatory minimum term of imprisonment if it is subsequently determined that the defendant qualifies as a career offender under U.S.S.G. § 4B1.1. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, see U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through the defendant's allocution and subsequent conduct prior to the imposition of sentence. Similarly, nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, see U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the stipulated Guidelines range,

2024.05.14

the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that the defendant's entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw the defendant's plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

It is agreed that the defendant will not file a direct appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, his conviction. In addition to any other claims the defendant might raise, the defendant waives the right to challenge the conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statutes to which the defendant is pleading guilty are unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statutes. It is further agreed that (i) the defendant will not file a direct appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, any sentence within or below the Stipulated Guidelines Sentence of 360 months' imprisonment, and (ii) that the Government will not appeal a sentence of the Stipulated Guidelines Sentence. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal or bring a collateral challenge of any term of supervised release that is less than or equal to the statutory maximum or any condition of supervised release imposed by the Court for which he had notice, including from a recommendation by the Probation Office in the presentence investigation report, and an opportunity to object. The defendant also agrees not to appeal or bring a collateral challenge of any fine that is less than or equal to $5,000,000, and the Government agrees not to appeal any fine that is greater than or equal to $50,000. The defendant also agrees not to appeal or bring a collateral challenge of any forfeiture amount that is less than or equal to $48,393,446, and the Government agrees not to appeal any forfeiture amount that is greater than or equal to $48,393,446. The defendant also agrees not to appeal or bring a collateral challenge to any special assessment that is less than or equal to $200. Notwithstanding the foregoing, nothing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise. Rather, it is expressly agreed that the defendant reserves those rights.

The defendant hereby acknowledges that the defendant has accepted this Agreement and decided to plead guilty because the defendant is in fact guilty.

2024.05.14

By entering this plea of guilty, the defendant waives any and all right to withdraw the defendant's plea or to attack the defendant's conviction or sentence, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material (other than information establishing the factual innocence of the defendant), including *Jencks* Act material, material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

The defendant recognizes that, if the defendant is not a citizen of the United States, the defendant's guilty plea and conviction make it very likely that the defendant's removal from the United States is presumptively mandatory and that, at a minimum, the defendant is at risk of being removed or suffering other adverse immigration consequences. If the defendant is a naturalized citizen of the United States, the defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status. Under federal law, an individual may be subject to denaturalization and removal if the defendant's naturalization was procured by concealment of a material fact or by willful misrepresentation, or otherwise illegally procured. The defendant acknowledges that the defendant has discussed the possible immigration consequences (including removal or denaturalization) of the defendant's guilty plea and conviction with defense counsel. The defendant affirms that the defendant wants to plead guilty regardless of any immigration or denaturalization consequences that may result from the guilty plea and conviction, even if those consequences include denaturalization and/or removal from the United States. The defendant understands that denaturalization and other immigration consequences are typically the subject of a separate proceeding, and the defendant understands that no one, including the defendant's attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration or naturalization status. It is agreed that the defendant will have no right to withdraw the defendant's guilty plea based on any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge the defendant's conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the defendant's guilty plea and conviction.

It is further agreed that should the convictions following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

2024.05.14

Apart from any written Proffer Agreement(s) that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

By: *Adam S. Hobson*
Adam S. Hobson
Allison Nichols
Peter J. Davis
Assistant United States Attorneys
(212) 637-2484 /2366 /2468

APPROVED:

/s/
Scott Hartman
Matthew Podolsky
Chiefs, Securities &
Commodities Fraud Task Force

AGREED AND CONSENTED TO:

*[signature]*
Alexander Mashinsky

12.2.2024
DATE

APPROVED:

*[signature]*
Marc Mukasey, Esq.
Attorney for Alexander Mashinsky

12.2.2024
DATE

2024.05.14