# FULL MINUTES

## OF THE BOARD OF DIRECTORS OF

## CELSIUS NETWORK LTD.

### (a UK Limited Company)

Dated April 7, 2020

1. <u>Appointment of Board Member</u>.

**Alex Mashinsky (chairman)** presented to the Board the nomination of MF Partners LTD, represented by its director Patrick Martin, to act as the third member of the Board. Alex disclosed the nature of the relationship between Patrick and Celsius, including Patrick's holding of CEL tokens for his own account, and presented the added value to be brought by MF Partners LTD to the Board.

**The issue was brought to a vote, unanimously approved (by Alex Mashinsky, Daniel S. Leon) Both existing directors welcomed MF Partners LTD, represented by Patrick Martin, to the Board and the Company.**

   **NOW, THEREFORE, BE IT RESOLVED**, that MF Partners LTD, represented by Patrick Martin, is appointed as Director of the Company, effective immediately, to serve until their tenure is expired or terminated in accordance with the Company's Articles of Association.

   **BE IT FURTHER RESOLVED**, to approve and ratify the Directorship Agreement between the Company and MF Partners LTD, represented by Patrick Martin.

2. <u>Election of Officers</u>.

**Alex Mashinsky (chairman)** presented to the Board the appointment of Jeremie Beaudry as General Counsel, Chief Compliance Officer, and secretary to the Board; and of Harumi Urata-Thompson as Chief Financial Officer.

**All agreed, and the issue was brought to a vote, unanimously approved.**

**NOW, THEREFORE, BE IT RESOLVED**, that the following individuals are appointed as officers of the Company, each to serve until his or her appointment is expired or terminated:

1. Chief Financial Officer           Harumi Urata-Thompson
2. General Counsel, CCO, and Secretary to the Board   Jeremie Beaudry

3. <u>Creation of Assets and Obligations Committee</u>.

**Alex Mashinsky (chairman)** presented the next item on the agenda:

**WHEREAS**, the Board has determined that it is in the best interest of the Company to create an Assets and Obligations Committee to strengthen the Company's balance sheet and maintain financial profitability (the "**A&O Committee**"); and

FOIA CONFIDENTIAL TREATMENT REQUESTED
PRODUCED PURSUANT TO RULE 6(e)

CDPQ_DOJ_000000894

**WHEREAS**, the A&O Committee shall meet at least monthly, and create a workable strategy to maintain the Company's financial profitability;

**WHEREAS**, the A&O Committee created a charter that delegates responsibilities and powers to the Company;

**WHEREAS**, the Board has determined that it is in the best interests of the Company to appoint Alexander Mashinsky, Daniel S. Leon, Jeremie Beaudry, Harumi Urata-Thompson, and Roni Cohen Pavon as members of the A&O Committee; and

**WHEREAS**, the Board has determined that it is in the best interests of the Company to appoint Jeremie Beaudry as the Chairperson of the A&O Committee.

**Patrick Martin** inquired whether any action by the A&O Committee will be ratified by the Board retroactively, effective February 17, 2020, the date of the A&O Committee's charter.

**Roni Cohen Pavon (HFN)** noted that the approval is not retroactive, but rather proactive, giving the committee its legal standing.

**Patrick Martin** requested that all minutes of the A&O Committee be provided to the Board within 72 hours of its preparation, for the Board to be able to supervise the Committee's work.

**All agreed, and the issue was brought to a vote, unanimously approved.**

**NOW, THEREFORE, BE IT RESOLVED**, to establish the A&O Committee and the appointments of Alexander Mashinsky, Daniel S. Leon, Jeremie Beaudry, Harumi Urata-Thompson, and Roni Cohen Pavon to the A&O Committee. Jeremie Beaudry shall Chair the A&O Committee. The A&O Committee shall be granted the delegated powers and responsibilities enumerated in the A&O Committee's Charter dated as of February 17, 2020.

**RESOLVED FURTHER**, that all minutes of the A&O Committee be provided to the Board within 72 hours of its preparation, for the Board to be able to supervise the Committee's work.

4.   A&O Plan.

**Alex Mashinsky (chairman)** presented the next item on the agenda:

**WHEREAS**, the A&O Committee shall vote and approve a plan to be executed in the manner the A&O Committee sees fit. Unless the plan requires prior Board approval under any applicable laws or the Company's Articles of Association, the A&O Committee shall have the delegated powers to execute the plan without formal Board approval.

**Patrick Martin** commented that this would grant the A&O Committee with excessive powers, overriding the Board, and he believes the Plan should be brought before the Board for its approval.

**Jeremie Beaudry** commented that the authorities referred to are established in the A&O Committee's charter (and not the plan), which indeed was not sent to Patrick prior to this meeting. Jeremie will send Patrick the charter for his review.

**Jeremie Beaudry** suggested that the vote on this matter shall be postponed to the next board meeting, after the Board had reviewed the A&O Committee's charter.

**All agreed, the vote was postponed to the next Board meeting.**

5.  Regulatory Committee

**Alex Mashinsky (chairman)** presented the next item on the agenda:

**WHEREAS**, the Board has determined that it is in the best interest of the Company to create a Regulatory Committee to assess, plan and coordinate the regulatory status and plans of the Company (the "**Regulatory Committee**");

**WHEREAS**, the Board has determined that it is in the best interests of the Company to appoint MF Partners LTD, represented by Patrick Martin, Jeremie Beaudry, and Roni Cohen Pavon as members of the Regulatory Committee; and

**WHEREAS**, the Board has determined that it is in the best interests of the Company to appoint MF Partners LTD, represented by Patrick Martin, as the Chairperson of the Regulatory Committee.

**The issue was brought to a vote, unanimously approved.**

**NOW, THEREFORE, BE IT RESOLVED**, to establish the Regulatory Committee and the appoint Patrick Martin, Jeremie Beaudry and Roni Cohen Pavon as its members. MF Partners LTD, represented by Patrick Martin, shall Chair the Regulatory Committee, and Jeremie Beaudry shall act as its secretary, coordinating its day-to-day activities.

6.  Deployment Committee

**Alex Mashinsky (chairman)** presented the next item on the agenda:

**WHEREAS**, the Board has determined that it is in the best interest of the Company to create a Deployment Committee, to assess and plan the Company's policies and procedures for the deployment of funds, and oversee such deployment on an ongoing basis (the "Deployment Committee");

**WHEREAS**, the Board has determined that it is in the best interests of the Company to appoint Harumi Urata-Thompson as the Chairperson of the Deployment Committee.

**Alex Mashinsky (chairman)** noted that other than Harumi Urata-Thompson as Chairperson, the agenda does not mention who will be the other members of the Committee.
**Jeremie Beaudry** noted that this is open for discussion by the Board. Jeremie recommended that the Deployment Committee be run by members of the Company's finance team, and not by management.

**Roni Cohen Pavon (HFN)** added that among the members should be representatives of the legal team, in addition to financial.

**Jeremie Beaudry** agreed there should be one or two 'legal' members, but the finance team should have power and authority.

**Alex Mashinsky (chairman)** noted that a Board committee should have at least one director as a member, and that the Company already has a 'financial committee' holding weekly meetings.

FOIA CONFIDENTIAL TREATMENT REQUESTED
PRODUCED PURSUANT TO RULE 6(e)

CDPQ_DOJ_000000896

**Roni Cohen Pavon (HFN)** commented that the hierarchy should be as follows: the Board sets the vision; the Deployment Committee sets the high-level policy; and the investment committee is in charge of the ongoing, day-to-day decisions.

**Alex Mashinsky (chairman)** stated that as one of the three directors he should be a member of the Deployment Committee, and offered himself. The other members suggested are Ashley Harrell, Patrick Holert, Harumi Urata-Thompson, John Ferro, Connor Nolan, and Asaf Iram.

**All agreed, and the issue was brought to a vote, unanimously approved.**

**NOW, THEREFORE, BE IT RESOLVED**, to establish the Deployment Committee and the appoint Harumi Urata-Thompson, Alex Mashinsky, Patrick Holert, Asaf Iram, John Ferro, Connor Nolan, and Ashley Harrell. as its members. Harumi Urata-Thompson shall Chair and Ashley Harrell will be the secretary of the Deployment Committee.

**RESOLVED FURTHER**, that the Deployment Committee shall assemble a plan detailing its envisioned deployment models, policies and projections, to be presented to the Board in its next meeting (to be held within 14 days).

7.  Capital Raise

**Alex Mashinsky (chairman)** presented the next item on the agenda:

**WHEREAS**, the Board would like to approve financing for the Company and has concluded that the Company's capital should be raised through the issuance of shares;

**WHEREAS**, the Board believes that it is in the best interest of the Company to restructure the Company's balance sheet; and

**WHEREAS**, in order to facilitate the financing of the Company, the Board deems it advisable to increase the Company's authorized share capital, and issue and sell shares in accordance with the terms and conditions to be agreed upon in the final investment agreement between the Company and its potential investors.

**Patrick Martin** inquired why does the capital raise require the restructuring of the Company's balance sheet.

**Jeremie Beaudry** noted that as part of the raise, the Company is moving some of its balance sheets to segregated accounts.

**Patrick Martin** inquired whether approving the issuance of capital as part of the raise not suffice.

**Jeremie Beaudry** and **Alex Mashinsky (chairman)** agreed that the wording could be changed to reflect only the issuance of additional capital.

**Alex Mashinsky (chairman)** updated the Board regarding the status of the negotiations of the financing round. The Company is in talks with Tether International as lead investor, for $5M at a discounted rate, $8M at full price, once this is closed we will approach the additional investors who have shown interest in participating in the round, and will try to close with them as well. The Tether closing is subject to a few open items:

a) Tether's legal counsels are waiting to receive the legal position of our UK counsel, regarding the regulatory status of the deposits activity under UK law;
b) Finalizing the agreement wording- there is a lot of legal back and forth; and
c) They are waiting on the finalized financials, Harumi is finalizing.

**Roni Cohen Pavon (HFN)** commented that Tether's legal counsel raised questions regarding the allocation of Celsius' assets and activities, as they are investing in the UK company and want to make sure all the assets are there. We explained to them we are currently considering the implication of migrating certain assets and activities. As for their queries regarding UK regulatory status, we are working with Latham & Watkins to get a clear memo to satisfy Tether's counsel/

**All agreed, and the issue was brought to a vote, unanimously approved.**

**NOW, THEREFORE, BE IT RESOLVED**, that the Board is hereby authorized and directed to take all actions that may be necessary and proper for this Company to issue and sell the above shares named in accordance with applicable laws.

8. <u>AMV Tokens</u>

**Alex Mashinsky (chairman)** presented the next item on the agenda:

**WHEREAS**, the Board engaged a law firm, Latham & Watkins ("L&W"), to research possible actions the Company may take with the unsold CEL tokens that were originally planned to be sold to AM Ventures Holdings Inc ("AMV") pursuant to a Token Sale Agreement dated 29 March, 2018. The Company and AMV terminated the Token Sale Agreement, which resulted in the unsold CEL tokens. L&W prepared a memo that proposes the Company may do the following:

1. Burn/destroy the CEL tokens.
2. Keep the CEL tokens in the Company's treasury and include it in the balance sheet.
3. Keep the CEL tokens in the Company's treasury in a segregated account and only use the CEL tokens in times of great financial need and any transaction must be approved by the Board.

**Roni Cohen Pavon (HFN)** updated the Board about the legal memo – Latham & Watkins in their memo cover the risks and the possibilities involved taking into account statements made in connection with how unsold tokens should be treated.

The Board should come to a decision based on the Company's financial needs in retaining the tokens, the potential reputational risks involved in breaching the Company's representations, and the legal risks, as these considerations are addressed in the legal memo provided by Latham & Watkins.

**Patrick Martin** noted that he is familiar with the history of this matter and understands the situation, and believes that not burning the tokens would be a concern, although a lawsuit is unlikely. As the Company does not currently need the tokens on its balance sheet, his view is

that the tokens should be kept in treasury, in a segregated account, and only used in times of financial needs. Such tokens shall not be taken into account in calculating commission as long as in treasury.

**Daniel S. Leon** agrees.

**The issue was brought to a vote, unanimously approved (by Patrick Martin and Daniel S. Leon). Alex Mashinsky refrained from voting.**

**Latham & Watkins' memo shall be added to this resolution as an appendix.**

**NOW, THEREFORE, BE IT RESOLVED**, to keep the AMV CEL tokens in the Company's treasury in a segregated account and only use the CEL tokens in times of great financial need, and any transaction involving these tokens must be specifically approved by the Board.

9.   Omnibus Resolutions.

**RESOLVED**, that the officers of the Company be, and each of them hereby is, authorized and empowered to take any and all such further action, to execute and deliver any and all such further agreements, instruments, documents and certificates and to pay such expenses, in the name and on behalf of the Company or such officer, as any such officer may deem necessary or advisable to effectuate the purposes and intent of the resolutions hereby adopted, the taking of such actions, the execution and delivery of such agreements, instruments, documents and certificates and the payment of such expenses by any such officer to be conclusive evidence of his or her authorization hereunder and the approval thereof; and

**RESOLVED FURTHER**, that any and all actions taken by the officers of the Company to carry out the purposes and intent of the foregoing resolutions prior to their adoption are approved, ratified and confirmed.

**MEETING ADJOURNED.**

**IN WITNESS WHEREOF, THESE MINUTES ARE HEREBY EXECUTED BY EACH OF THE MEMBERS OF THE BOARD, EFFECTIVE AS OF THE DATE FIRST WRITTEN ABOVE:**

*DocuSigned by:*
*Alex Mashinsky*    4/21/2020
2ADC7A9BEB844C0...
**Alexander Mashinsky**

*with respect to resolutions number 1-7, 9

FOIA CONFIDENTIAL TREATMENT REQUESTED
PRODUCED PURSUANT TO RULE 6(e)

CDPQ_DOJ_000000899



4/21/2020

**Daniel S. Leon**

*with respect to resolutions number 1-9

4/21/2020

**MF Partners LTD, represented by Patrick Martin**

*with respect to resolutions number 2-9

FOIA CONFIDENTIAL TREATMENT REQUESTED
PRODUCED PURSUANT TO RULE 6(e)

CDPQ_DOJ_000000900