UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:
    - v. -                                    DECLARATION OF PUBLICATION
:
ALEXANDER MASHINSKY,              23 Cr. 347 (JGK)
:
        Defendant.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        I, Adam Hobson pursuant to Title 28, United States Code, Section 1746, hereby declare under penalty of perjury that:

        1.    I am an Assistant United States Attorney in the office of the United States Attorney for the Southern District of New York, and

        2.    Attached to this declaration are (A) a true and correct copy of a notice of criminal forfeiture in this action, and (B) a true and correct copy of an Advertisement Certification Report, indicating that the aforementioned notice was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on January 11, 2025 through February 9, 2025 as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and

        Both documents were obtained from a Consolidated Asset Tracking System maintained by the Department of Justice.

Dated: New York, New York
       May 15, 2025

                                                              _____
                                                              Adam Hobson
                                                              Assistant United States Attorney
                                                              Tel: (212) 637-2484

Attachment 1

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK
# COURT CASE NUMBER: 23 CR. 347 (JGK); NOTICE OF FORFEITURE

Notice is hereby given that on December 04, 2024, in the case of <u>U.S. v. Alexander Mashinsky</u>, Court Case Number 23 CR. 347 (JGK), the United States District Court for the Southern District of New York entered an Order condemning and forfeiting the following property to the United States of America:

Any and all funds in account number 055-72620-2 held at Goldman Sachs in the name of Koala1 LLC, and any and all monies, assets, and funds traceable thereto (23-FBI-010083)

Any and all funds in account number 056-30961-0 held at Goldman Sachs in the name of Koala1 LLC, and any and all monies, assets, and funds traceable thereto (23-FBI-010084)

Any and all funds in account number 055-72608-7 held at Goldman Sachs in the name of Koala2 LLC, and any and all monies, assets, and funds traceable thereto (23-FBI-010085)

Any and all funds in account number 055-72619-4 held at Goldman Sachs in the name of Koala3 LLC, and any and all monies, assets, and funds traceable thereto (23-FBI-010086)

Any and all funds in account number 857-07039 held at Merrill Lynch in the name of AM Ventures Holdings Inc., and any and all monies, assets, and funds traceable thereto (23-FBI-010087)

Any and all funds in account number A9G-296437 held at First Republic Securities in the names of Alexander Mashinsky and Kristine Meehan, and any and all monies, assets, and funds traceable thereto (23-FBI-010088)

Any and all funds in account number 410005144897 held at SoFi Bank in the name of Alex Mashinsky, and any and all funds traceable thereto (23-FBI-010089)

Any and all funds an account number 4XU-08120-13 held at Sofi Securities in the name of Alex Mashinsky, and any and all monies, assets, and funds traceable thereto (23-FBI-010090)

The real property located at 2004 East 8th Street, Austin, Texas, which is a residential home purchased by the defendant and Kristine Mashinsky on or about June 10, 2021, and more fully described as Lot Number 14, Block 21, of Grandview Place, a subdivision of Outlot No. 10 and parts of Outlots Nos. 8, 9, 11 , and 62 in Division B, in Travis County, Texas, according to the plat recorded as Volume 3, Page 17, of the Plat Records of Travis County, Texas (23-FBI-010092)

The United States hereby gives notice of its intent to dispose of the forfeited property in such manner as the United States Attorney General may direct.  Any person, other than the defendant(s) in this case, claiming interest in the forfeited property must file an ancillary petition within 60 days of the first date of publication (January 11, 2025) of this Notice on this official government internet web site, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(1).  The ancillary petition must be filed with the Clerk of the Court, United States District Court, 500 Pearl Street, Room 120, New York, NY  10007, and a copy served upon Assistant United States Attorney Peter Davis, Jacob K. Javits Federal Building, 26 Federal Plaza, New York, NY  10278.  The ancillary petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n).

Following the Court's disposition of all ancillary petitions filed, or if no such petitions are filed, following the expiration of the period specified above for the filing of such ancillary petitions, the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee.

The government may also consider granting petitions for remission or mitigation, which pardon all or part of the property from the forfeiture.  A petition must include a description of your interest in the property supported by documentation; include any facts you believe justify the return of the property; and be signed under oath, subject to the penalty of perjury, or meet the requirements of an unsworn statement under penalty of perjury.  *See* 28 U.S.C. Section 1746.  For the regulations pertaining to remission or mitigation of the forfeiture, see 28 C.F.R. Sections 9.1 - 9.9.  The criteria for remission of the forfeiture are found at 28 C.F.R. Section 9.5(a).  The criteria for mitigation of the forfeiture are found at 28 C.F.R. Section 9.5(b).  The petition for remission need not be made in any particular form and may be filed online or in writing.  You should file a petition for remission not later than 11:59 PM EST 30 days after the date of final publication of this notice.  *See* 28 C.F.R. Section 9.3(a).  The https://www.forfeiture.gov/FilingPetition.htm website provides access to a standard petition for remission form that may be mailed and the link to file a petition for remission online.  If you cannot find the desired assets online, you must file your petition for remission in writing by sending it to Assistant United States Attorney Peter Davis, Jacob K. Javits Federal Building, 26 Federal Plaza, New York, NY 10278.  This website provides answers to frequently asked questions (FAQs) about filing a petition for remission.  You may file both an ancillary petition with the court and a petition for remission or mitigation.



## Advertisement Certification Report

The Notice of Publication was available on the www.forfeiture.gov web site for at least 18 hours per day between January 11, 2025 and February 09, 2025. Below is a summary report that identifies the uptime for each day within the publication period and reports the results of the web monitoring system's daily check that verifies that the advertisement was available each day.

U.S. v. Alexander Mashinsky

**Court Case No:**     23 CR. 347 (JGK)
**For Asset ID(s):**    See Attached Advertisement Copy

| Consecutive Calendar Day Count | Date Advertisement Appeared on the Web Site | Total Hours Web Site was Available during Calendar Day | Verification that Advertisement existed on Web Site |
|---|---|---|---|
| 1 | 01/11/2025 | 23.9 | Verified |
| 2 | 01/12/2025 | 24.0 | Verified |
| 3 | 01/13/2025 | 23.9 | Verified |
| 4 | 01/14/2025 | 24.0 | Verified |
| 5 | 01/15/2025 | 24.0 | Verified |
| 6 | 01/16/2025 | 24.0 | Verified |
| 7 | 01/17/2025 | 23.9 | Verified |
| 8 | 01/18/2025 | 23.9 | Verified |
| 9 | 01/19/2025 | 23.9 | Verified |
| 10 | 01/20/2025 | 23.9 | Verified |
| 11 | 01/21/2025 | 24.0 | Verified |
| 12 | 01/22/2025 | 24.0 | Verified |
| 13 | 01/23/2025 | 23.9 | Verified |
| 14 | 01/24/2025 | 23.9 | Verified |
| 15 | 01/25/2025 | 23.9 | Verified |
| 16 | 01/26/2025 | 23.9 | Verified |
| 17 | 01/27/2025 | 23.9 | Verified |
| 18 | 01/28/2025 | 23.9 | Verified |
| 19 | 01/29/2025 | 23.9 | Verified |
| 20 | 01/30/2025 | 23.9 | Verified |
| 21 | 01/31/2025 | 24.0 | Verified |
| 22 | 02/01/2025 | 23.9 | Verified |
| 23 | 02/02/2025 | 23.9 | Verified |
| 24 | 02/03/2025 | 23.9 | Verified |
| 25 | 02/04/2025 | 23.9 | Verified |
| 26 | 02/05/2025 | 23.9 | Verified |
| 27 | 02/06/2025 | 23.9 | Verified |
| 28 | 02/07/2025 | 23.9 | Verified |
| 29 | 02/08/2025 | 23.9 | Verified |
| 30 | 02/09/2025 | 24.0 | Verified |

Additional log information is available and kept in the archives for 15 years after the asset has been disposed.