UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————————

UNITED STATES OF AMERICA

        - against -

ALEXANDER MASHINSKY,

               Defendant.

———————————————————————————

23-cr-347 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

On April 10, 2026, the defendant, Alexander Mashinsky, moved for appointment of counsel in preparation to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. For the following reasons, Mr. Mashinsky's motion is **denied without prejudice.**

"In the criminal context, the right to appointed counsel 'extends to the first appeal of right, and no further.'" Starkes v. United States, 20-cv-265, 2020 WL 230944, at *1 (S.D.N.Y. Jan. 15, 2020) (quoting Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)). Courts have no obligation "to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief." Johnson v. Avery, 393 U.S. 483, 488 (1969). Rather, "the initial burden of presenting a claim to post-conviction relief usually rests upon the indigent prisoner himself with such help as he can obtain within the prison walls or the prison system." Id.

Federal district courts do, however, have discretion to appoint counsel. Section 2255(g) of Title 28 provides that a district court "may appoint counsel." That discretion is governed by 18 U.S.C. § 3006A, which provides, in relevant part, that a district court may provide appointed counsel "for any financially eligible person" when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2).

The Court of Appeals for the Second Circuit has identified several factors that should guide a district court's exercise of its discretion to appoint counsel for an indigent prisoner. See Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986). At the threshold, the prisoner must demonstrate that his or her claim has substance or a likelihood of success on the merits. Id. at 60-61. "Only then can the Court consider the other factors appropriate to determination of whether counsel should be appointed: '[the prisoner's] ability to obtain representation independently, and [the prisoner's] ability to handle the case without assistance in light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity.'" United States v. King, No. 10-cr-122, 2013 WL 5231865, at *1 (S.D.N.Y. July 25, 2013) (quoting Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989)).

2

Mr. Mashinsky has not yet attempted to make the required showing under Hodge, including the threshold showing that his claim has substance or a likelihood of success on the merits. Mr. Mashinsky's motion is therefore denied without prejudice.

Mr. Mashinsky may consider contacting the City Bar Justice Center's Federal Pro Se Legal Assistance Project in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in this Court. The clinic is run by a private organization; it is not part of, or run by, the Court. An informational flyer regarding the clinic is attached to this Memorandum Opinion and Order.

Mr. Mashinsky is reminded of the one-year statute of limitations for postconviction challenges pursuant to 28 U.S.C. § 2255. The limitations period runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). "An unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005). And under Federal Rule of Appellate Procedure 4(b), "a defendant's notice of appeal must be filed in the district court within 14 days after ... the entry of ... the judgment." Fed. R. App. P. 4(b)(1)(A). The Court entered Mr. Mashinsky's judgment of conviction on May 12,

2025, and Mr. Mashinsky did not appeal that judgment. The judgment in this case therefore became final on May 26, 2025.

*    *    *

The Court has considered all the arguments raised by the defendant. If any argument was not specifically addressed, it is either moot or without merit. For the foregoing reasons, Mr. Mashinsky's motion for appointment of counsel is **denied** without prejudice.

The Clerk is instructed to mail this order to Mr. Mashinsky and to note mailing on the docket.

**SO ORDERED.**
**Dated:    New York, New York**
**        April 16, 2026**

_____
**John G. Koeltl**
**United States District Judge**

4