UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER MASHINSKY,

Petitioner,

- against -

UNITED STATES OF AMERICA

26-cv-4480 (JGK)
23-cr-347 (JGK)

**Memorandum Opinion and Order**

**John G. Koeltl, District Judge:**

The petitioner, Alexander Mashinsky, has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2255 seeking to vacate his conviction based on the alleged ineffective assistance of his prior defense counsel. Case No. 26-cv-4480 ("Habeas Proceeding"), ECF No. 1. In support of that petition, the petitioner has sought to conduct limited discovery from the Government based on his representation that his prior defense counsel has "refused to forward any documents which I have requested." Habeas Proceeding, ECF No. 6. Specifically, the petitioner seeks four sets of documents from the Government: (1) the Pre-Sentence Report (PSR) submitted by the probation department in the petitioner's criminal case; (2) "the 92-page letter with 112 exhibits filed by the [petitioner's prior] defense [counsel] objecting to the PSR"; (3) the prior "defense counsel's entire sentencing submission," including a "71-page supplemental exhibit containing 101 further objections to the PSR"; and (4) "all written communications, emails and correspondences between the Government and [the petitioner's prior] defense counsel." Id.

A habeas petitioner, unlike a typical civil litigant, is not entitled to discovery "as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904

(1997). Rather, a petitioner must seek leave of court to conduct discovery. See Rules Governing Section 2255 Proceedings, Rule 6; Puglisi v. United States, 586 F.3d 209, 213–14 (2d Cir. 2009). In doing so, the movant "must provide reasons for the request." Rules Governing Section 2255 Proceedings, Rule 6(b). The district court then has discretion to "authorize" the requested discovery "for good cause" shown. Id. at Rule 6(a). For the petitioner "to show good cause," he must present "specific allegations" that give the Court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908–09.

In assessing a Rule 6 request, the court therefore "must first identify the essential elements of [the petitioner's] claim." Bracy, 520 U.S. at 904 (quotation marks removed). For the petitioner to obtain relief on his ineffective assistance of counsel claim, the petitioner must show that his prior counsel's performance was: (1) deficient, such that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," Strickland v. Washington, 466 U.S. 668, 690 (1984); and (2) prejudicial, such that the prior "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable," id. at 687.

Both the Government and the petitioner's prior defense counsel represent that the petitioner's prior defense counsel mailed the first three sets of documents to the petitioner at Otisville Correctional Facility. See Habeas Proceeding, ECF No. 8; see also Case No. 23-cr-347 ("Criminal Proceeding"),

ECF No. 197.[1] In his reply, the petitioner acknowledges this representation and does not argue that the Government should nevertheless continue to forward those same documents. See Criminal Proceeding, ECF No. 198. The petitioner's request for discovery of those documents from the Government is therefore **denied** as moot without prejudice. Should the delivered documents not reach the petitioner or otherwise match the petitioner's first three requests, the petitioner should bring any deficiency to the Court's attention.

Both the Government and the petitioner's prior defense counsel object to the petitioner's fourth request for "all written communications, emails, and correspondence between the Government and defense counsel." Habeas Proceeding, ECF No. 6. The petitioner's request for these documents is unlimited with respect to time and subject matter, and the petitioner's moving letter provides no "specific allegations" or argument for why this sweeping request would help him "demonstrate that he is . . . entitled to relief" on his ineffective assistance of counsel claim. Bracy, 520 U.S. at 908–09; see Habeas Proceeding, ECF No. 6 (stating, without reason, that he "need[s]" the documents "to prepare" his reply in further support of his petition); see also

[1] In the defense counsel's September 21 cover letter to the petitioner enclosing the first three sets of documents, the counsel noted that 21 exhibits to the sentencing submission "could not be printed either because they are voluminous Excel spreadsheets or they are audio/visual files." ECF No. 8-1 (listing five Excel exhibits, seven video exhibits, and nine audio exhibits). The counsel offered to "send [the petitioner] a thumb drive or CD containing these exhibits" and asked the petitioner to "speak with [his] counsel at FCI Otisville . . . to arrange for" an electronic viewing of those files. The petitioner should therefore coordinate with the appropriate parties, including his prior defense counsel, to access the electronic files. The petitioner should inform the Court if, after such coordination, he is unable to obtain or view them.

Pizzuti v. United States, 809 F. Supp. 2d 164, 176 (S.D.N.Y. 2011) ("Rule 6 does not license a petitioner to engage in a fishing expedition by seeking documents merely to determine whether the requested items contain any grounds that might support his petition[.]" (quotation marks removed)).

The petitioner's reply letter does not cure these problems. In that letter, the petitioner broadly alleges that "there is a long history of [his prior counsel] acting contrary to my instructions and what we both had agreed upon" and gives an example to that effect, but the petitioner still does not explain how the broad swathe of "communications" requested are all "vital to proving" his prior counsel's alleged conduct was deficient or prejudicial. Criminal Proceeding, ECF No. 198; cf. Khan v. United States, Case No. 20-cv-945, 2021 WL 101974, at *5–6 (S.D.N.Y. Jan. 12, 2021) (denying the petitioner's unsupported request for "any communication between defense counsel and the government" for lack of good cause); Fogleman v. Hubbard, Case No. 20-cv-12, 2021 WL 11586329, at *2 (S.D. Miss. Dec. 14, 2021) (same, and noting the petitioner "simply claimed that he needs these documents to provide a 'thorough and intelligent response' to the [Government]."). Nor does the purported ease of retrieving the communications establish good cause. Contra Criminal Proceeding, ECF No. 198; see Khan, Case No. 20-cv-945, 2021 WL 101974, at *5 (finding no good cause where the petitioner claimed the "email communications" requested would be "easily retrievable via computer sorting and searching mechanisms").

Because the petitioner has failed to show any good cause for discovery as to the fourth set of documents, the motion with respect to that set is **denied** without prejudice.

The petitioner has also requested additional time to respond to the Government's opposition to his petition. The time for the petitioner to respond to the Government's opposition to his petition is extended to **December 11, 2026**, without prejudice to any request for additional time if required for the review of the documents.

## CONCLUSION

The petitioner's request to conduct discovery with respect to the first, second, and third sets of documents is **denied** as moot without prejudice. The petitioner's request with respect to the fourth set of documents is **denied** without prejudice. The petitioner's time to respond to the Government's opposition to his petition is **December 11, 2026**, without prejudice for further extension as needed.

**SO ORDERED.**

**Dated:** **New York, New York**
**September 29, 2026**

**John G. Koeltl**
**United States District Judge**