UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER MASHINSKY,

Petitioner,

- against -

UNITED STATES OF AMERICA

26-cv-4480 (JGK)
23-cr-347 (JGK)

Order

**John G. Koeltl, District Judge:**

The Court has received the petitioner's October 26, 2026 letter in response to this Court's September 29, 2026 Order denying the petitioner's request for "all written communications, emails and correspondences between the Government and [the petitioner's prior] defense counsel." Case No. 23-cr-347, ECF No. 199. The petitioner's current request now limits that earlier request to the period between November 1, 2024, and December 31, 2024. However, for the reasons stated in this Court's September 29, 2026 Order, the petitioner still has failed to show good cause for the request, and it is therefore denied.

The petitioner has submitted a substantial reply to the Government's opposition to his petition. See Case No. 23-cr-347, ECF No. 201. However, the Court provided the petitioner with the opportunity to respond to the Government's opposition to his petition until December 11, 2026. The petitioner may submit any supplemental response by **December 11, 2026.**

The Clerk is respectfully requested to mail a copy of this Order to the petitioner and to note mailing on the docket.

**SO ORDERED.**

**Dated:** **New York, New York**
**November 3, 2026**

**John G. Koeltl**
**United States District Judge**

TRULINCS 68096510 - MASHINSKY, ALEXANDER - Unit: OTV-C-A

---

FROM: 68096510
TO:
SUBJECT: Petition reply to Doc 199
DATE: 10/26/2026 05:11:33 PM

United States District Court
S.D.N.Y

Alexander Mashinsky
Petitioner

26-cv-4480
23-cr-347

V.

United States of America

Dear Honorable Judge Koeltl:

Re: Petitioner's Response to Docket Document # 199

Petitioner is seeking leave of the Court to conduct limited discovery from his former defense counsel firm, Mukasey & Young LLP. If defense counsel Marc Mukasey, or his former law firm, does not have access to the requested documents because the firm has closed down, Petitioner respectfully requests that the Court direct the Government to produce such requested documents.

This request is being made since Petitioner is unable to complete his Habeas Corpus proceeding, pursuant to 28 U.S.C. Section 2255, without these communications and documents. To this point, Petitioner has been prevented from accessing the communications between his former defense lawyers and the Government. Petitioner has paid for all such communications and should have access to them. Unfortunately, Petitioner's former lawyers continue to refuse to share any portion of these communications. Petitioner is respectfully requesting the Court to approve limited discovery for the relevant communications between Mukasey's firm and the Government for the two month time period between November 1 and December 31, 2024. These communications are absolutely necessary for the proper pursuit of justice.

The reason for this request is that during 2024, Petitioner instructed his lawyers to prepare for trial, interview witnesses, which were approved to be deposed by the Court, and investigate the defenses presented and by Petitioner and approved by his defense lawyers. Instead Marc Mukasey sought a plea deal with the Government around November and December of 2024. This was never authorized by Petitioner, nor was it disclosed by Mukasey to Petitioner. As such, Petitioner is seeking evidence of such unauthorized communications which would serve to prove that Mukasey was acting with his own self-interests in mind as opposed to what was in Petitioner's best interests. Petitioner believes that this is "good cause" to provide limited, and targeted, discovery in the case. This type of breach of fiduciary duty would represent that Petitioner is "entitled to relief" since it would serve to show that Mukasey was not providing effective assistance of counsel as guaranteed by our constitution's Sixth Amendment.

The essential element of Petitioner's claim are that in November 2024, Petitioner failed to sell his home. He subsequently informed Mukasey that he would not be able to make additional payments for legal fees. As a consequence of such notification, Mukasey decided to change strategy and seek a plea deal without informing Petitioner even though he knew that Petitioner had viable defenses for trial. Mukasey's approach was not driven by what was best for his client, instead it was driven by Mukasey's need to minimize the financial losses from a non-paying client who was facing a long protracted trial. Mukasey then proceeded to convince Petitioner the terms of the plea were not negotiable and that this is the best outcome Petitioner will have. This action is clearly outside of "professionally competent assistance." Mukasey and Ms. Young made false representations that if Petitioner accepted the plea agreement as is, there still would be opportunities prior to any sentencing for Petitioner to contest the Government's allegations and his guilt.

Petitioner's discovery request is limited to the period immediately preceding and following the plea on 12.3.2024. It targets the communications related to the plea agreement and any change in what was requested or communicated to the Government during this limited time period. The specific allegations are listed above and the need for discovery is the only way to conclusively prove Petitioner's allegations which would additionally be sworn to under oath during an evidentiary hearing. To quote Supreme Court Judge Louis Brandeis, "sunlight is said to be the best of disinfectants." Petitioner is requesting the court to shine light on the conduct of Petitioner's lawyers. Without such discovery Petitioner is unable "to prepare" his reply in further support of his petition. With this requested evidence, Petitioner's reply papers would make it so that relief would be compelled

---

and may even forgo the need for an evidentiary hearing.

The communications between Mukasey's firm and the Government during the period prior and after the plea are "vital to proving" that Mukasey and his firm were not performing their fiduciary duty and were not providing effective defense counsel for Petitioner. The communications would also show that Mukasey and his firm were conflicted due to internal financial difficulties and due to their simultaneous representation of SBF (Sam Bankman Fried). The communications would further prove that Mukasey and his firm were acting contrary to Petitioner's instructions and his best interests. Mukasey conduct was not only deficient, it fell far below all objective standards of reasonableness. Furthermore, it was highly prejudicial since if it were not for the Mukasey firm's errors and actions, Petitioner would have insisted on proceeding to trial. Based on all available evidence, such an outcome would be materially different if Petitioner had proceeded to trial.

The reasons listed above provide good cause to approve the requested limited discovery requests and allow Petitioner to complete his submission prior to the deadline imposed by the Court of December 11, 2026.

Respectfully Submitted,

10.25.2026

Alexander Mashinsky 68096-510
Petitioner, Pro Se
FCI Otisville Camp
P.O. Box 1000
Otisville, NY 10963

I, Alexander Mashinsky, hereby attest under penalty of perjury pursuant to 28 U.S.C. Section 1746 that all of the forgoing described herein are true and correct.

Alexander Mashinsky, Pro Se